1  MILBANK, TWEED, HADLEY & McCLOY LLP
   Gregory Evans (State Bar No. 147623)
2  601 South Figueroa Street, 30th Floor
   Los Angeles, California 90017
3  Telephone:  (213) 892-4000
   Facsimile:   (213) 629-5063
4  gevans@milbank.com

5  MILBANK, TWEED, HADLEY & McCLOY LLP
   Christopher E. Chalsen (*Pro Hac Vice to be filed*)
6  Michael M. Murray (*Pro Hac Vice to be filed*)
   Lawrence T. Kass (*Pro Hac Vice to be filed*)
7  Milbank, Tweed, Hadley & McCloy LLP
   1 Chase Manhattan Plaza
8  New York, NY  10005
   Telephone:  (212) 530-5000
9  Facsimile:   (212) 530-5219
   cchalsen@milbank.com
10 mmurray@milbank.com
   lkass@milbank.com
11 Attorneys for Plaintiffs,
   FUJITSU LIMITED and
12 FUJITSU MICROELECTRONICS AMERICA, INC.

ORIGINAL FILED
OCT 24 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

C06 06613 EDL

| | |
|---|---|
| FUJITSU LIMITED, a Japanese corporation, and FUJITSU MICROELECTRONICS AMERICA, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NANYA TECHNOLOGY CORP., a Taiwanese corporation, and NANYA TECHNOLOGY CORP. U.S.A., a California corporation,<br><br>Defendants. | CASE NO. CV-06-_____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND DECLARATORY JUDGMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Fujitsu Limited ("Fujitsu") and Fujitsu Microelectronics America, Inc. ("Fujitsu America") (collectively, "Plaintiffs"), for their complaint against Defendants Nanya Technology Corp. ("Nanya") and Nanya Technology Corp. U.S.A. ("Nanya USA") (collectively, "Defendants"), aver as follows:

## THE PARTIES

1. Fujitsu is a corporation organized and existing under the laws of Japan. Fujitsu is a leading researcher, designer, manufacturer, and provider of information technology and communications products and services. As a result of its innovation, Fujitsu has been awarded various patents relating to computer memory products such as double-data-rate synchronous dynamic random access memory (DDR SDRAM) chips.

2. Fujitsu America is a wholly owned subsidiary of Fujitsu, and is a California corporation with headquarters and principal place of business at 1250 E. Arques Avenue, M/S 333, Sunnyvale, California 94088-3470.

3. Defendant Nanya is a corporation organized and existing under the laws of Taiwan, having its principal place of business at Hwa-Ya Technology Park 669, Fu Hsing 3rd Rd., Kueishan, Taoyuan, Taiwan, Republic of China. Upon information and belief, Nanya manufactures products, including the memory chips accused of infringement in this Complaint, for sale and importation into the United States directly through its own actions and indirectly by Defendant Nanya USA.

4. Defendant Nanya USA is a corporation organized and existing under the laws of the State of California, having its principal place of business at 675 East Brokaw Road, San Jose, CA 95112. Upon information and belief, Nanya USA is a wholly-owned subsidiary of Defendant Nanya, and has sold or sells products manufactured by Nanya or Nanya USA, including the memory chips accused of infringement in this Complaint, to customers in the State of California and elsewhere in the United States. Upon further information and belief, the

accused memory chips are incorporated by customers of Nanya or Nanya USA, who are manufacturers of computers and other electronic devices, into computers and other electronic devices sold in the State of California, including customers located in this judicial district.

## JURISDICTION

5.  This is an action arising under the Patent Laws of the United States, Title 35 of the United States Code and the Declaratory Relief Act. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1338(a), which confers jurisdiction over cases of patent infringement, 28 U.S.C. § 1331, which confers federal question jurisdiction and 28 U.S.C. § 2201(a), which confers jurisdiction over declaratory judgment actions.

6.  This Court has general personal jurisdiction over Nanya USA because Nanya USA is incorporated under the laws of the State of California and has its principal place of business in San Jose, California.

7.  This Court has personal jurisdiction over Nanya and Nanya USA under California Code of Civil Procedure § 410.10, *inter alia*, on the basis that upon information and belief, Nanya and Nanya USA have sold, and continue to sell infringing memory chips to manufacturers of computers and other electronic devices in this District and elsewhere in the United States, who in turn have sold and continue to sell computers and other electronic devices containing the infringing memory chips to customers in this District and elsewhere in the United States. Upon further information and belief, Nanya, as 100% owner of Nanya USA, has been directing Nanya USA's sales activities. Upon information and belief, Nanya also knew that said manufacturers of computers and other electronic devices reside in this District and elsewhere in the United States, and would sell devices containing the infringing memory chips to customers in this District and elsewhere in the United States, and Nanya derived and continues to derive substantial revenue therefrom.

## VENUE

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

## INTRADISTRICT ASSIGNMENT

9. Pursuant to Civil L.R. 3-2(c) and (e), the San Jose Division is the proper division to be assigned this action, based on Nanya USA's residence in Santa Clara County as well as Nanya and Nanya USA's infringing activities in Santa Clara County.

## FUJITSU'S PATENTS

10. Fujitsu is the assignee and owner of the following United States patents ("Fujitsu's Patents"):

    a. U.S. Patent No. 4,801,989 ("the '989 patent", Exh. A hereto), entitled "Dynamic Random Access Memory Having Trench Capacitor With Polysilicon Lined Lower Electrode," which was duly and legally issued on January 31, 1989 to Masao Taguchi;

    b. U.S. Patent No. 6,104,486 ("the '486 patent", Exh. B hereto), entitled "Fabrication Process of a Semiconductor Device Using Ellipsometry," which was duly and legally issued on August 15, 2000 to Hiroshi Arimoto.

    c. U.S. Patent No. 6,292,428 B1 ("the '428 patent", Exh. C hereto), entitled "Semiconductor Device Reconciling Different Timing Signals," which was duly and legally issued on September 18, 2001 to Hiroshi Tomita and Tatsuya Kanda.

    d. U.S. Patent No. 6,320,819 B2 ("the '819 patent", Exh. D hereto), entitled "Semiconductor Device Reconciling Different Timing Signals," which was duly and legally issued on November 20, 2001 to Hiroshi Tomita and Tatsuya Kanda.

## NANYA'S PATENTS

11. In a complaint filed by Nanya against Plaintiffs in Guam on September 13, 2006 (but not yet served), Civil Case No. 06-00025 ("the Guam Complaint"), Nanya purported to be the owner of all rights, title, and interest in and under the following United States patents ("Nanya's Patents"):

   a. U.S. Patent No. 6,790,765 ("the '765 patent", Exh. E hereto), titled "Method For Forming Contact";
   b. U.S. Patent No. 6,225,187 ("the '187 patent", Exh. F hereto), entitled "Method For STI-Top Rounding Control";
   c. U.S. Patent No. 6,426,271 ("the '271 patent", Exh. G hereto), entitled "Method Of Rounding The Corner Of A Shallow Trench Isolation Region."

12. The Guam Complaint asserts Nanya's Patents against Plaintiffs.

13. By virtue of Nanya's actions, Plaintiffs reasonably believe that Nanya imminently intends to pursue against them an infringement action involving Nanya's Patents.

14. Plaintiffs deny that they infringe any valid claim of any of the Nanya Patents.

15. An actual and justiciable controversy exists between Nanya and Plaintiffs concerning whether Plaintiffs infringe any valid claim of the Nanya Patents. Plaintiffs now seek a declaratory judgment that they do not infringe any valid claim of the Nanya Patents, and that the claims of the Nanya Patents are invalid.

## FIRST CLAIM FOR RELIEF

### (Infringement of the '989 Patent)

16. Plaintiffs re-allege and incorporate by reference herein each of the averments set forth in paragraphs 1-10 of this Complaint.

17. Nanya and Nanya USA have been and still are infringing one or more claims of the '989 patent by making, using, offering for sale, selling and/or importing into the United States memory chips and by causing use, offer for sale and sale of computers and other electronic devices containing memory chips. Infringing memory chips made, used, sold, offered for sale or imported by Nanya and Nanya USA include at least Nanya's 256M DDR SDRAM (e.g., part no. NT5D64M4AT). On information and belief, there are additional infringing memory chips.

18. Nanya and Nanya USA's actions constitute infringement, active inducement of infringement, and/or contributory infringement of the '989 patent in violation of 35 U.S.C. § 271.

19. Fujitsu has sustained damages and will continue to sustain damages as a result of the aforesaid acts of infringement.

20. Nanya and Nanya USA's continued infringement of the '989 patent has caused and will continue to cause Fujitsu irreparable harm unless enjoined by the Court.

21. On information and belief, Nanya and Nanya USA's infringements of the '989 patent have been willful.

**SECOND CLAIM FOR RELIEF**

**(Infringement of the '486 Patent)**

22. Plaintiffs re-allege and incorporate by reference herein each of the averments set forth in paragraphs 1-10 of this Complaint.

23. Nanya and Nanya USA have been and still are infringing one or more claims of the '486 patent by making, using, offering for sale, selling and/or importing into the United States memory chips and by causing use, offer for sale and sale of computers and other electronic devices containing memory chips. Upon information and belief, infringing memory chips made, used, sold, offered for sale or imported by Nanya and Nanya USA include at least the following:

5                                            COMPLAINT

512M DDR SDRAM; 512M DDR2 SDRAM; 256M DDR2 SDRAM; 1G DDR2 SDRAM; and SDRAM memory module products equipped with one or more of the 512M DDR SDRAM; 512M DDR2 SDRAM; 256M DDR2 SDRAM; and 1G DDR2 SDRAM.

24. Nanya and Nanya USA's actions constitute infringement, active inducement of infringement, and/or contributory infringement of the '486 patent in violation of 35 U.S.C. § 271.

25. Fujitsu has sustained damages and will continue to sustain damages as a result of the aforesaid acts of infringement.

26. Nanya and Nanya USA's continued infringement of the '486 patent has caused and will continue to cause Fujitsu irreparable harm unless enjoined by the Court.

27. On information and belief, Nanya and Nanya USA's infringements of the '486 patent have been willful.

### THIRD CLAIM FOR RELIEF
### (Infringement of the '428 Patent)

28. Plaintiffs re-allege and incorporate by reference herein each of the averments set forth in paragraphs 1-10 of this Complaint.

29. Nanya and Nanya USA have been and still are infringing one or more claims of the '428 patent by making, using, offering for sale, selling and/or importing into the United States memory chips and causing use, offer for sale and sale of computers and other electronic devices containing memory chips. Infringing memory chips made, used, sold, offered for sale or imported by Nanya and Nanya USA include at least the 256M DDR SDRAM (e.g., part no. NT5D64M4AT). On information and belief, Defendants' additional infringing memory chips include at least the following: 128M DDR SDRAM; 512M DDR SDRAM; 512M DDR2 SDRAM; 1G DDR2 SDRAM; 128M DDR SDRAM Graphic (Elixir); 512M DDR SDRAM Graphic (Elixir); 256M DDR2 SDRAM

6                                                              COMPLAINT

| | |
|---|---|
| 1 | Graphic (Elixir); 512M DDR2 SDRAM Graphic (Elixir); 512M DDR UDIMM; |
| 2 | 1G DDR UDIMM; 512M DDR SODIMM; 1G DDR SODIMM; 512M DDR |
| 3 | RDIMM; 1G DDR RDIMM; 2G DDR RDIMM; 256M DDR2 UDIMM; 512M |
| 4 | DDR2 UDIMM; 1G DDR2 UDIMM; 2G DDR2 UDIMM; 256M DDR2 |
| 5 | SODIMM; 512M DDR2 SODIMM; 1G DDR2 SODIMM; 512M DDR2 RDIMM; |
| 6 | 1G DDR2 RDIMM; 2G DDR2 RDIMM; 512M DDR2 FBDIMM; 1G DDR2 |
| 7 | FBDIMM; 2G DDR2 FBDIMM; 512M DDR SDRAM SODIMM (Elixir); 128M |
| 8 | DDR SDRAM Unbuffered DIMM (Elixir); 512M DDR SDRAM Unbuffered |
| 9 | DIMM (Elixir); 1G DDR SDRAM Unbuffered DIMM (Elixir); 256M DDR2 |
| 10 | SDRAM SO DIMM (Elixir); 512M DDR2 SDRAM SO DIMM (Elixir); 1G DDR2 |
| 11 | SDRAM SO DIMM (Elixir); 256M DDR2 SDRAM Unbuffered DIMM (Elixir); |
| 12 | 512M DDR2 SDRAM Unbuffered DIMM (Elixir); 1G DDR2 SDRAM |
| 13 | Unbuffered DIMM (Elixir); 512M DDR SDRAM SO DIMM (Super Elixir); 1G |
| 14 | DDR SDRAM SO DIMM (Super Elixir); 128M DDR SDRAM Unbuffered DIMM |
| 15 | (Super Elixir); 512M DDR SDRAM Unbuffered DIMM (Super Elixir); 1G DDR |
| 16 | SDRAM Unbuffered DIMM (Super Elixir); 256M DDR2 SDRAM SO DIMM |
| 17 | (Super Elixir); 512M DDR2 SDRAM SO DIMM (Super Elixir); 1G DDR2 |
| 18 | SDRAM SO DIMM (Super Elixir); 256M DDR2 SDRAM Unbuffered DIMM |
| 19 | (Super Elixir); 512M DDR2 SDRAM Unbuffered DIMM (Super Elixir); and 1G |
| 20 | DDR2 SDRAM Unbuffered DIMM (Super Elixir). |

30. Nanya and Nanya USA's actions constitute infringement, active inducement of infringement, and/or contributory infringement of the '428 patent in violation of 35 U.S.C. § 271.

31. Fujitsu has sustained damages and will continue to sustain damages as a result of the aforesaid acts of infringement.

32. Nanya and Nanya USA's continued infringement of the '428 patent has caused and will continue to cause Fujitsu irreparable harm unless enjoined by the Court.

33. On information and belief, Nanya and Nanya USA's infringements of the '428 patent have been willful.

## FOURTH CLAIM FOR RELIEF

### (Infringement of the '819 Patent)

34. Plaintiffs re-allege and incorporate by reference herein each of the averments set forth in paragraphs 1-10 of this Complaint.

35. Nanya and Nanya USA have been and still are infringing one or more claims of the '819 patent by making, using, offering for sale, selling and/or importing into the United States memory chips and causing use, offer for sale and sale of computers and other electronic devices containing memory chips. Infringing memory chips made, used, sold, offered for sale or imported by Nanya and Nanya USA include at least the 256M DDR SDRAM (e.g., part no. NT5D64M4AT). On information and belief, Defendants' additional infringing memory chips include at least the following: 128M DDR SDRAM; 512M DDR SDRAM; 512M DDR2 SDRAM; 1G DDR2 SDRAM; 128M DDR SDRAM Graphic (Elixir); 512M DDR SDRAM Graphic (Elixir); 256M DDR2 SDRAM Graphic (Elixir); 512M DDR2 SDRAM Graphic (Elixir); 512M DDR UDIMM; 1G DDR UDIMM; 512M DDR SODIMM; 1G DDR SODIMM; 512M DDR RDIMM; 1G DDR RDIMM; 2G DDR RDIMM; 256M DDR2 UDIMM; 512M DDR2 UDIMM; 1G DDR2 UDIMM; 2G DDR2 UDIMM; 256M DDR2 SODIMM; 512M DDR2 SODIMM; 1G DDR2 SODIMM; 512M DDR2 RDIMM; 1G DDR2 RDIMM; 2G DDR2 RDIMM; 512M DDR2 FBDIMM; 1G DDR2 FBDIMM; 2G DDR2 FBDIMM; 512M DDR SDRAM SODIMM (Elixir); 128M DDR SDRAM Unbuffered DIMM (Elixir); 512M DDR SDRAM Unbuffered DIMM (Elixir); 1G DDR SDRAM Unbuffered DIMM (Elixir); 256M DDR2 SDRAM SO DIMM (Elixir); 512M DDR2 SDRAM SO DIMM (Elixir); 1G DDR2 SDRAM SO DIMM (Elixir); 256M DDR2 SDRAM Unbuffered DIMM (Elixir); 512M DDR2 SDRAM Unbuffered DIMM (Elixir); 1G DDR2 SDRAM

8   COMPLAINT

Unbuffered DIMM (Elixir); 512M DDR SDRAM SO DIMM (Super Elixir); 1G DDR SDRAM SO DIMM (Super Elixir); 128M DDR SDRAM Unbuffered DIMM (Super Elixir); 512M DDR SDRAM Unbuffered DIMM (Super Elixir); 1G DDR SDRAM Unbuffered DIMM (Super Elixir); 256M DDR2 SDRAM SO DIMM (Super Elixir); 512M DDR2 SDRAM SO DIMM (Super Elixir); 1G DDR2 SDRAM SO DIMM (Super Elixir); 256M DDR2 SDRAM Unbuffered DIMM (Super Elixir); 512M DDR2 SDRAM Unbuffered DIMM (Super Elixir); and 1G DDR2 SDRAM Unbuffered DIMM (Super Elixir).

36. Nanya and Nanya USA's actions constitute infringement, active inducement of infringement, and/or contributory infringement of the '819 patent in violation of 35 U.S.C. § 271.

37. Fujitsu has sustained damages and will continue to sustain damages as a result of the aforesaid acts of infringement.

38. Nanya and Nanya USA's continued infringement of the '819 patent has caused and will continue to cause Fujitsu irreparable harm unless enjoined by the Court.

39. On information and belief, Nanya and Nanya USA's infringements of the '819 patent have been willful.

### FIFTH CLAIM FOR RELIEF

**(Declaratory Judgment of Noninfringement regarding the '765 Patent)**

40. Plaintiffs re-allege and incorporate by reference herein each of the averments set forth in paragraphs 1-15 of this Complaint.

41. Plaintiffs are not directly infringing, contributorily infringing, or actively inducing others to infringe any valid claim of the '765 patent as properly construed.

## SIXTH CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity regarding the '765 Patent)

42. Plaintiffs re-allege and incorporate by reference herein each of the averments set forth in paragraphs 1-15 of this Complaint.

43. The '765 patent is invalid for failing to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including but not limited to sections 102, 103, and/or 112.

## SEVENTH CLAIM FOR RELIEF

### (Declaratory Judgment of Noninfringement regarding the '187 patent)

44. Plaintiffs re-allege and incorporate by reference herein each of the averments set forth in paragraphs 1-15 of this Complaint.

45. Plaintiffs are not directly infringing, contributorily infringing, or actively inducing others to infringe any valid claim of the '187 patent as properly construed.

## EIGHTH CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity regarding the '187 patent)

46. Plaintiffs re-allege and incorporate by reference herein each of the averments set forth in paragraphs 1-15 of this Complaint.

47. The '187 patent is invalid for failing to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including but not limited to sections 102, 103, and/or 112.

## NINTH CLAIM FOR RELIEF

### (Declaratory Judgment of Noninfringement regarding the '271 patent)

48. Plaintiffs re-allege and incorporate by reference herein each of the averments set forth in paragraphs 1-15 of this Complaint.

49. Plaintiffs are not directly infringing, contributorily infringing, or actively inducing others to infringe any valid claim of the '271 patent as properly construed.

## TENTH CLAIM FOR RELIEF

## (Declaratory Judgment of Invalidity regarding the '271 patent)

50. Plaintiffs re-allege and incorporate by reference herein each of the averments set forth in paragraphs 1-15 of this Complaint.

51. The '271 patent is invalid for failing to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including but not limited to sections 102, 103, and/or 112.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays that this Court enter judgment in its favor and against Defendants and grant the following relief:

A. A preliminary and permanent injunction preventing further infringement, contributory infringement and inducement of infringement of Fujitsu's Patents;

B. An accounting to determine damages for infringement;

C. An award of damages for infringement;

D. An assessment and award of interest, including pre-judgment interest, on the damages determined;

E. A trebling of those damages pursuant to 35 U.S.C. § 284;

F. A declaration that Plaintiffs do not infringe any valid claim of any of the Nanya Patents.

G. A declaration that the claims of the Nanya Patents asserted against Plaintiffs are invalid.

H. A finding that this is an exceptional case and an award of Plaintiffs' costs and attorney fees; and

I. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury as to all claims and all issues properly triable thereby.

Respectfully submitted,

Dated: October 23, 2006      By: /s/ Gregory Evans

Milbank, Tweed, Hadley & McCloy LLP
Gregory Evans (State Bar No. 147623)
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone: (213) 892-4000
Facsimile: (213) 629-5063

Milbank, Tweed, Hadley & McCloy LLP
Christopher E. Chalsen
Michael M. Murray
Lawrence T. Kass
Frank A. Bruno
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

Attorneys for Plaintiffs
FUJITSU LIMITED and
FUJITSU MICROELECTRONICS AMERICA, INC.

LA1:#6334633