Martin C. Fliesler (SBN 073768) mcf@fdml.com
Rex Hwang (SBN 221079) rhwang@fdml.com
Justas Geringson (SBN 240182) jgeringson@fdml.com
FLIESLER MEYER LLP
Four Embarcadero Center, Fourth Floor
San Francisco, CA 94111
Telephone: (415) 362-3800
Facsimile: (415) 362-2928

Michael W. Shore (*Pro Hac Vice to be filed*) mshore@shorechan.com
Alfonso Chan (*Pro Hac Vice to be filed*) achan@shorechan.com
Martin Pascual (*Pro Hac Vice to be filed*) mpascual@shorechan.com
SHORE CHAN BRAGALONE, LLP
325 N. St. Paul St. Suite 4350
Dallas, TX 75201
Telephone: (214) 593-6110
Facsimile: (214) 593-6111

Attorneys for Defendants
Nanya Technology Corp. and
Nanya Technology Corp. U.S.A.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| FUJITSU LIMITED and FUJITSU MICROELECTRONICS AMERICA, INC. <br><br> Plaintiffs, <br><br> vs. <br><br> NANYA TECHNOLOGY CORP. and NANYA TECHNOLOGY CORP. U.S.A. <br><br> Defendants. | Action No. C06-06613 EDL <br><br> **NOTICE OF MOTION; MOTION AND MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, TRANSFER OR STAY CASE** <br><br> Date: January 30, 2007 <br> Time: 9:00 A.M. <br> Location: Courtroom E, 15th Floor |

FLIESLER MEYER LLP

**Notice of Motion; Motion and Memorandum in Support of Defendants' Motion to Dismiss, Transfer or Stay Case**
Action No. C06-06613 EDL

1

## NOTICE OF MOTION AND MOTION

Please take notice that pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) and Civil L.R. 7-2, Defendants Nanya Technology Corp. ("NTC") and Nanya Technology Corp. U.S.A. ("NTC USA") move the Court for an order dismissing Plaintiffs' complaint, transferring this case to the United States District Court for the District of Guam, or staying this case because there is a first-filed action in the United States District Court for the District of Guam with identical parties and issues.

This motion will be and is based on the accompanying memorandum of points and authorities, the Declaration of Alfonso Garcia Chan, the Declaration of Ken Hurley, the request for judicial notice, the papers and pleadings already on file in this Court, and any other evidence or argument that may be presented through the hearing of the motion.

## INTRODUCTION

This lawsuit represents a blatant attempt at forum shopping by Fujitsu Limited ("Fujitsu Ltd.") and Fujitsu Microelectronics America, Inc. ("FMA"). On September 13, 2006, NTC and NTC USA filed suit against Fujitsu Ltd. and FMA in the United States District Court of Guam.[1] The Guam Suit shares the same parties and substantially the same issues as this action. There is no valid reason for this Court not to defer to the first-filed Guam Suit. In fact, the District of Guam is the closest United States federal district to Japan and Taiwan, where the primary parties are headquartered and where essentially all relevant documents and important witnesses are located. The District of Guam is not only the venue of the first-filed action, but also the most convenient forum. Defendants therefore respectfully request that the Court dismiss this case, transfer it to the District of Guam, or stay the case pending the outcome of the Guam Suit.

## I. FACTS

**A. The First-Filed Guam Suit Came After Years of Failed Negotiations**

Over the past seven years, Fujitsu Ltd. has used unlawful threats and coercion in an attempt to intimidate NTC into paying ***worldwide*** "licensing fees" on Fujitsu Ltd.'s Japanese and U.S. patents

---

[1] *Nanya Technology Corp. v. Fujitsu Limited et al*, Case No. 1:06-CV-00025 (D. Guam) ("Guam Suit").

Notice of Motion; Motion and Memorandum in Support of Defendants' Motion to Dismiss, Transfer or Stay Case
Action No. C06-06613 EDL

2

related to computer memory chips.[2] NTC clearly demonstrated to Fujitsu Ltd. that NTC did not and does not infringe the asserted patents — many of which have expired, and almost all of which are demonstrably invalid or unenforceable.

Despite several years of good faith negotiations on the part of NTC, Fujitsu Ltd. sued NTC in Tokyo District Court in 2005.[3] That suit alleges only the infringement of a single Japanese patent.[4] Continuing its pattern of extortion and intimidation, during settlement negotiations in the Japanese Suit, Fujitsu Ltd. demanded that NTC take a *worldwide* license to settle the Japanese Suit or Fujitsu would seek to bar NTC from the Japanese market via an injunction. In those discussions, Fujitsu Ltd. continued to assert several expired U.S. patents — thus tying access to the Japanese market to licenses covering unenforceable U.S. patent rights.[5] These recent settlement negotiations related to Fujitsu Ltd.'s claims have been ongoing for months in Tokyo, Japan.[6]

**B.      NTC Files Suit in Guam—The Closest Court to Taiwan and Japan**

Because of Fujitsu Ltd.'s improper licensing demands, its threats of infringement of several U.S. patents, and its attempt to extort a worldwide license to settle the Japanese suit, on September 13, 2006, NTC sued Fujitsu Ltd. in Guam.[7] In the Guam Suit, NTC asserts claims for antitrust violations based on Fujitsu Ltd.'s coercive misuse of its patent portfolio, claims for infringement of NTC's patents on related technology, and claims for a declaration that certain Fujitsu Ltd. patents asserted in the Japanese negotiations are invalid, unenforceable, or not infringed by NTC.[8]

---

[2] *See* Declaration of Alfonso G. Chan in Support of Defendants' Motion to Dismiss, Transfer or Stay Case (hereafter "Chan Decl."), ¶ 2.
[3] *Fujitsu Limited v. Nanya Technology Corporation*, No. (wa) 17182 2005 (Heisei 17), pending in Civil Division 46, Tokyo District Court ("Japanese Suit").
[4] Chan Decl. ¶ 2.
[5] *Id.* ¶ 3; At one time or another, Fujitsu Ltd. has explicitly accused NTC of infringing United States patents including Patent Nos. 4,641,166 ("'166 Patent"); 4,458,336 ("'336 Patent"); 5,688,712 ("'712 Patent"); 5,841,731 ("'731 Patent"); 4,692,689 ("'689 Patent"); 4,527,070 ("'070 Patent"); 4,384,918 ("'918 Patent"); 4,539,068 ("'068 Patent"); 5,397,432 ("'432 Patent"); 5,227,996 ("'996 Patent"); 5,339,273 ("'273 Patent"); 4,801,989 ("'989 Patent"); 6,104,486 ("'486 Patent"); 6,292,428 ("'428 Patent"); and 6,320,819 ("'819 Patent").
[6] Chan Decl. ¶ 2.
[7] *Id.* ¶ 4. The Guam Complaint is attached as an exhibit to Alfonso Chan's declaration which is filed concurrently with this motion.
[8] *Id.* ¶ 3; Pl.s' First Am. Compl., Dkt. No. 24, *Nanya Tech. Corp. v. Fujitsu Ltd.*, No. CV-06-00025

FLIESLER MEYER LLP

Notice of Motion; Motion and Memorandum in Support of Defendants' Motion to Dismiss, Transfer or Stay Case
Action No. C06-06613 EDL

3

NTC chose the District of Guam for several valid reasons. First, Guam is the closest United States District Court to both Fujitsu Ltd. and NTC.[9] There is only a one hour time difference between Guam (GMT +10 hours) and Tokyo (GMT +9 hours).[10] Flights from Tokyo, Japan or Taipei, Taiwan to Guam are direct and about three and one-half hours — as compared to nine hours to the San Francisco Bay Area.[11] Litigation in Guam would require the least amount of disruption to NTC's operations, as their engineering staff could commute easily to and from court to testify and support the litigation. All the inventors of NTC's U.S. patents at issue reside in Taiwan.[12] Taiwan is where NTC's chip fabrication plants are located, as well as the technical design and manufacturing records regarding the products at issue.[13] All of NTC's corporate representatives that have the most knowledge of the technology and economics regarding DDR SDRAM reside in Taiwan.[14] Guam is clearly the most convenient forum for **both** NTC and Fujitsu Ltd.[15]

### C. NTC Hand Delivered a Copy of the Guam Suit to Fujitsu Ltd. and Agreed to Further Negotiations

On September 14, 2006, in Tokyo, Japan, NTC's counsel delivered a copy of the Guam complaint to Fujitsu Ltd. during a settlement conference.[16] At the conference and during subsequent negotiations, Fujitsu Ltd.'s representatives repeatedly asked that NTC forego formal service of the complaint to allow further informal settlement negotiations before litigation intensified. Acting in a good faith effort to continue settlement negotiations, NTC's counsel agreed, and Fujitsu Ltd. was not formally served.[17]

---

(D. Guam)
[9] Chan Decl. ¶ 5.
[10] Id. ¶ 6.
[11] Id. ¶¶ 7, 8.
[12] See Declaration of Ken Hurley in Support of Defendants' Motion to Dismiss, Transfer or Stay Case, ¶ 4.
[13] Hurley Decl. ¶ 7, 8.
[14] Id. ¶ 9.
[15] Id. ¶ 9.
[16] Chan Decl. ¶ 10.
[17] Id. ¶ 11.

FLIESLER
MEYER LLP

Notice of Motion; Motion and Memorandum in Support of Defendants' Motion to Dismiss, Transfer or Stay Case
Action No. C06-06613 EDL

4

### D. Fujitsu Ltd. and FMA File a Copycat Suit in This Court

NTC's reliance on Fujitsu Ltd's request to forego service and continue negotiations was misplaced. On October 24, 2006 — the day before the parties were to meet again in Tokyo, Japan to discuss settlement— Fujitsu Ltd. and FMA filed this lawsuit.[18] Fujitsu Ltd. and FMA have admitted in papers filed in the Guam Suit that the only reason they filed this case was "in response to the filing of the Guam complaint."[19] On November 2, 2006, Fujitsu Ltd. and FMA served NTC USA.[20] Fujitsu Ltd. and FMA have attempted to serve NTC in Taiwan, but as discussed in NTC's motion to quash service, that service is defective absent an order from this authorizing an alternative means of service.

Once NTC realized that Fujitsu Ltd.'s and FMA's request to continue negotiations was merely a ruse to buy time to prepare their own suit, NTC initiated service of the Guam suit. On October 31, 2006, NTC and NTC USA served FMA with the Guam lawsuit.[21] On November 9, 2006, the Guam court signed an order authorizing alternative service on Fujitsu Ltd. in Japan by email and overnight mail.[22] The next day, November 10, 2006, NTC and NTC USA served Fujitsu Ltd.[23] On November 17, 2006, NTC amended its complaint in the Guam action to include NTC USA as a party.[24] It was served upon both Fujitsu Ltd. and FMA the next day.[25]

While the Guam Suit has more patents at issue, these two cases now have the exact same parties and essentially the same issues. This Court will have to construe the claims and determine infringement or non-infringement of at least seven of the patents that are also at issue in the Guam action (the Guam action concerns eighteen patents).[26]

---

[18] *Id.* ¶ 12.
[19] Fujitsu Limited's Mem. of Points and Authorities in Support of Its Objections to The Magistrate's Order Granting Mot. for Alternative Service of Process on Fujitsu Limited, Dkt. No.45, *Nanya Tech. Corp. v. Fujitsu Ltd.*, No. CV-06-00025 (D. Guam), at 3.
[20] Aff. of Service of Summons, Dkt. No. 11.
[21] Chan Decl. ¶ 13.
[22] *Id.* ¶ 14; Order Dkt. No.24, *Nanya Tech. Corp. v. Fujitsu Ltd.*, No. CV-06-00025 (D. Guam), at 3.
[23] *Id.* ¶ 15.
[24] *Id.* ¶ 16; Pl.'s First Amended Complaint, Dkt. No.24, *Nanya Tech. Corp. v. Fujitsu Ltd.*, No. CV-06-00025 (D. Guam).
[25] Chan Decl. ¶16.
[26] *Id.* ¶ 17.

FLIESLER MEYER LLP

Notice of Motion; Motion and Memorandum in Support of Defendants' Motion to Dismiss, Transfer or Stay Case
Action No. C06-06613 EDL

5

At this stage, the Guam suit is also further along in the proceedings and moving at a much faster pace than this suit. First, the Guam court has directed the parties to file a proposed scheduling order and discovery plan by November 27, 2006,[27] and NTC's counsel has forwarded drafts of the proposed scheduling order to Fujitsu Ltd.'s and FMA's counsel.[28] Second, the Guam court has also set a scheduling conference for December 12, 2006.[29] Discovery should be well under way in the Guam suit by the end of the year.

In light of the progress and timing of this lawsuit compared to the Guam suit, this second-filed case is a waste of judicial resources created by Fujitsu Ltd's and FMA's attempt to forum shop. The court should therefore dismiss this case, transfer it to the District of Guam, or stay it pending the outcome of the case in Guam.

## II. ARGUMENT — THE FIRST-TO-FILE RULE WARRANTS A DISMISSAL, TRANSFER, OR STAY

Where there are two competing patent cases, such as this case and the first-filed Guam suit that involve the same patents and same litigants, the Federal Circuit has mandated that the "first-to-file" rule should be applied. *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) ("We prefer to apply in patent cases the general rule whereby the forum of the first-filed case is favored unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise."). The first-to-file rule is also recognized in the Ninth Circuit as a doctrine of federal comity that permits the Court to dismiss an action when a complaint "involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). The purpose of this well-established first-to-file rule is to promote efficiency by avoiding duplicative litigation; thus, *it "should not be disregarded lightly."* *Alltrade Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991).

There are three factors courts in this district evaluate when applying the first-filed rule:

(1) the chronology of the two actions,

---

[27] *Id.* ¶ 18.
[28] *Id.* ¶ 19.
[29] *Id.* ¶ 18, Scheduling Not., Dkt. No.2, *Nanya Tech. Corp. v. Fujitsu Ltd.*, No. CV-06-00025 (D. Guam).

FLIESLER MEYER LLP

Notice of Motion; Motion and Memorandum in Support of Defendants' Motion to Dismiss, Transfer or Stay Case
Action No. C06-06613 EDL

6

(2) the similarity of parties, and

(3) the similarity of the issues.

*N. Am. Cas. Ins. Co. v. Encompass Power Servs., Inc.*, No. CIV-S-05-1587 DFL GGH, 2005 U.S. Dist. LEXIS 33314, *8 (E.D. Cal. 2005).

If these three factors apply, then the Court should dismiss or transfer this case unless there is a "sound reason that would make it unjust or inefficient to do so." *Genentech*, 998 F.2d at 938. No such "sound reason" exists in this case. Ninth Circuit law may also allow a court to disregard the first-filed rule, but only in cases where there is bad faith, an anticipatory suit, or forum shopping. *Alltrade*, 946 F.2d at 628.[30] These three factors tend to boil down simply to whether a reasonable attempt at settlement was made before suit. *Z-Lines Design Inc. v. Bell'O Int'l, LLC*, 218 F.R.D. 663, 666-67 (N.D. Cal. 2003); *Google, Inc. v. Am. Blind & Wallpaper Factory, Inc.*, No. C 03-05340 JF, 2004 U.S. Dist. LEXIS 27601, *17 (N.D. Cal. 2004). Not only did NTC try for several years to settle this controversy, but justice and convenience also strongly favor the Guam Suit.

A. **THE CHRONOLOGY OF THE TWO ACTIONS — THE GUAM SUIT WAS FILED FIRST**

It is evident from looking at PACER that NTC filed the Guam case six weeks before Fujitsu Ltd. filed this action. It is also evident that Fujitsu Ltd. received a copy of the Guam suit on September 14, 2006 during settlement discussions in Tokyo.[31] In fact, Fujitsu Ltd. admits that this case was filed in reaction to the Guam Suit,[32] and there is no reason to disregard this chronology simply because the two sides were in settlement discussions. *See Google*, U.S. Dist. LEXUS 27601, at *11; *Ward v. Follett Corp.*, 158 F.R.D. 645, 647 (N.D. Cal. 1994). Finally, the Guam Suit was not anticipatory. There was no reason for NTC to believe that a U.S. patent lawsuit by Fujitsu Ltd. was imminent. The parties' Japanese settlement negotiations had simply stalled due to Fujitsu Ltd.'s illegal efforts to tie access to the Japanese market to payment of worldwide royalties on U.S. patents that are invalid, unenforceable,

---

[30] Note that Federal Circuit and Ninth Circuit law tend to diverge on the point of whether it is relevant that the first-filed suit was anticipatory. *See Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005) (holding that the district court abused its discretion in refusing to apply the first-filed rule due to the anticipatory nature of the first-filed action).
[31] Chan Decl. ¶ 10.
[32] Fujitsu Limited's Mem., *supra* note 11, at 3.

Notice of Motion; Motion and Memorandum in Support of Defendants' Motion to Dismiss, Transfer or Stay Case
Action No. C06-06613 EDL

7

expired, and not infringed. The Guam suit also seeks enforcement of NTC's own patents that Fujitsu Ltd. and FMA continue to infringe.

B. THE PARTIES ARE THE EXACT SAME IN BOTH CASES

The second factor — similarity of the parties — clearly favors application of the first-filed rule. From the face of the complaint in this case and the complaints in the Guam case, it is clear that the parties are identical.[33]

C. THE FACTUAL AND LEGAL ISSUES ARE SIMILAR IN BOTH CASES

All of the legal issues that Fujitsu Ltd. and FMA ask this Court to adjudicate are currently pending in Guam. In this action, Fujitsu Ltd. and FMA claim NTC and NTC USA are infringing certain of its patents. NTC, however, had already requested a declaratory judgment of non-infringement in the Guam case regarding the very same patents. *Genetech*, 998 F.2d at 937 (noting that the first-to-file rule favors the first-filed action regardless of whether it is an action seeking affirmative relief or a declaratory judgment of non-infringement). In addition, Fujitsu Ltd. and FMA seek a declaratory judgment of non-infringement regarding the NTC patents that NTC asserted in the Guam action. In other words, all of the patents at issue in this case are at issue in the first-filed Guam case as shown in the following table:

| PATENTS AT ISSUE ||
|---|---|
| **Guam Action** | **San Francisco** |
| **Fujitsu's U.S. Patents** | **Fujitsu's U.S. Patents** |
| 4,384,918 | --- |
| 4,458,336 | --- |
| 4,527,070 | --- |
| 4,539,068 | --- |
| 4,641,166 | --- |
| 4,692,689 | --- |
| 4,801,989 | 4,801,989 |
| 5,227,996 | --- |
| 5,339,273 | --- |
| 5,397,432 | --- |
| 5,688,712 | --- |

---

[33] Chan Decl. ¶ 17.

Fliesler Meyer LLP

Notice of Motion; Motion and Memorandum in Support of Defendants' Motion to Dismiss, Transfer or Stay Case
Action No. C06-06613 EDL

8

|  |  |
|---|---|
| 5,841,731 | --- |
| 6,104,486 | 6,104,486 |
| 6,292,428 | 6,292,428 |
| 6,320,819 | 6,320,819 |
| **Fujitsu's Japanese Patents** | **Fujitsu's Japanese Patents** |
| 2063684 | --- |
| 3253712 | --- |
| 3270831 | --- |
| **Fujitsu's Taiwanese Patents** | **Fujitsu's Taiwanese Patents** |
| 119,726 | --- |
| 400,635 | --- |
| **Fujitsu's German Patent** | **Fujitsu's German Patent** |
| 234891 | --- |
| **Fujitsu's Korean Patent** | **Fujitsu's Korean Patent** |
| 316813 | --- |
| **Nanya's U.S. Patents** | **Nanya's U.S. Patents** |
| 6,225,187 | 6,225,187 |
| 6,426,271 | 6,426,271 |
| 6,790,765 | 6,790,765 |

The fact that the Guam complaint contains additional causes of action and additional patents makes no difference. "The 'sameness' requirement does not mandate that the two actions be identical, but is satisfied if they are 'substantially similar.'" *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006).

NTC and NTC USA have additional claims of patent misuse and antitrust violations in the Guam action, but these are intertwined with the defenses that they would have to assert in this case. Fujitsu Ltd. has used threats and coercion to unlawfully intimidate NTC into paying licensing fees on patents that NTC did not and does not infringe, patents that are expired, invalid patents, unenforceable patents, and foreign patents that are not entitled to exclusivity or enforcement in the United States. These coercive acts are an illegal attempt to expand Fujitsu Ltd.'s patent protections beyond their permitted temporal and territorial scopes and obtain an unlawful monopoly on intellectual property related to the design and manufacture of computer memory chips, specifically DDR SDRAM found in personal computers and other electronic devices. This type of patent misuse renders a Fujitsu Ltd.'s patents unenforceable. Thus, NTC's patent misuse and antitrust claims in Guam are intertwined with Fujitsu

Notice of Motion; Motion and Memorandum in Support of Defendants' Motion to Dismiss, Transfer or Stay Case
Action No. C06-06613 EDL

9

Ltd.'s patent claims and NTC's defenses in this case. All of these issues should be adjudicated in only one action in one forum, Guam.

D. **NTC HAD SOUND REASONS TO FILE ITS CASE IN GUAM AND NOTHING MAKES ENFORCEMENT OF THE FIRST-FILED RULE UNJUST OR INEFFICIENT**

NTC had "sound reasons" for choosing Guam as the forum for its claims — convenience of the parties and the proximity of the witnesses. *Serco Servs. Co. v. Kelly Co., Inc.*, 51 F.3d 1037, 1040 (Fed. Cir. 1995) (noting that convenience of witnesses is a sound reason supporting application of the first-filed rule); *Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347-48 (Fed. Cir. 2005) (holding that there must be a sound reason or "compelling factors" *not* to enforce the first-filed rule such that doing so would be unjust or inefficient).

The United States District Court in Guam is the closest forum to both NTC's and Fujitsu Ltd.'s primary offices. Fujitsu Ltd.'s and FMA's decision makers are in Tokyo, Japan. Tokyo, Japan is where *all* the settlement negations have taken place. NTC is in Taipei, Taiwan. Instead of flying thirteen hours from Tokyo to San Francisco, Fujitsu Ltd.'s and NTC's key witnesses can fly three and one-half hours to Guam. There is only a one hour time difference between Tokyo and Guam — compared to eighteen-hour time difference with San Francisco. In other words, all of the relevant witnesses, documents, and evidence are closer to Guam than San Francisco.

Dismissing, transferring, or staying this case also promotes efficiency. There is no sound rationale for two different courts to adjudicate the same lawsuit. The onerous burden and tremendous inefficiency of two different courts conducting *Markman* hearings on the same patents is clearly a waste of judicial resources. This duplication of efforts will only exacerbate problems of congestion in the courts. More importantly, substantially similar concurrent suits create the very real danger of producing conflicting constructions of the same claims, resulting in disparate judicial conclusions on identical questions of law. *See, e.g., Colorado River Conservation Dist. v. United States*, 424 U.S. 800, 816 (1976) (noting that courts should consider "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation") (quoting *Kerostat Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)).

FLIESLER
MEYER LLP

Notice of Motion; Motion and Memorandum in Support of Defendants' Motion to Dismiss, Transfer or Stay Case
Action No. C06-06613 EDL

10

### III. SUMMARY & PRAYER

Defendants filed the Guam suit six weeks before Plaintiffs filed this suit. The parties in the Guam suit are identical to the parties in this suit. The issues in the two suits are substantially related. There is no sound reason not to enforce the first-filed rule and dismiss this case, or, in the alternative, transfer this case to the District of Guam, or, in the alternative, stay this case pending the outcome of the Guam Suit

Respectfully Submitted,

Dated: November 22, 2006   By: /s/ Martin Fliesler

FLIESLER MEYER LLP
Martin C. Fliesler (SBN 073768)
Rex Hwang (SBN 221079)
Justas Geringson (SBN 240182)
Four Embarcadero Center, Fourth Floor
San Francisco, CA 94111
Telephone:  (415) 362-3800
Facsimile:  (415) 362-2928

SHORE CHAN BRAGALONE, LLP
Michael Shore (*Pro Hac Vice to be filed*)
Alfonso Chan (*Pro Hac Vice to be filed*)
Martin Pascual (*Pro Hac Vice to be filed*)
325 N. St. Paul St. Suite 4350
Dallas, TX 75201
Telephone:  (214) 593-6110
Facsimile:  (214) 593-6111

Attorneys for Defendants
Nanya Technology Corp. and
Nanya Technology Corp. U.S.A.

pldg 061122 - Motion to Dismiss.Guam, Memorandum.doc

Notice of Motion; Motion and Memorandum in Support of Defendants' Motion to Dismiss, Transfer or Stay Case
Action No. C06-06613 EDL

11