MILBANK, TWEED, HADLEY & McCLOY LLP
Gregory Evans (State Bar No. 147623)
Chris L. Holm (*Pro Hac Vice*)
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone: (213) 892-4000
Facsimile: (213) 629-5063
gevans@milbank.com
cholm@milbank.com

MILBANK, TWEED, HADLEY & McCLOY LLP
Christopher E. Chalsen (*Pro Hac Vice*)
Michael M. Murray (*Pro Hac Vice*)
Lawrence T. Kass (*Pro Hac Vice*)
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
cchalsen@milbank.com
mmurray@milbank.com
lkass@milbank.com

Attorneys for Plaintiffs,
FUJITSU LIMITED and
FUJITSU MICROELECTRONICS AMERICA, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| FUJITSU LIMITED, a Japanese corporation, and FUJITSU MICROELECTRONICS AMERICA, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NANYA TECHNOLOGY CORP., a Taiwanese corporation, and NANYA TECHNOLOGY CORP. U.S.A., a California corporation,<br><br>Defendants. | CASE NO. 4:06-cv-06613 (CW)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, TRANSFER OR STAY CASE**<br><br>Date: February 2, 2007<br>Time: 10:00 A.M.<br>Location: Courtroom 2, 4th Floor |

# TABLE OF CONTENTS

I.   Introduction ........................................................................................................ 1

II.  Statement of Facts ............................................................................................. 2

    A.    Fujitsu and Nanya Have Been Negotiating Patent License Issues for More than Five Years ............................................................................................. 2

    B.    Under False Pretenses, Nanya Obtained a List of Infringed Fujitsu Patents that Nanya then Used to File a Declaratory Judgment Suit in Guam .................... 3

    C.    The Parties Have Significant Contacts in the Northern District of California ................................................................................................... 4

    D.    Guam Has No Relationship Whatsoever to the Parties or Issues in this Case ........................................................................................................ 5

    E.    This Action and the Guam Action Are Now on Nearly Identical Schedules ........ 6

III. Argument ........................................................................................................... 6

    A.    The U.S. Supreme Court Has Held that a Case Cannot Be Transferred to an Improper Venue ...................................................................................... 6

        1.    Nanya Cannot Establish that Plaintiffs Reside in or Are Subject to Personal Jurisdiction in Guam .......................................................... 7

        2.    Nanya Cannot Show that Plaintiffs Have Committed Acts of Infringement in and Have a Regular and Established Place of Business in Guam .................................................................... 11

    B.    This Court Should Not Transfer this Case from a Convenient Forum to an Inconvenient Forum .............................................................................. 11

    C.    This Case is First Filed Because It Was Filed Before Nanya's Amended Guam Complaint ..................................................................................... 14

    D.    Nanya Should Not Receive Benefit of First-to-File Rule for Its Original Guam Complaint ..................................................................................... 15

        1.    Nanya's Original Guam Complaint Was Anticipatory .......................... 16

        2.    Nanya's Original Guam Complaint Is Evidence of Forum Shopping ............................................................................................ 17

    E.    Nanya USA Is in Default ......................................................................... 17

IV.  Conclusion ...................................................................................................... 18

# TABLE OF AUTHORITIES

## CASES

*Abuan v. Gen. Elec. Co.*,
   735 F. Supp. 1479 (D. Guam 1990), *aff'd*, 3 F.3d 329 (9th Cir. 1993) ........................... 9, 10

*Alltrade, Inc. v. Uniweld Prod., Inc.*,
   946 F.2d 622 (9th Cir. 1991) ..................................................................................... 16

*Asahi Metal Indus. Co. v. Superior Court*,
   480 U.S. 102 (1987) ..................................................................................................... 9

*AT&T v. Compagnie Bruxelles Lambert*,
   94 F.3d 586 (9th Cir. 1996) ........................................................................................ 9

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*,
   557 F.2d 1280 (9th Cir. 1977) ............................................................................... 7, 8

*Daugherty v. Popick*,
   89 F.R.D. 642 (S.D.N.Y. 1981) ................................................................................ 17

*Decker Coal Co. v. Commonwealth Edison Co.*,
   805 F.2d 834 (9th Cir. 1986) ............................................................................. 12, 13

*DeFeo v. Procter & Gamble Co.*,
   831 F. Supp. 776 (N.D. Cal. 1993)* ......................................................................... 16

*Genentech, Inc. v. Eli Lilly & Co.*,
   998 F.2d 931 (Fed. Cir. 1993) .................................................................................. 14

*Gray & Co. v. Firstenberg Mach. Co.*,
   913 F.2d 758 (9th Cir. 1990) ...................................................................................... 9

*Gulf Oil Corp. v. Gilbert*,
   330 U.S. 501 (1947) ................................................................................................... 12

*Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*,
   328 F.3d 1122 (9th Cir. 2003) .................................................................................... 8

*Hoffman v. Blaski*,
   363 U.S. 335 (1960) .............................................................................................. 6, 11

*Illinois Tool Works, Inc. v. Foster Grant Co.*,
   395 F. Supp. 234 (N.D. Ill. 1974), *aff'd*, 547 F.2d 1300 (7th Cir. 1976) ............... 14

*In re Syntex Corp. Sec. Litig.*,
   855 F. Supp. 1086 (N.D. Cal. 1994), *aff'd*, 95 F.3d 922 (9th Cir. 1996) ............... 15

*Jones v. GNC Franchising, Inc.*,
   211 F.3d 495 (9th Cir. 2000) .................................................................................... 12

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
   678 F.2d 93 (9th Cir. 1982) ....................................................................................... 15

*Piper Aircraft Co. v. Reyno*,
   454 U.S. 235 (1981) ................................................................................................... 12

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*,
   148 F.3d 1355 (Fed. Cir. 1998) ................................................................................. 11

*Scott v. Breeland,*
   792 F.2d 925 (9th Cir. 1986) ........................................................................... 10

*Stewart Org., Inc. v. Ricoh Corp.,*
   487 U.S. 22 (1988) ........................................................................................... 12

*Storage Tech. Corp. v. Cisco Sys., Inc.,*
   329 F.3d 823, 836 (Fed. Cir. 2003) .............................................................. 12

*Van Dusen v. Barrack,*
   376 U.S. 612 (1964) ......................................................................................... 12

*Xoxide, Inc. v. Ford Motor Co.,*
   448 F. Supp. 2d 1188 (C.D. Cal. 2006) ................................................. 16, 17

*Z-Line Designs, Inc. v. Bell'O Int'l LLC,*
   218 F.R.D. 663 (N.D. Cal. 2003) .................................................................... 16

## STATUTES

28 U.S.C. § 1400(b) ..................................................................................... 7, 11

28 U.S.C. § 1404(a) .......................................................................................... 11

35 U.S.C. § 286 ................................................................................................. 14

## RULES

Fed. R. Civ. P. Rule 12(b) ................................................................................ 17

Fed. R. Civ. P. Rule 12(b)(2) ........................................................................... 17

Fed. R. Civ. P. Rule 12(b)(5) ........................................................................... 17

Fed. R. Civ. P. Rule 15(c) ................................................................................ 14

Fed. R. Civ. P. Rule 15(c)(1) ........................................................................... 14

Fed. R. Civ. P. Rule 15(c)(2) ........................................................................... 14

Fed. R. Civ. P. Rule 15(c)(3) ........................................................................... 14

# I.    INTRODUCTION

Plaintiffs Fujitsu Limited ("Fujitsu") and Fujitsu Microelectronics America, Inc. ("FMA") (collectively "Plaintiffs") hereby oppose the motion of Defendants Nanya Technology Corp. ("Nanya") and Nanya Technology Corp. U.S.A. ("Nanya USA") (collectively "Defendants") to dismiss, transfer or stay this suit. (Dkt. No. 18.)

First, according to the U.S. Supreme Court, a case cannot be transferred to an improper venue. Fujitsu and FMA do not reside in and are not subject to personal jurisdiction in Guam; none of the events giving rise to the claims occurred there; and Fujitsu and FMA do not have regular or established places of business in that district and do not have sufficient contacts with Guam to establish personal jurisdiction. Thus, respectfully, the case cannot be transferred to Guam.[1]

This Court should also not transfer this case to Guam because Guam is an inconvenient forum. In fact, the Guam case was filed by Nanya during a critical phase of related litigation in Japan, and Guam was believed chosen precisely because it is perhaps the most inconvenient forum that Nanya could find. There are absolutely no relevant contacts between any of the parties to this case and Guam, and none of the relevant documents and/or witnesses are located in Guam. On the other hand, two parties are located in this district and, as explained below, there are numerous reasons why this district is more convenient than Guam.

Further, this case is effectively the first-filed case and should not be dismissed or transferred for this additional reason. Nanya filed a first complaint in Guam on September 13, 2006 ("Original Guam Complaint"), then Fujitsu filed this case on October 24, 2006, naming one party not present in the Guam case (Nanya USA) and including claims for infringement of a Fujitsu patent not in the Guam case. Nanya later filed an amended complaint in Guam on

---

[1] The pending Guam action is styled *Nanya Tech. Corp. v. Fujitsu Ltd.*, Case No. 06-cv-00025 (D. Guam).

November 17, 2006 ("Amended Guam Complaint"), adding Nanya USA and the new Fujitsu patent in an effort to make the cases appear more similar. But because it added a new party and new claims, the Amended Guam Complaint does not relate back to or receive the benefit of the filing date of the Original Guam Complaint under applicable rules. Therefore, Fujitsu's complaint filed in this district is the effective first-filed complaint, and the present case should not be dismissed or transferred to Guam for this additional reason.

Even if this Court determines that Nanya's Amended Guam Complaint relates back to its Original Guam Complaint, Nanya should still not receive the benefit of the first-to-file rule because exceptions to the first-to-file rule would apply, *e.g.*, anticipatory suit and forum shopping. Each of these exceptions is triggered by the circumstances surrounding Nanya's filing of the Original Guam Complaint.

## II. STATEMENT OF FACTS

### A. Fujitsu and Nanya Have Been Negotiating Patent License Issues for More than Five Years

Fujitsu approached Nanya in 1999 to discuss Nanya's unauthorized use of substantial Fujitsu technology relating to semiconductors and to negotiate the terms of licenses to patents covering that technology. Over the next five years, the parties met numerous times but were unable to reach agreement on license terms. Fujitsu brought an action against Nanya for infringement of a Japanese semiconductor patent in August of 2005 in the Tokyo District Court in Japan. That litigation is progressing, and the parties have been engaged in a series of court-supervised mediations and negotiations to try to settle their disputes. The parties have been discussing global settlement issues in the Japanese mediations, including settlement concerning Nanya's infringement of a number of Fujitsu's U.S. patents.

## B. Under False Pretenses, Nanya Obtained a List of Infringed Fujitsu Patents that Nanya then Used to File a Declaratory Judgment Suit in Guam

On August 10, 2006, prior to a negotiation in Japan, Nanya requested a list of all of Fujitsu's patents that Fujitsu believed were infringed by Nanya. (Nanya's letter of August 10, 2006, attached as Exhibit A to the Declaration of Shigeru Kitano, January 11, 2007 ("Kitano Decl.").) Nanya claimed it would use the list to prepare for the upcoming negotiation of a worldwide license. (*Id.*) Relying on Nanya's representation in the August 10 letter that the list would be used to further negotiations before the judge in the Tokyo District Court, on August 11, 2006 Fujitsu provided Nanya with a list of Korean, Japanese, and U.S. patents that Fujitsu believed Nanya infringed. (Fujitsu's letter of August 11, 2006, attached as Exh. B to Kitano Decl.)

On September 13, 2006, only one month after receiving Fujitsu's list of patents, and the day before a scheduled meeting in Tokyo, Nanya filed the Original Guam Complaint, seeking declaratory judgment of invalidity, noninfringement, and unenforceability for each and every Fujitsu U.S. patent on the list. As noted, it is believed that Guam was chosen as an extremely inconvenient forum in an effort by Nanya to impact the Japanese mediation. In fact, Nanya's U.S. counsel sent a letter directly to Mr. Kitano at Fujitsu advising him (incorrectly) that Rule 11 precluded Fujitsu from filing litigation in a different forum or from filing litigation based on patents that were not specifically disclosed to Nanya during the Japanese mediations and settlement discussions. (Email letter from Michael Shore dated September 19, 2006 ("Shore Letter") at 3, attached as Exh. C to Kitano Decl.) The Shore Letter contained numerous other mistakes of law and fact. Nanya was clearly trying to use the Guam filing to influence the Japanese mediations. The Shore Letter made it clear that the filing of the Guam case was retaliatory, explicitly admitting that the "Nanya case was in response to the Fujitsu case [in Japan]". (Shore Letter at 3.)

1    On October 24, 2006, Fujitsu filed the complaint in this Court ("Fujitsu's

2    Complaint"). Fujitsu's Complaint included Nanya USA as a party because it is believed to

3    import and sell at least certain of the infringing devices. The Northern District of California was

4    chosen as the most convenient forum as two of the parties, *i.e.*, the relevant U.S. subsidiaries of

5    both Nanya and Fujitsu, reside here. Further, as noted below, Guam does not have personal

6    jurisdiction over either Fujitsu or FMA. In addition to the new party, Fujitsu added an additional

7    patent that was not included in the Original Guam Complaint. In an attempt to make the Guam

8    case appear substantively more similar to this action, Nanya filed the Amended Guam Complaint

9    on November 17, 2006, adding Nanya USA and additional causes of action, including a

10   declaratory judgment claim on the new Fujitsu patent and antitrust and Clayton Act claims by

11   Nanya USA.

12       **C.     The Parties Have Significant Contacts in the Northern District of California**

13              FMA is headquartered in Sunnyvale, California. (Declaration of Michael M.

14   Moore, January 11, 2007 ("Moore Decl.") ¶ 2.) Consequently, FMA's fact witnesses and

15   documents relevant to this litigation are located in the Northern District of California. (Moore

16   Decl. ¶ 20; Kitano Decl. ¶ 21.) A number of Nanya's likely fact witnesses and documents

17   relevant to this litigation are also located in the Northern District of California because that is

18   where Plaintiff Nanya USA maintains its headquarters. (Declaration of Chris L. Holm, January

19   12, 2007 ("Holm Decl.") ¶ 14; *id.* Ex. L) (Amended Guam Complaint ¶ 2).

20              The Northern District of California is also a much more convenient location for

21   Fujitsu and its employees compared with Guam. Reasons for this include more options for

22   transportation and scheduling. (Kitano Decl. ¶ 22.) In addition, because Fujitsu's subsidiary

23   FMA is located in the Northern District of California, a number of Fujitsu's employees regularly

24   travel there. (*Id.*) FMA also has cost-effective arrangements for accommodations for its out-of-

25   town visitors that can be made available to Fujitsu employees. (*Id.*) Fujitsu also has cost-

effective arrangements for transportation of documents to the Northern District of California. (*Id.* ¶ 23.) Finally, FMA can assist Fujitsu with logistics in relation to litigation matters. (*Id.*)

### D.  Guam Has No Relationship Whatsoever to the Parties or Issues in this Case

Plaintiffs do not maintain any offices in Guam and have no operations, affiliates, employees or salespersons in Guam. (Moore Decl. ¶ 4; Kitano Decl. ¶ 4.) Plaintiffs do not own real or personal property located in Guam. (Moore Decl. ¶ 6; Kitano Decl. ¶ 5.) Plaintiffs have no bank accounts in Guam. (Moore Decl. ¶ 7; Kitano Decl. ¶ 6.) Plaintiffs do not lease any office space or other facility of any kind in Guam, nor do they maintain a telephone, telex or telefax number in Guam. (Moore Decl. ¶ 8; Kitano Decl. ¶ 7.) Plaintiffs do not maintain a post office box or street address in Guam. (Moore Decl. ¶ 9; Kitano Decl. ¶ 8.) They are not registered to do business in Guam, (Moore Decl. ¶ 10; Kitano Decl. ¶ 9), do not file tax returns in Guam, (Moore Decl. ¶ 11; Kitano Decl. ¶ 10), and do not advertise products or services in any local media in Guam (Moore Decl. ¶ 12; Kitano Decl. ¶ 11). Plaintiffs have no directors, officers or employees in Guam and have appointed no agents in Guam for service of process. (Moore Decl. ¶ 13; Kitano Decl. ¶ 12.) Plaintiffs have never been party to any lawsuit or legal proceeding in Guam Federal District Court.[2] (Moore Decl. ¶ 16; Kitano Decl. ¶ 13.) Plaintiffs have filed no papers with any agency of Guam, have never negotiated nor executed any agreements in Guam, nor have they executed any agreements that call for their performance in Guam relating to the subject matter of this suit. (Moore Decl. ¶ 17; Kitano Decl. ¶ 14, 15.) Prior to the filing of Nanya's Complaint, Plaintiffs have had no correspondence with Nanya of any kind in Guam nor in any way relating to the subject matter of this suit. (Moore Decl. ¶ 18; Kitano Decl. ¶ 15.) Plaintiffs have no documents relevant to this law suit in Guam and know of no fact witnesses in Guam. (Moore Decl. ¶ 19; Kitano Decl. ¶ 20.) In its First Amended

---

[2] According to a search of Public Access to Court Electronic Records (PACER), which dates back to January 1, 1997.

Complaint, Nanya makes certain allegations concerning Fujitsu Computer Products of America, Inc., Fujitsu General New Zealand Limited, and Fujitsu Ten. (Holm Decl. ¶ 14; *id.*, Ex. L) (Amended Guam Complaint ¶ 20.) Like Plaintiffs, none of these companies conduct business in Guam or have any of the contacts with Guam listed above in this paragraph. (Kitano Decl. ¶ 24.)

Nowhere in the pleadings in this case or in the pending Guam action have Nanya or Nanya USA claimed to have any contact whatsoever with Guam.

### E. This Action and the Guam Action Are Now on Nearly Identical Schedules

In its Motion to Dismiss, Nanya alleges that the Guam action is further along in the proceedings and is moving at a faster pace. (Memorandum in Support of Defendants' Motion to Dismiss, Transfer or Stay Case ("Nanya's Motion to Dismiss") at 6.) Nanya further alleges that discovery would be under way in that action by the end of 2006. (*Id.*) None of those allegations are true.

This action and the Guam action are at the same early stage and are proceeding at the same rate. The Scheduling Conference in the Guam action will occur on January 30, 2007, and discovery has been effectively stayed. (Holm Decl. ¶ 15; *id.* Ex. M) (Guam Scheduling Order dated December 11, 2006) The Case Management Conference in this case is set for February 2, 2007, just days after the Guam Scheduling Conference.

## III. ARGUMENT

### A. The U.S. Supreme Court Has Held that a Case Cannot Be Transferred to an Improper Venue

It is well-settled that a court cannot transfer a case to an improper venue, *i.e.*, one in which the case may not have been brought. *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960). This Court cannot transfer this case to Guam because Guam is an improper venue.[3]

---

[3] Nanya does not dispute that venue is proper in this district.

Venue in patent cases is governed by 28 U.S.C. § 1400(b), which provides "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Venue in Guam is improper because Fujitsu and FMA do not reside in and are not subject to personal jurisdiction in that district, none of the events giving rise to the claims occurred there and Fujitsu and FMA do not have regular or established places of business in that district. *See* 28 U.S.C. § 1400(b); (Kitano Decl. ¶¶ 4-17; Moore Decl. ¶¶ 4-18.)[4]

> 1. **Nanya Cannot Establish that Plaintiffs Reside in or Are Subject to Personal Jurisdiction in Guam**
>
>> a. **Nanya Cannot Establish General Jurisdiction Because Plaintiffs' Activities in Guam Are Not Substantial, Continuous or Systematic**

Nanya cannot meet its burden to establish a *prima facie* case of personal jurisdiction over Plaintiffs in Guam. *See Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). Nanya alleges that "[p]ersonal jurisdiction exists generally over [Plaintiffs in Guam] because [they have] sufficient minimum contacts with [that] forum as a result of business conducted within the Territory of Guam and the District of Guam." (Holm Decl. ¶ 14; *id.*, Ex. L) (Amended Guam Complaint ¶ 9.) But this general allegation is not supported by the facts. Nanya does not even allege that Plaintiffs conduct "substantial" activities in Guam. In fact, Nanya admits that Plaintiffs are not residents of Guam, do not maintain a regular place of business in Guam, and have no designated agent in Guam for service of process. (Holm Decl. ¶ 14; *id.*, Ex. L) (Amended Guam Complaint ¶¶ 3, 4.) Plaintiffs have no substantial, continuous or systematic business presence, activities or contacts in Guam. Thus,

---

[4] Fujitsu and FMA have each separately filed motions to dismiss the Guam action for, among other reasons, lack of personal jurisdiction. (Holm Decl. ¶¶ 16, 17; *id.* Ex. N, O).

there is insufficient activity to support general jurisdiction under the applicable constitutional standard. *See Data Disc,* 557 F.2d at 1287.

### b. Nanya Cannot Show Fujitsu Subsidiaries Allegedly in Guam Are Plaintiffs' Alter Egos or Agents

In its Amended Guam Complaint, Nanya attempts to support personal jurisdiction by alleging that certain Fujitsu subsidiaries conduct business, have offices, and sell products in Guam, and specifically identified Fujitsu Computer Products of America, Fujitsu General New Zealand Limited, and Fujitsu Ten as examples. (Holm Decl. ¶ 14; *id.,* Ex. L) (Amended Guam Complaint ¶ 20.) Fujitsu denies such allegations. None of these subsidiaries have offices in Guam, nor do they conduct business or sell products in Guam. (Kitano Decl. ¶ 24.) Plaintiffs do not exercise control over the daily business operations of these companies (*id.* ¶ 25), nor do Plaintiffs formulate general policies and strategies of those companies (*id.* ¶ 26). Plaintiffs and the above-listed companies observe all corporate formalities and document any financial transactions between them. (*Id.* ¶ 27.) Each of Fujitsu Computer Products of America, Fujitsu General New Zealand Limited, and Fujitsu Ten are clearly separate from and not "mere instrumentalities" of Plaintiffs. *See Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1134-35 (9th Cir. 2003). For these reasons, Nanya has not made a *prima facie* case for the alter ego exception.

To satisfy the agency exception, Nanya must demonstrate that those companies were established for, or are engaged in, activities that Plaintiffs would have to undertake, but for the existence of those companies. *Id.* at 1135. But Nanya has not even alleged such facts and thus has not made the *prima facie* case required to satisfy the agency exception. Consequently, Nanya has provided no grounds to find personal jurisdiction over Plaintiffs under the alter ego or agency exceptions. *See AT&T v. Compagnie Bruxelles Lambert,* 94 F.3d 586, 591 (9th Cir.

1  1996) (finding no personal jurisdiction over defendant when plaintiff failed to provide affidavits

2  or other evidence supporting *prima facie* case subsidiary was alter ego).

3           **c.**      **Nanya Cannot Satisfy the Three-Part Test for Specific Jurisdiction**

4

5  Nanya cannot satisfy the three part test for specific jurisdiction for its patent

   infringement or declaratory judgment claims in Guam.

6

7           **(i)**      **Plaintiffs Have Not Purposefully Availed Themselves of the Privilege of Doing Business in Guam**

8  The Ninth Circuit has made it clear that attenuated contacts with a forum are

9  insufficient to establish the accused had "purposefully availed themselves of the benefits and

10  protections of the forum's law[s]." *Gray & Co. v. Firstenberg Mach. Co.,* 913 F.2d 758, 761

11  (9th Cir. 1990). "Purposeful availment requires that the [accused] engage in some form of

12  affirmative conduct allowing or promoting the transaction of business within the forum state."

13  *Id.* at 760. Nanya has failed to identify <u>any</u> specific contacts between Plaintiffs and Guam.

14  Furthermore, Nanya cannot show that Plaintiffs inserted their accused products

15  into the "stream of commerce" and that Plaintiffs had a reasonable expectation that they would

16  be haled into court in Guam. *See Abuan v. Gen. Elec. Co.,* 735 F. Supp. 1479, 1480-81 (D.

17  Guam 1990), *aff'd,* 3 F.3d 329 (9th Cir. 1993). In *Abuan,* the Guam Court adopted the stream of

18  commerce plus reasonable expectation test set forth by Justice Stevens in *Asahi Metal Indus. Co.*

19  *v. Superior Court,* 480 U.S. 102 (1987). *Id.* Under that test, in order to satisfy the purposeful

20  availment prong of the specific jurisdiction test, a party must introduce a product into the stream

21  of commerce and must have a reasonable expectation that it would be haled into court in the

22  forum state. *Id.* (quoting *Asahi,* 480 U.S. at 122 (Stevens J., concurring)). Further, whether the

23  party has a reasonable expectation is based on "the volume, the value, and the hazardous

24  character of the components." *Id.*

25

Nanya has failed to even <u>identify</u> a single accused infringing product, let alone establish that: (1) such a product traveled through the stream of commerce and ended up in Guam; and (2) Plaintiffs had a reasonable expectation of being subject to jurisdiction in Guam due to such sales. *See Abuan*, 735 F. Supp. at 1486. Consequently, Nanya cannot meet its burden to show that Plaintiffs "purposefully directed" their activities toward Guam, availing themselves of the privilege of conducting activities there.

**(ii) Nanya's Claims Do Not Arise from Any Activities by Plaintiffs in Guam**

Plaintiffs' vague and hypothetical allegations are not specific to Guam and did not arise from any contacts between Plaintiffs and Guam. Vague assertions that effects of a foreign business may occur in the United States cannot support specific jurisdiction. *See generally Scott v. Breeland*, 792 F.2d 925 (9th Cir. 1986). Nanya has identified no activities whatsoever in Guam that give rise to the alleged patent infringement claims or declaratory judgment claims. Nanya's assertions that the settlement proposed during Japanese proceedings could have effects which "would encompass sales in the United States and the Territory of Guam" or that Plaintiffs' acts constitute an attempt to "capture licensing fees for 100 percent of the DDR SDRAM market . . . among the States and the Territories of the United States" or that Plaintiffs' acts "distort the market in the United States and its territories," (*see* (Holm Decl. ¶ 14; *id.*, Ex. L) Amended Guam Complaint ¶¶ 32, 43, 49, 50, and 53), are insufficient to meet the Ninth Circuit's requirement that "but for" the contacts between the party and the forum, the cause of action against would not have arisen.

**(iii) Exercise of Specific Jurisdiction Would Be Unreasonable**

As discussed above, Nanya has not established the requisite minimum contacts between Plaintiffs and Guam. A balancing of relevant factors indicates that exercise of jurisdiction over Plaintiffs in Guam would, in fact, be unreasonable. Even if Plaintiffs' had

contacts that were sufficient to establish jurisdiction, the extent of any such contacts would be too minimal to justify the assertion of jurisdiction. In addition, the burden on Plaintiffs to litigate in Guam would be substantial. Virtually all of the documents and witnesses related to these events are located in California, Taiwan, and Japan. "Principles of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum." *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1360-61 (Fed. Cir. 1998). Subjecting Plaintiffs to suit in Guam is contrary to the principles of fair play and substantial justice. *Id.*

> ## 2. Nanya Cannot Show that Plaintiffs Have Committed Acts of Infringement in and Have a Regular and Established Place of Business in Guam

Nanya admits that Plaintiffs are not residents of Guam, do not maintain a regular place of business in Guam, and have no designated agent in Guam for service of process. (Holm Decl. ¶ 14; *id.*, Ex. L) (Amended Guam Complaint ¶¶ 3, 4.) Nanya has identified no activities whatsoever in Guam that give rise to the alleged patent infringement claims or declaratory judgment claims. Consequently, none of the events allegedly giving rise to Nanya's claims occurred in Guam, Plaintiffs do not have a regular and established place of business in Guam, and Nanya cannot establish the second prong of 28 U.S.C. § 1400(b).

Therefore, the Guam action was not properly brought in that district. Because venue in Guam is improper, this court cannot transfer this case to that district. *See Hoffman*, 363 U.S. at 344.

> ## B. This Court Should Not Transfer this Case from a Convenient Forum to an Inconvenient Forum

Pursuant to 28 U.S.C. § 1404(a), any civil action may be transferred "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." The purpose of transfer under this section is to "prevent the

Plaintiffs' Opposition to Defendants'
Motion to Dismiss, Transfer or Stay Case
06-cv-06613 (CW)

1  waste of time, energy and money and to protect litigants, witnesses and the public against

2  unnecessary inconvenience and expense . . . ." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)

3  (internal quotation marks and citations omitted).  Under § 1404(a), the district court has

4  discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case

5  consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498

6  (9th Cir. 2000) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).[5]

7          Though § 1404(a) partially replaces the common law doctrine of *forum non*

8  *conveniens*, private and public factors traditionally used to decide motions to dismiss under that

9  doctrine[6] have also been used by courts to decide a motion under § 1404(a).  *Decker Coal Co. v.*

10  *Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  Relevant private factors include:

11  availability of process to compel the presence of unwilling witnesses; costs of obtaining the

12  presence of unwilling and willing witnesses; relative ease of access to sources of proof; and all

13  other practical problems indicating the case can be tried more expeditiously and less expensively.

14  *Id.*  Relevant public factors include: the unfairness of imposing jury duty on local community

15  members when no local issues are at stake; the local interest in having localized controversies

16  decided at home; avoidance of unnecessary problems in conflict of laws or in the application of

17  foreign law; and the administrative difficulty of court congestion.  *Id.*  Other factors also

18  considered by this Circuit include: the location where relevant agreements were negotiated and

19  executed, the plaintiff's choice of forum, the respective parties' contacts with the forum, and the

20  contacts relating to the plaintiff's cause of action in the chosen forum.  *Jones*, 211 F.3d at 498.

21          Plaintiff's choice of forum is accorded substantial weight.  *Decker Coal Co.*, 805

22  F.2d at 843.  Under section 1404(a), as the moving party Nanya has the burden of showing that

23  ───────────────────────

24  [5] In reviewing a district court's ruling on a motion to transfer pursuant to 28 U.S.C § 1404(a), the Federal Circuit applies the law of the regional circuit. *Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 836 (Fed. Cir. 2003).

25  [6] *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 255-56 (1981); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).

1 | the balance of conveniences weighs heavily in favor of transfer in order to overcome a strong

2 | presumption in favor of the plaintiff's choice of forum. *See id.* A court will not grant a motion

3 | under § 1404(a) unless the defendant makes a strong showing of inconvenience. *Id.*

4 |         The balance of convenience clearly favors hearing this case in the Northern

5 | District of California and not in Guam.[7] None of the relevant documents and/or witnesses are

6 | located in Guam because none of the actions giving rise to Nanya's claims have any relation to

7 | Guam, and neither Nanya nor Plaintiffs reside in that district. (Holm Decl. ¶ 14; *id.*, Ex. L)

8 | (Amended Guam Complaint ¶¶ 1, 2, 3, 4.) Relevant documents would have to be shipped to

9 | Guam and witnesses would have to travel from such places as California to give testimony.

10 | (Moore Decl. ¶ 22.) Additionally, there is no local interest in deciding this case in Guam. *See*

11 | *Decker Coal Co.*, 805 F.2d at 843. Nanya has not addressed any of the above-listed factors, nor

12 | has it provided any facts sufficient to meet its burden in favor of transferring this case to Guam.

13 |         Finally, the interests of justice are best served by hearing this case in the Northern

14 | District of California where this Court has promulgated a special set of local patent rules for

15 | litigants due to the large number of patent cases handled by this Court. *See* U.S. Dist. Ct. N.D.

16 | Cal. Patent L.R. 1-2. In fact, Nanya has even proposed adopting the Northern District of

17 | California's rules of practice in patent cases in the Guam action, thereby recognizing this Court's

18 | familiarity with patent matters. (Holm Decl. ¶ 18; *id.*, Ex. P) (Nanya's Proposed Guam

19 | Scheduling Order, November 26, 2006 ¶ 19(b)). Accordingly, maintaining this case in the

20 | Northern District of California is appropriate.

21 |

22 |

23 |

24 |

---

[7] Defendants regularly appear in the U.S. District Court for the Northern District of California. Indeed, a recent search of on-line databases revealed dozens of cases in which Defendants presently or recently have been part to litigation in the Northern District, including numerous patent and antitrust litigations.

**C.** **This Case is First Filed Because It Was Filed Before Nanya's Amended Guam Complaint**

Generally, a first-filed action is preferred over a later-filed action unless considerations of judicial and litigation economy require otherwise. *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993). As explained below, Nanya's Amended Guam Complaint, filed on November 17, 2006, does not relate back to Nanya's Original Guam Complaint. For the purposes of this doctrine, Fujitsu's Complaint filed in this district on October 24, 2006 is the effective "first-filed" complaint, and the present case should thus not be dismissed or transferred to Guam for this additional reason.

Under Fed. R. Civ. P. Rule 15(c), an amended complaint relates back to the date of the original complaint when: "(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or (3) the amendment changes the party or the naming of the party against whom a claim is asserted . . . ." Fed. R. Civ. P. 15(c). The facts of the Guam action do not satisfy any of the requirements of Rule 15(c) governing relation back. Rule 15(c)(1) does not apply because the statute of limitations for claims of patent infringement set forth in 35 U.S.C. § 286 does not permit relation back. *See* 35 U.S.C. § 286. Rule 15(c)(3) does not apply because Nanya's Amended Guam Complaint added a new plaintiff, not a new party against whom a claim is asserted.

Rule 15(c)(2) does not apply in this case for two reasons. First, "[a]n alleged infringement of one patent is not the 'same conduct, transaction or occurrence' as the alleged infringement of another patent." *Illinois Tool Works, Inc. v. Foster Grant Co.*, 395 F. Supp. 234, 250-51 (N.D. Ill. 1974), *aff'd*, 547 F.2d 1300 (7th Cir. 1976) (quoting Rule 15(c)). In its brief, Nanya states that it amended its Original Guam Complaint to add Nanya USA as a party, yet

neglects to mention that it also added declaratory judgment claims against U.S. Patent No. 6,104,486 ("the '486 patent"). Thus, Nanya's Amended Guam Complaint does not relate back because the claims against the '486 patent are not the same conduct, transaction or occurrence as the claims against the other Fujitsu patents in Nanya's Original Guam Complaint.

Second, the Amended Guam Complaint adds antitrust and Clayton Act claims by Nanya USA, which are clearly not the same claims as those of Nanya, an entirely different plaintiff. Further, there is no identity of interest between Nanya USA and Nanya. For example, unlike Nanya, Nanya USA does not own any of the patents in suit. Thus, the addition of Nanya USA as a plaintiff in Guam prevents Nanya's Amended Guam Complaint from relating back to Nanya's Original Guam Complaint. *See In re Syntex Corp. Sec. Litig.*, 855 F. Supp. 1086, 1098 (N.D. Cal. 1994), *aff'd*, 95 F.3d 922 (9th Cir. 1996).

Under the "first-to-file" analysis, when there are two actions involving the same parties pending concurrently in different districts, it is within the court's discretion to give preference to the "first filed" case and stay or dismiss the second-filed case. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). Because Nanya's Amended Guam Complaint does not relate back and receive the benefit of the filing date of its Original Guam Complaint, Fujitsu's Complaint is the first-filed case for purposes of a § 1404(a) analysis. *See Pacesetter Sys., Inc.*, 678 F.2d at 95. Therefore, this Court should give preference to this case under the first filed rule and not transfer this case to Guam.

D.     **Nanya Should Not Receive Benefit of First-to-File Rule for Its Original Guam Complaint**

Even if this Court determines that Nanya's Amended Guam Complaint relates back to its Original Guam Complaint, Nanya should still not receive the benefit of the first-to-file rule because exceptions to the first-to-file rule would apply. "The circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit, and

forum shopping . . . ." *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) (internal citations omitted). As explained below, the circumstances surrounding Nanya's filing of its Original Guam Complaint meet two of the three exceptions set forth in *Alltrade*.

### 1. Nanya's Original Guam Complaint Was Anticipatory

This Court has held that "the Declaratory Judgment Act is not to be invoked to deprive a plaintiff of [its] choice of forum and timing, precipitating a disorderly race to the courthouse." *Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003) (citing *DeFeo v. Procter & Gamble Co.*, 831 F. Supp. 776, 778 (N.D. Cal. 1993)) (dismissing accused infringer's first-filed declaratory judgment suit under anticipatory exception). Where a plaintiff anticipatorily initiates litigation, application of the first to file rule "would thwart settlement negotiations, encouraging intellectual property holders to file suit rather than communicate with an alleged infringer." *Id.*

The mediation in Japan had entered a global settlement stage. Seeking to gain a tactical advantage in settlement negotiations before the Tokyo District Court Nanya requested a list of all patents worldwide that Fujitsu believed were infringed by Nanya, including U.S. patents, for the alleged purpose of preparing for an upcoming settlement meeting. (Nanya's letter of August 10, 2006). But instead of using the list for settlement purposes, Nanya used it to beat Fujitsu to the U.S. courthouse and deprive Fujitsu of its choice of forum. Specifically, Nanya filed the Guam action, adding every Fujitsu U.S. patent on the list and sent a letter to Fujitsu advising them that they were now trapped in Guam and thus should settle the case. (Shore Letter at 3.)

Courts have found earlier-filed cases anticipatory and have refused to transfer cases under the first-to-file doctrine when doing so would "unreasonably penalize" an intellectual property holder that attempted to resolve the dispute before filing suit. *Xoxide, Inc. v. Ford Motor Co.*, 448 F. Supp. 2d 1188, 1194 (C.D. Cal. 2006) (dismissing accused infringer's

1  first-filed declaratory judgment suit as anticipatory and an improper attempt at forum shopping).

2  Similarly, transferring this case to Guam would "unfairly penalize" Fujitsu, which negotiated

3  with Nanya in good faith before seeking judicial resolution of this dispute.

4  **2.      Nanya's Original Guam Complaint Is Evidence of Forum Shopping**

5  By filing in Guam, Nanya selected the district court most remote from the

6  continental U.S. and, more importantly, from FMA, the only U.S. based defendant in that action.

7  Guam is nearly 6,000 miles from this district, where FMA and Nanya USA are headquartered.

8  In its brief, Nanya stresses the benefits of the proximity of Guam to Japan and Taiwan, but this is

9  a U.S. patent case, and the only U.S. parties are located in this district, far from Guam.  Further,

10  as discussed above, none of the parties to the Guam suit has contacts with Guam.  Based on these

11  facts it is clear that Nanya made a tactical decision to choose Guam purely to inconvenience

12  Plaintiffs.  The Shore Letter made these tactics plain by focusing on Fujitsu allegedly being

13  trapped in Guam and encouraging settlement before "additional money is wasted on litigation".

14  (Shore Letter at 3.)  Therefore, Nanya's filing in Guam was an improper attempt at forum

15  shopping. *See Xoxide, Inc.*, 448 F. Supp. 2d at 1194.

16  **E.      Nanya USA Is in Default**

17  Nanya USA is currently in default for its continuing failure to timely file an

18  answer.  Nanya USA's answer was due on November 21 and that deadline was not tolled by

19  either of the pending motions.  The motion to dismiss or quash for insufficient service (Dkt. No.

20  14) does not even relate to Nanya USA -- it only relates to Nanya, the *Taiwanese*

21  corporation.  And the motion to dismiss, transfer or stay (Dkt. No. 18) was not a 12(b) motion

22  but a first-to-file motion. *See* Fed. R. Civ. P. Rule 12(b).  Such a motion is "independent of Rule

23  12(b)." *Daugherty v. Popick*, 89 F.R.D. 642, 644 (S.D.N.Y. 1981).  Although that motion

24  mentions Rule 12(b)(2) (personal jurisdiction), Rule 12(b)(5) (service of process) and venue in

25  passing at page 2, it does not raise those challenges nor could it with respect to Nanya USA,

which is a California corporation that was personally served in California.  Convenience is also mentioned in passing, but that too is not a 12(b) motion.  The superficial mention of Rule 12 on page 2 simply did not convert the motion into one that tolled Nanya USA's deadline to file an answer.  Nanya USA's procedural games are inappropriate and it would not be inappropriate to enter a default or other sanction against it.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Nanya's Motion to Dismiss, Transfer or Stay this Case.

Respectfully submitted,

Dated: January 12, 2007          By: _____

Milbank, Tweed, Hadley & McCloy LLP
Gregory Evans (State Bar No. 147623)
Chris L. Holm (Pro Hac Vice)
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone: (213) 892-4000
Facsimile: (213) 629-5063

Milbank, Tweed, Hadley & McCloy LLP
Christopher E. Chalsen (Pro Hac Vice)
Michael M. Murray (Pro Hac Vice)
Lawrence T. Kass (Pro Hac Vice)
Frank A. Bruno (Pro Hac Vice)
1 Chase Manhattan Plaza
New York, NY 10005
Telephone:(212) 530-5000
Facsimile: (212) 530-5219

Attorneys for Plaintiffs
FUJITSU LIMITED and
FUJITSU MICROELECTRONICS AMERICA, INC.