MILBANK, TWEED, HADLEY & MCCLOY LLP
Gregory Evans (State Bar No. 147623)
Chris L. Holm (*Pro Hac Vice*)
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone: (213) 892-4000
Facsimile: (212) 822-5796
gevans@milbank.com
cholm@milbank.com

MILBANK, TWEED, HADLEY & MCCLOY LLP
Christopher E. Chalsen (*Pro Hac Vice*)
Michael M. Murray (*Pro Hac Vice*)
Lawrence T. Kass (*Pro Hac Vice*)
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000
Facsimile: (212) 822-5796
cchalsen@milbank.com
mmurray@milbank.com
lkass@milbank.com

Attorneys for Plaintiffs,
FUJITSU LIMITED and
FUJITSU MICROELECTRONICS AMERICA, INC.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| FUJITSU LIMITED, FUJITSU MICROELECTRONICS AMERICA, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> NANYA TECHNOLOGY CORP. and NANYA TECHNOLOGY CORP. U.S.A., <br><br> Defendants. | CASE NO. 4:06-cv-06613 (CW) <br><br> **Plaintiffs' Sur-Reply in Opposition to Defendants' Motion to Dismiss, Transfer or Stay Case** <br><br> Date: February 2, 2007 <br> Time: 10:00 A.M. <br> Location: Courtroom 2, 4th Floor |

## I. INTRODUCTION

Plaintiffs Fujitsu Limited ("Fujitsu") and Fujitsu Microelectronics America, Inc. ("FMA") (collectively "Plaintiffs") submit this sur-reply to Defendants' Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss, Transfer or Stay Case (Dkt. No. 61) ("Reply") submitted by Nanya Technology Corp. ("Nanya") and Nanya Technology Corp. U.S.A. ("Nanya USA") (collectively "Defendants").

Defendants' Reply raises a number of new legal and factual arguments that should have been raised, if at all, in Defendants' Motion to Dismiss, Transfer or Stay Case (Dkt. No. 18) ("Motion"), and not for the first time in their Reply. *See, e.g., Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 309 (N.D. Cal. 2005) (quoting *Gold v. Wolpert*, 876 F.2d 1327, 1331 n. 6 (7th Cir. 1989)) ("It is well settled that new arguments cannot be made for the first time in reply. This goes for new facts too."); *Day Village Ltd. Partnership v. CW Capital L.L.C.*, 2006 WL 2572118, *3 (S.D.N.Y. 2006) (motion to transfer venue). A court should be particularly reluctant to consider new arguments raised for the first time in reply when they relate to issues on which the moving party bears the burden of proof. *Id.*; *Fischer v. Adams County School Dist. No. 12*, 2006 WL 407820, *2 (D. Colo. 2006) (denying motion to dismiss) ("Just as courts do not consider issues raised for the first time in a reply brief, it would be inequitable to consider arguments regarding issues as to which the movant has the burden of proof that are not fully developed until the reply brief.") (citation omitted); *Smith v. Accenture U.S. Group Long Term Disability Ins. Plan*, 2006 WL 2792695, *2 (N.D. Ill. 2006); *Daghlian v. DeVry University, Inc.*, 2006 WL 3257861, *29 (C.D. Cal. 2006) (a court has discretion to consider new material in reply for motion to dismiss, but then it must afford the opposing party an opportunity to respond) (citations omitted); *see also Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (summary judgment).

Plaintiffs address below several new issues improperly raised in Defendants' Reply and respectfully request that the Court disregard the new arguments and alleged facts. Alternatively, if the Court decides to consider the new material, then Plaintiffs respectfully request that the Court also consider the responses set forth below.

## II. GUAM IS AN IMPROPER VENUE

### A. Transfer to Guam Is Inappropriate Because the Guam Court Does Not Have Jurisdiction and Did Not Have It When This Action Was Filed in California

In their Reply, Defendants state that Fujitsu has asked "this Court to make a personal jurisdiction determination for the District Court in Guam - as if this Court could somehow dismiss the Guam Case."[1] (Reply at 1.) However, Defendants have clearly missed the point. A transfer is only proper under § 1404(a) if there is venue and jurisdiction in the transferee court at the time of filing of the action in the transferor court. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960); *Commercial Lighting Prods. v. U.S. Dist. Court*, 537 F.2d 1078 (9th Cir. 1976); *Russell v. Cunningham*, 191 F. Supp. 82, 83 (D. Guam 1961). For example, the Ninth Circuit vacated an order by a California district court transferring an action to a jurisdiction of improper venue. *Commercial Lighting Prods.*, 537 F.2d at 1079-80.[2]

Moreover, as the parties moving to transfer this case to Guam, Defendants bore the burden of proving *in their Motion* that this action, at the time it was filed, could have been brought in Guam. *Yang v. Odom*, 409 F. Supp. 2d 599, 604 (D.N.J. 2006). Defendants cite *Agilent Techs, Inc. v. Elan Microelectronics Corp.*, No. C 04-05385-JW, 2005 U.S. Dist. LEXIS 34305 (N.D. Cal. 2005), in arguing that their factual allegations are sufficient to make a *prima facie* showing of personal jurisdiction in Guam. However, a bare factual allegation is only sufficient if the facts are not controverted. *Id.* at *9. In *Agilent*, the court found purposeful availment and jurisdiction based on facts that appear to have been undisputed. *Id.* at *7-8.

As explained in Plaintiffs' opposition and further below in response to Defendants' new factual allegations, Plaintiffs contest jurisdiction in Guam (as well as venue and convenience)

---

[1] Defendants also allege that Plaintiffs rely exclusively on Ninth Circuit case law when arguing a lack of personal jurisdiction in Guam. In fact, Plaintiffs cited *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355 (Fed Cir. 1998) and provided the Court with a copy of its Guam brief citing several Federal Circuit cases on the issue. Plaintiffs also cited various district court cases. It was not inappropriate to also rely in part on Ninth Circuit cases because (a) Nanya cited no patent law or stream of commerce theory as a basis for personal jurisdiction in its Guam Complaint (see Kass Decl. Ex. A ¶ 5); and (b) regional circuit law applies to issues that are not unique to patent law. Plaintiffs appropriately relied on Ninth Circuit cases for jurisdictional issues that apply to both patent and antitrust, such as Nanya's alter-ego and agency theory.

[2] The Court may contrast the present circumstances with *A. J. Industries, Inc. v. U.S. District Court For the Central District of California*, 503 F.2d 384 (9th Cir. 1974), where transfer under 1404(a) was proper because an answer was filed in the transferee court, conferring that court with jurisdiction *before* an action was filed in the transferor court. Here, by contrast, Fujitsu and FMA have not answered in Guam because they strongly contest service, personal jurisdiction, and venue in Guam.

and Defendants have failed to meet their burden to prove jurisdiction in Guam. Defendants simply allege jurisdictional facts with no support whatsoever. For example, Defendants include a new table listing products, product names and locations in Guam. But Defendants utterly fail to provide any evidentiary support to show that the listed products allegedly found at the identified locations contain accused DRAM from Plaintiffs, or that any of those products arrived through some stream of commerce tied to Plaintiffs in a manner that would result in jurisdiction in Guam. Even if the listed items are or contain Plaintiffs' DRAM and are found in Guam, Defendants have entirely failed to correlate any of them to any particular patent or patent claim. Accordingly, Plaintiffs directly contest Defendants' bare allegations, rendering those allegations insufficient to meet Defendants' burden of establishing jurisdiction in the transferee court.

### B. Defendants' New Clayton Act Argument Is Meritless

Defendants disingenuously argue that Plaintiffs "ignore" Section 12 of the Clayton Act. (Reply at 5.) In fact, it was Defendants who failed to even mention the Clayton Act in their Motion, raising it for the first time in their Reply. In any event, Section 12 of the Clayton Act is simply irrelevant to whether the Guam court would have had jurisdiction over *this action*, *i.e.*, the California action, at the time it was filed, as there are no antitrust claims in this action at all.

Also, while Section 12 of the Clayton Act *can authorize* the exercise of nationwide personal jurisdiction over antitrust defendants in appropriate circumstances,[3] *Go Video, Inc. v. Akai Elec. Co., Ltd.*, 885 F.2d 1406, 1413-15 (9th Cir. 1989), Nanya did not serve its Guam Complaint "pursuant to" Section 12 of the Clayton Act and therefore cannot claim it as a basis for personal jurisdiction with respect to that complaint. (*See* Declaration of Lawrence T. Kass ("Kass Decl.") Ex. A (Guam Complaint) ¶¶ 5-7 (bases for subject matter jurisdiction, personal jurisdiction, and venue, respectively).) *See also General Cigar Holdings, Inc. v. Altadis, S.A.*, 205 F. Supp. 2d 1335,

---

[3] In making their new argument that it is reasonable to bring an antitrust action against Fujitsu virtually anywhere in the United States, Defendants allege that Fujitsu "is a defendant in no fewer than 29 current antitrust cases related to its sale of memory chips in the United States." (Reply at 9.) Defendants fail to mention that the MDL panel is currently considering transfer of all of those cases to the **Northern District of California** for consolidation into *In re Static Random Access Memory (SRAM) Antitrust Litigation*, MDL Docket No. 1819, except for just a few that have not been pending long enough for the issue to be addressed. Nanya itself is also party to a similar number of antitrust actions, similarly pending in this district under MDL procedures. Thus, such cases only further show that transfer to Guam is inappropriate.

1340 (S.D. Fla. 2002), *aff'd*, 54 Fed. Appx. 492 (11th Cir. 2002) ("to activate the worldwide service provision of Section 12 of the Clayton Act, a plaintiff must actually serve the defendant pursuant to that provision.") (citing *Doe v. Unocal Corp.*, 27 F.Supp.2d 1174 (C.D. Cal. 1998), *aff'd*, 248 F.3d 915 (9th Cir. 2001).

Defendants tried to address that deficiency by asserting Section 12 of the Clayton Act for the first time in their Amended Guam Complaint as a basis for personal jurisdiction. (*See* Kass Decl. Ex. B ¶ 7 (Amended Guam Complaint).) However, as explained below, an amended complaint cannot relate back to a previous complaint over which there was no personal jurisdiction. *See infra* section III.A at 4. Here, the Guam court lacked personal jurisdiction over Nanya's Guam Complaint under Section 12 of the Clayton Act and otherwise, and therefore Defendants' Amended Complaint cannot relate back to Nanya's Guam Complaint.[4]

For these reasons, Defendants' new Clayton Act arguments should be ignored.

## III. DEFENDANTS' AMENDED GUAM COMPLAINT DOES NOT RELATE BACK TO NANYA'S GUAM COMPLAINT

Defendants raise a new argument that their Amended Guam Complaint relates back to Nanya's Guam Complaint. (*See* Reply at 7-10.) Nanya and Nanya USA are plaintiffs in the Guam action and therefore bear the burden on that issue. *In re Syntex Corp.*, 855 F. Supp. 1086, 1098 (N.D. Cal. 1994) (plaintiffs who amended complaint adding a party plaintiff failed to meet burden of proving that amended complaint related back). Yet Defendants failed to address the issue in their Motion, and their Reply arguments are meritless.

### A. Defendants' Amended Guam Complaint Cannot Relate Back Because the Guam Court Lacked Jurisdiction Over Nanya's Guam Complaint

An amended complaint cannot relate back to a previous complaint over which there was no jurisdiction. *Austin v. Trandell*, 207 F. Supp. 2d 616, 624 (E.D. Mich. 2002) ("it is axiomatic that in order for the doctrine of relation back to apply, the prior pleadings must be properly filed and the court must have jurisdiction over the claim at the time of the prior pleadings."); *see also Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assurance*

---

[4] Fujitsu Limited and FMA contest service, personal jurisdiction and venue regarding the Guam Amended Complaint but do not further address that here because as explained above, the relevant pleading is Nanya's Guam Complaint as it is the only one that was filed before this action was filed in California.

*Co.*, 700 F.2d 889, 893 n.9 (2nd Cir. 1983) (amendment requiring new service does not relate back). As explained above, the Guam Court lacked jurisdiction over Nanya's Guam Complaint, and therefore Defendants' Amended Complaint cannot relate back to Nanya's Guam Complaint.

### B. Defendants Added a New Patent

Defendants also incorrectly allege that "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." (Reply at 7.) However, "[a]n alleged infringement of one patent is not the 'same conduct, transaction or occurrence' as the alleged infringement of another patent." *Illinois Tool Works, Inc. v. Foster Grant Co.*, 395 F. Supp. 234, 250-51 (N.D. Ill. 1974), *aff'd* 547 F.2d 1300 (7th Cir. 1976). *See also* Fed. R. Civ. P. 15(c)(2).

Here, Defendants' declaratory judgment claim for U.S. Patent No. 6,104,486 ("the '486 patent") is not the same conduct, transaction or occurrence as Nanya's declaratory judgment claims on the other Fujitsu patents identified in Nanya's Guam Complaint. There is no familial relationship among the patents, e.g., the '486 patent does not claim priority to and is not a parent of any of the other patents. And there is no substantive relationship. The '486 patent is entitled "Fabrication process of a semiconductor device using ellipsometry" and covers a process for precisely measuring the size of a structure formed on a semiconductor wafer using an optical beam. "Ellipsometry" is not even mentioned in any of the Fujitsu patents identified in Nanya's Guam complaint.

Stretching incredibly to find some relatedness where none exists, Defendants argue that Fujitsu's assertion of the '486 patent in this case is further evidence of "Plaintiffs' antitrust misconduct," (Reply at 8,) as if Defendants' wholly unsupported antitrust allegations create a black hole into which all subsequent infringement claims raised by Fujitsu can be absorbed. Defendants' subsequent allegations in their Amended Guam Complaint regarding the '486 patent clearly do not relate back to Nanya's antitrust allegations in its Guam Complaint.

### C. Defendants Added Nanya USA as a New Party

Three criteria are commonly used to aid in determining whether a claim arises out of the same conduct, transaction, or occurrence under Rule 15(c)(2):

> 1) whether the defendant had notice of the claim plaintiff is asserting;
> 2) whether plaintiff will rely on the same kind of evidence offered in support of the original claim to prove the new claim; and
> 3) whether unfair surprise to the defendant would result.

*Moore's Federal Practice and Procedure* § 15.19[2] (2006). Defendants have satisfied none of these criteria in connection with the addition of Nanya USA. First, neither Fujitsu nor FMA had any notice that Nanya USA would be joined in Defendants' Amended Guam Complaint. Second, the addition of Nanya USA raises significant new issues relating to, *inter alia*, alleged injury on the antitrust claims. Third, the addition of Nanya USA as an entirely new antitrust plaintiff certainly would constitute "unfair surprise" to Fujitsu and FMA as the economic activities of Nanya and Nanya USA cannot be the same. For these reasons, Nanya USA's claims in the Amended Guam Complaint do not arise out of the same conduct, transaction, or occurrence as the claims in Nanya's Guam Complaint.

## IV. DEFENDANTS' NEW CONVENIENCE ARGUMENTS ARE MERITLESS

Defendants make two new convenience arguments for the first time in Reply, both of which are meritless. First, Defendants allege new facts in arguing that flights from Taiwan to Guam are "a third as long as they are to San Francisco." (Reply at 12.) These new allegations are misleadingly incomplete. Only *one* non-stop flight from Taipei, Taiwan to Agana, Guam is offered, only on two business days during a typical week, and only at inconvenient times (after midnight). (*See* Kass Decl. ¶¶ 5-6; *id.* Exs. C-D). Aside from this one inconvenient and sporadically offered flight, the other travel option from Taiwan is to take a one-stop flight which involves a total travel time of about eight hours. (*Id.*) In contrast, several nonstop flights from Taipei, Taiwan to San Francisco, California are available each day of a typical week and involve a travel time of less than eleven hours. (*Id.*) Accordingly, Defendants' new allegations provide less than a complete picture. Moreover, once in the Bay Area, Nanya's witnesses would be less than a 45 minute drive to their North American headquarters. By contrast, Nanya's witnesses would appear to have no business reason to otherwise travel to Guam.

| | |
|---|---|
| 1 | Defendants' second new convenience argument is that it is more efficient to try this |
| 2 | case in one forum. Plaintiffs agree, but the best and most obvious choice is the Northern District |
| 3 | of California -- the location of both U.S. parties' headquarters, documents and fact witnesses. The |
| 4 | Northern District of California is also much more convenient for various other witnesses and for |
| 5 | the production of documents both identified as located in Washington D.C. and elsewhere in the |
| 6 | continental United States. Plaintiffs' Fed. R. Civ. R. 26(a)(1) Initial Disclosure, N.D. Cal. 06-cv- |
| 7 | 06613, at 2-3, 7-8 (Kass Decl. Ex. E). Moreover, Defendants have recently asserted that all of |
| 8 | Nanya's relevant documents are in Texas; none have been identified as being in Guam, and no |
| 9 | Nanya witnesses are identified as being in Guam. Defendants' Initial Disclosures Pursuant to |
| 10 | Rule 26(a), N.D. Cal. 06-cv-06613, at 4-5 (Kass Decl. Ex. F). Guam has no relationship |
| 11 | whatsoever to the parties, witnesses or issues in this case, and is the most inconvenient forum in |
| 12 | the United States to prepare and try this complex patent infringement litigation. |

## V. CONCLUSION

Defendants raise a number of new factual allegations and legal arguments in their Reply, all of which should be ignored. However, if the Court is inclined to entertain these new allegations and arguments, Plaintiffs have demonstrated that Defendants have still failed to meet their burden of supporting transfer to Guam. Accordingly, Defendants' Motion should be denied.

Dated: January 30, 2007    By: _____

MILBANK, TWEED, HADLEY & MCCLOY LLP
Gregory Evans (State Bar No. 147623)
Chris L. Holm (*Pro Hac Vice*)
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone: (213) 892-4000
Facsimile: (212) 822-5796

MILBANK, TWEED, HADLEY & MCCLOY LLP
Christopher E. Chalsen (*Pro Hac Vice*)
Michael M. Murray (*Pro Hac Vice*)
Lawrence T. Kass (*Pro Hac Vice*)
1 Chase Manhattan Plaza
New York, NY 10005
Telephone:(212) 530-5000
Facsimile: (212) 822-5796

Attorneys for Plaintiffs
FUJITSU LIMITED and
FUJITSU MICROELECTRONICS AMERICA, INC.