IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUJITSU LIMITED, a Japanese corporation, and FUJITSU MICROELECTRONICS AMERICA, INC., a California corporation,<br><br>        Plaintiffs,<br><br>    v.<br><br>NANYA TECHNOLOGY CORP., a Taiwanese corporation, and NANYA TECHNOLOGY CORP., U.S.A., a California corporation,<br><br>        Defendants.<br>_____/ | No. C 06-6613 CW<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS, TRANSFER OR STAY CASE, AND GRANTING DEFENDANT NANYA'S MOTION TO QUASH |

    Defendants Nanya Technology Corp. (Nanya) and Nanya Technology Corp. U.S.A. (Nanya USA) (collectively, Defendants) move to dismiss, transfer or stay this action, arguing that there is a first-filed action in the District of Guam with identical parties and issues.  In a separate motion, Defendant Nanya moves to dismiss the complaint against it based on insufficient service of process or, alternatively, to quash service.  Plaintiffs Fujitsu Limited

and Fujitsu Microelectronics America, Inc. (FMA) (collectively, Plaintiffs) oppose the motions.  The matters were heard on February 2, 2007.  Having considered all of the parties' papers and oral argument, the Court denies Defendants' motion to dismiss, transfer or stay the action and grants Defendant Nanya's motion to quash the service that has ineffectively been made on it.

## BACKGROUND

In 1999, Fujitsu Limited accused Nanya of unauthorized use of its memory chips technology.  Over the next years, Fujitsu Limited and Nanya met numerous times in Japan to discuss the terms of licenses to patents covering Fujitsu Limited's technology.  They were unable to come to any agreement.  According to Nanya, Fujitsu Limited was pressuring it to pay worldwide licensing fees on Fujitsu Limited's Japanese and United States patents, many of which were expired, and all of which were allegedly invalid or unenforceable.

Although negotiations continued, in August, 2005, Fujitsu Limited filed suit against Nanya in Tokyo District Court in Japan, alleging that Nanya infringed one of Fujitsu Limited's Japanese patents.  That litigation continues, and Fujitsu Limited and Nanya have engaged in court-supervised negotiations to settle that dispute.  Nanya alleges that Fujitsu Limited continues to demand that it take a worldwide license.

On August 10, 2006, prior to a negotiation session, Nanya requested a list of all the patents Fujitsu Limited believed Nanya infringed.  The next day, Fujitsu Limited provided Nanya with a

2

list of its Korean, Japanese and U.S. patents allegedly infringed by Nanya.

On September 13, 2006, Nanya sued Fujitsu Limited and FMA[1] in Guam. The complaint alleged antitrust violations based on Fujitsu Limited's misuse of its patent portfolio and infringement of Nanya's patents on related technology. In addition, Nanya sought declaratory relief that certain Fujitsu Limited patents asserted in the negotiations are invalid, unenforceable and not infringed by Nanya. Nanya states that it chose the District of Guam for several reasons, including that Guam is the closest district court to Fujitsu Limited, located in Japan, and Nanya, located in Taiwan. The next day, during a settlement conference, Nanya's counsel delivered a copy of the Guam complaint to Fujitsu Limited. FMA and Fujitsu Limited were later served with the complaint.

On October 24, 2006, the day before Fujitsu Limited and Nanya were to meet again in Japan to discuss settlement, Fujitsu Limited and FMA filed this action against Nanya and Nanya USA, which was not a party in the Guam action.[2] This action also involves a patent not originally named in the Guam action.

Plaintiffs first attempted to serve Nanya by giving the documents to an unnamed receptionist at Nanya's office in Taiwan. According to the Updated Return of Service, the server first asked

---

[1] According to the complaint, FMA is a wholly-owned subsidiary of Fujitsu Limited. Its principal place of business is in Sunnyvale, California.

[2] According to the complaint, Nanya USA is a wholly-owned subsidiary of Nanya. Its principal place of business is in San Jose, California.

the receptionist to see the manager of the legal department. After the receptionist stated that the manager was not available, she purportedly consented to receive the documents and agreed to forward the documents to Nanya's legal department.

In November, Nanya filed an amended complaint in the Guam action to include Nanya USA as a party. In addition, the amended complaint added new causes of action, including a declaratory judgment claim on Fujitsu Limited's patent at issue in this action, not previously named in the Guam action. Fujitsu Limited and FMA have moved to dismiss the action against them in Guam or, alternatively, to transfer the action to this district. The hearing on that motion is scheduled for March 22, 2007.

After Nanya filed its motion to dismiss based on invalid service, Plaintiffs again attempted to serve Nanya: a court clerk dispatched the summons and complaint to Nanya by international express mail. According to a United States Postal Service Track & Confirm print-out, on December 5, 2006, the package containing the summons and complaint was "delivered abroad." In addition, on December 18, 2006, Plaintiffs initiated service of process on Nanya by Letter Rogatory by filing with the Court an Application for Issuance of Letter of Request (Letter Rogatory), which the Court signed.

## DISCUSSION

Defendants move to dismiss, transfer to Guam or stay this case because of the first-filed action there with the same parties and issues. Nanya separately moves to dismiss the complaint against it, arguing it was not served properly. Plaintiffs respond that

4

this case should not be dismissed, that Nanya was properly served and that Nanya USA failed to answer the complaint and, thus, is in default.

I.   Motion to Dismiss, Transfer or Stay Case

The well-established first-to-file rule provides that "where substantially identical actions are proceeding in different courts, the court of the later-filed action should defer to the court of the jurisdiction of the first-filed action by either dismissing, staying, or transferring the later-filed suit." SAES Getters S.p.A. v. Aeronex, Inc., 219 F. Supp. 2d 1081, 1089 (S.D. Cal. 2002). The Federal Circuit explains that, in cases involving patents, it applies "the general rule whereby the forum of the first-filed case is favored, unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." Genentech, Inc. v. Eli Lilly & Co., 998 F.2d 931, 937 (Fed. Cir. 1993). Although the forum of the first-filed action is favored, exceptions "are not rare, and are made when justice or expediency requires." Id. Nonetheless, there must be "sound reason that would make it unjust or inefficient" for the district court to exercise its discretion to decline to apply the first-to-file rule. Id. ("the trial court's discretion tempers the preference for the first-filed suit, when such preference should yield to the forum in which all interests are best served"). Arguments that the first-to-file rule should not be applied, however, should be addressed to the court in the first-filed action. Alltrade Inc. v. Uniweld Products, Inc., 946 F. 2d 622,

5

628 (9th Cir. 1991); <u>Pacesetter Sys., Inc. v. Medtronic, Inc.</u>, 678 F.2d 93, 96 (9th Cir. 1982).

Here, it is undisputed that Nanya filed the Guam action six weeks before Plaintiffs filed this action. Plaintiffs, however, contend that this action was the first-filed action because Nanya's amended complaint, which added Nanya USA as a party and declaratory judgment claims against U.S. Patent No. 6,104,486 (the '486 patent) and which was filed on November 17, 2006, after this case was filed, does not relate back to Nanya's original complaint, filed in September. That is incorrect. Federal Rule of Civil Procedure 15 explains that an amended complaint "relates back" for purposes of the filing date, if "the claims or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Citing an out-dated out-of-circuit case, Plaintiffs argue that an alleged infringement of one patent is not the same conduct, transaction or occurrence as the alleged infringement of another patent. <u>See</u> <u>Illinois Tool Works, Inc. v. Foster Grant Co.</u>, 395 F. Supp. 234, 250-51 (N.D. Ill. 1974). Nanya's original complaint, however, includes antitrust claims based on Fujitsu Limited and FMA's alleged attempt to extort a worldwide license on patents that have expired or are invalid. The amended complaint adds claims arising out of Fujitsu Limited and FMA's alleged antitrust misconduct.

A complaint adding an additional party relates back if the relief sought "is sufficiently similar to constitute an identity of interest." <u>Bowles v. Reade</u>, 198 F.3d 752, 762 (9th Cir. 1999).

6

Here, Nanya USA seeks the same relief for anti-trust violations as Nanya did in the original complaint. Therefore, the amended Guam complaint relates back to the original claim, and the California action is not first-filed, as Plaintiffs assert.

Further, both actions involve the same parties and substantially similar issues. As Defendants note, all of the legal issues that Plaintiffs ask this Court to adjudicate are currently pending in the District Court of Guam. It makes no difference that the Guam complaint contains additional causes of action and additional patents. See Inherent.com v. Martindale-Hubbell, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006) (noting that two actions need not be identical, only "substantially similar"). Thus, unless there is an exception, the first-to-file rule applies and Defendants' suit in the Guam district court should be given priority.

As stated above, however, the court in the first-filed action should decide whether there is an exception to the first-to-file rule. Therefore, this Court will not address Plaintiffs' arguments that the complaint filed in Guam was anticipatory and evidenced forum shopping and that a balancing of convenience weighs in favor of litigation in Northern California. The Court defers to the Guam district court to decide the appropriate forum and whether the first-filed rule is applicable. See Pacesetter, 678 F.2d at 96 (noting that normally the respective convenience of the two courts should be addressed to the court in the first-filed action). Likewise, the Court will not address whether the District of Guam is a proper venue or whether the Guam district court has personal

7

jurisdiction over Fujitsu Limited and FMA. As Defendants note, that is a determination to be made by the Guam district court, not this Court.

As noted above, Fujitsu Limited and FMA have already moved to transfer the Guam action to this Court. The Court denies without prejudice Defendants' motion to dismiss, transfer or stay, pending the Guam district court's ruling on Fujitsu Limited and FMA's motion to transfer. The parties are instructed to notify the Court promptly upon entry of an order in the pending action in the Guam district court. If the Guam district court grants Fujitsu Limited and FMA's motion to transfer the first-filed action, the actions will be related and consolidated in this Court. If, however, the Guam district court denies Fujitsu Limited and FMA's motion to transfer, the Court will transfer this case to Guam.

II. Motion to Dismiss for Insufficient Service of Process or, Alternatively, to Quash Service of Process

Federal Rules of Civil Procedure 4(f) and 4(h) govern service on a foreign corporate defendant, such as Nanya. Rule 4(h)(2) provides that service upon a corporation outside the United States may be made "in any manner prescribed for individuals by subdivision (f)." Rule 4(f), in turn, provides the permissible methods of service upon individuals in foreign countries:

(1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; or

(2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:

8

    (A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or

    (B) as directed by the foreign authority in response to a letter rogatory or letter of request; or

    (C) unless prohibited by the law of the foreign country, by

      (i) delivery to the individual personally of a copy of the summons and the complaint; or
      (ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served; or

  (3) by other means not prohibited by international agreement as may be directed by the court.

Because Taiwan is not a party to the Hague Convention, subsection one is not of use. See, e.g., <u>Taylor Made Golf Co., Inc. v. Carsten Sports, Ltd.</u>, 175 F.R.D. 658, 661 (S.D. Cal. 1997). Nor is subsection three; the Court has not directed other means. Therefore, the question before the Court is whether Plaintiffs served Nanya effectively pursuant to subsection two.

When a defendant challenges the validity of service, the plaintiff bears the burden of establishing it. <u>Brockmeyer v. May</u>, 383 F.3d 798, 801 (9th Cir. 2004). If the plaintiff is unable to demonstrate effective service, the Court has broad discretion either to dismiss or to retain the action. When retaining the action, the Court quashes the service that has ineffectively been made on the defendant, while providing the plaintiff the opportunity to serve the defendant effectively. <u>SVC-Napa, L.P. v. Strategy Resort Financing, Inc.</u>, 2006 WL 2374718, *1 (N.D. Cal.).

Plaintiffs argue that the hand-delivery of the summons and complaint to the receptionist constitutes proper service under

9

Rule 4(f)(2). They correctly note that courts have found a plaintiff's direct service by hand to be proper on Taiwanese defendants. <u>See</u>, <u>e.g.</u>, <u>Taylor Made Golf</u>, 175 F.R.D. at 661; <u>Cosmetech Int'l, LLC v. Der Kwei Enter. and Co., Ltd.</u>, 943 F. Supp. 311, 316 (S.D.N.Y. 1996). But, as Nanya points out, in the cases Plaintiffs cite the summons and complaint were hand-delivered to a manager of a corporation or to an individual party, which was not done here.

Plaintiffs argue that they also properly served Nanya by international mail, pursuant to Rule 4(f)(2)(C)(ii). Taiwan law does not prohibit service of process by mail. <u>Power Integrations, Inc. v. System Gen. Corp.</u>, 2004 WL 2806168, *3 (N.D. Cal.). In <u>Power Integrations</u>, the court denied the defendant's motion to quash for insufficiency of service. There, the clerk of the court dispatched a package, containing the summons and complaint, that was provided by the plaintiff. Similarly, here, the clerk of the court confirmed that a customs form, return receipt postcard and postage were affixed to a package containing the summons and complaint, and that the package, provided by Plaintiffs, was deposited with the United States Postal Service, Global Express Mail. In <u>Power Integrations</u>, the defendant signed for its package. Nanya, however, did not sign for the package. The only proof Plaintiffs proffer is that the package reached Taiwan and was "delivered abroad." Plaintiffs do not provide the return receipt postcard that was attached to the package, nor do they provide "other evidence," as required by Rule 4(l), to show that Nanya

10

received the summons and complaint. Therefore, the Court concludes that Plaintiffs have not met their burden of establishing the validity of service.

The Court, however, will not dismiss the complaint against Nanya for insufficient service of process; rather, it quashes the service that Plaintiffs ineffectively made on Nanya. As noted above, the Court signed Plaintiffs' Application for Issuance of Letter of Request (Letter Rogatory). The letter rogatory process is already in progress. Nanya does not dispute that service by letter rogatory is proper and, thus, when that process is completed, Plaintiffs will have served Nanya properly.

III. Default

Plaintiffs contend that Nanya USA is in default because it has not filed an answer. According to Plaintiffs, Nanya USA's answer was due November 21, 2006 and that deadline was not tolled by either of the pending motions. The motion to dismiss for insufficient service of process was brought solely by Nanya. And, although the motion to dismiss, transfer or stay states that it is brought under Rule 12(b)(2) and (5), it is actually brought under the first-to-file rule.

As Nanya USA points out, however, while motions under the first-to-file rule are generally considered to be outside of the ambit of the Rule 12(b) motions that suffice as responsive pleadings, they are often considered by courts prior to the filing of an answer. Sorensen v. Head USA, Inc., 2006 U.S. Dist. LEXIS 79519, 2-3 (S.D. Cal. 2006). See also 5C Charles Alan Wright &

11

Arthur R. Miller, <u>Federal</u> <u>Practice</u> <u>and</u> <u>Procedure</u> § 1360 (3d ed. 2006) ("A motion to stay also is not within the ambit of the defenses enumerated in Rule 12(b).  Nonetheless, relying on their inherent power, federal courts often consider these motions in an effort to maximize the effective utilization of judicial resources and to minimize the possibility of conflicts between different courts.").  While Nanya USA failed to file a responsive pleading, its motion to stay was a timely and proper filing.  Nanya USA is not ignoring this lawsuit and, contrary to Plaintiffs' assertion, an entry of default is not appropriate.  Nanya USA shall file its answer within twenty days of the date of this order.

## CONCLUSION

For the foregoing reasons, the Court DENIES without prejudice Defendants' Motion to Dismiss, Transfer or Stay Case (Docket No. 18), pending the Guam district court's ruling on Fujitsu Limited and FMA's motion to transfer.  As discussed above, if the Guam district court grants Fujitsu Limited and FMA's motion to transfer the first-filed action, the actions will be related and consolidated.  If, however, the Guam district court denies Fujitsu Limited and FMA's motion to transfer, the Court will transfer this case to Guam.  The Court GRANTS IN PART Defendant Nanya's Motion to Dismiss for Insufficient Service of Process or, Alternatively, to Quash Service of Process (Docket No. 14) and DENIES it IN PART. The Court will not dismiss this action against Nanya; however, the Court quashes the service that has ineffectively been made on Nanya.  Plaintiffs are granted an extension of time to serve Nanya

until the letter rogatory process is complete.[3]

IT IS SO ORDERED.

Dated: 2/9/07

CLAUDIA WILKEN
United States District Judge

---

[3] Plaintiffs' Motion for Leave to File Sur-reply (Docket No. 69) is DENIED.