| | |
|---|---|
| 1 | Martin C. Fliesler (SBN 073768) mcf@fdml.com |
| | Rex Hwang (SBN 221079) rhwang@fdml.com |
| 2 | Justas Geringson (SBN 240182) jgeringson@fdml.com |
| 3 | FLIESLER MEYER LLP |
| | 650 California Street, 14th Floor |
| 4 | San Francisco, CA 94108 |
| | Telephone: (415) 362-3800 |
| 5 | Facsimile: (415) 362-2928 |
| 6 | |
| | Michael W. Shore (*Pro Hac Vice*) mshore@shorechan.com |
| 7 | Alfonso Chan (*Pro Hac Vice*) achan@shorechan.com |
| | Martin Pascual (*Pro Hac Vice*) mpascual@shorechan.com |
| 8 | Jennifer Murphy (*Pro Hac Vice*) jmurphy@shorechan.com |
| 9 | SHORE CHAN BRAGALONE, LLP |
| | 325 N. St. Paul St. Suite 4450 |
| 10 | Dallas, TX 75201 |
| 11 | Telephone: (214) 593-9110 |
| | Facsimile: (214) 593-9111 |
| 12 | |
| | Attorneys for Defendants and |
| 13 | Counterclaim-Plaintiffs |
| 14 | Nanya Technology Corp. and |
| | Nanya Technology Corp. U.S.A. |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| FUJITSU LIMITED and FUJITSU MICROELECTRONICS AMERICA, INC. | Action No. C06-06613 CW |
| Plaintiffs and Counterclaim-Defendants, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE AND/OR DISMISS FUJITSU'S COUNTERCLAIMS** |
| vs. | |
| NANYA TECHNOLOGY CORP. and NANYA TECHNOLOGY CORP. U.S.A. | Date: May 17, 2007 Time: 2:00 pm Location: Courtroom 2, 4th Floor |
| Defendants and Counterclaim-Plaintiffs. | |

NOTICE IS HEREBY GIVEN THAT, on May 17, 2007, at 2:00 pm, Defendants and Counterclaim-Plaintiffs Nanya Technology Corp. and Nanya Technology Corp. U.S.A. (hereinafter collectively referred to as "Nanya") will move the Court to strike and/or dismiss the Counterclaims asserted by Plaintiffs and Counterclaim-Defendants Fujitsu Limited and Fujitsu Microelectronics America, Inc. (hereinafter collectively referred to as "Fujitsu"). Specifically, Nanya requests that this Court, pursuant to F.R.C.P. 12(f), strike Fujitsu's first, second, third, fourth, fifth and sixth claims for relief as set forth in Fujitsu Limited's and Fujitsu Microelectronics America, Inc.'s Reply, Affirmative Defenses and Counterclaims. Nanya requests that this Court dismiss Fujitsu's fourth claim for relief pursuant to F.R.C.P. 12(b)(6) and F.R.C.P. 9(b). Finally, Nanya seeks attorneys' fees and costs incurred in filing this motion to strike and/or dismiss for Fujitsu's inexplicable failure to first seek leave of court before filing its counterclaims.

This motion is/will be based on the accompanying memorandum of points and authorities, Defendants' and Counterclaim-Plaintiffs' Request for Judicial Notice in Support of Motion to Strike and/or Dismiss Fujitsu's Counterclaims, the papers and pleadings already on file in this Court, and any other evidence or arguments that maybe presented through the hearing of the motion.

Respectfully Submitted,

Dated: April 9, 2007                By: /s/ Martin C. Fliesler
                                    FLIESLER MEYER LLP
                                    Martin C. Fliesler (SBN 073768)
                                    Rex Hwang (SBN 221079)
                                    Justas Geringson (SBN 240182)

                                    SHORE CHAN BRAGALONE, LLP
                                    Michael Shore (*Pro Hac Vice*)
                                    Alfonso Chan (*Pro Hac Vice*)
                                    Martin Pascual (*Pro Hac Vice*)
                                    Jennifer Murphy (*Pro Hac Vice*)

                                    Attorneys for Defendants and
                                    Counterclaim-Plaintiffs
                                    Nanya Technology Corp. and
                                    Nanya Technology Corp. U.S.A.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On February 2, 2007, during the Case Management Conference, counsel for Plaintiffs and Counterclaim-Defendants Fujitsu Limited and Fujitsu Microelectronics America, Inc. (hereinafter collectively referred to as "Fujitsu") and Defendants and Counterclaim-Plaintiffs Nanya Technology Corp. and Nanya Technology Corp. U.S.A. (hereinafter collectively referred to as "Nanya"), were asked whether they would be adding any additional parties or claims to the lawsuit. Counsel for Fujitsu responded, "as of now, we don't have any – we don't know of anyone, your honor." See Defendants' and Counterclaim-Plaintiffs' Request for Judicial Notice in Support of Motion to Strike and/or Dismiss Fujitsu's Counterclaims, Exhibit 1, p. 24:23-25:1. Counsel for Nanya indicated that it would be asserting additional counterclaims and additional declaratory claims along with its answer. Id. at p. 25:8-20. Based on those representations, this Court set February 2, 2007 as the deadline to add additional parties or claims, with the limited exception of any counterclaims filed with Nanya's Answer. Id. at p. 25:21-26; see also [Doc 73].

On March 16, 2007, contrary to its previous representation at the Case Management Conference and indifferent to this Court's Case Management Order, Fujitsu asserted six new claims for relief (hereinafter collectively referred to as "Fujitsu's counterclaims") in its reply to Nanya's counterclaims. Leave of court should have been obtained prior to filing those counterclaims. Furthermore, with its first counterclaim, Fujitsu added another distinct claim for patent infringement that could have, and should have, been included in its original complaint. Adding this new claim for patent infringement as a counterclaim merely amounts to a back-door attempt to amend the original complaint without leave of court in violation of F.R.C.P. 15(a). Fujitsu's decision to disregard this Court's order as well as the Federal Rules of Civil Procedure should not be allowed and Fujitsu's counterclaims should be striken. Additionally, Nanya seeks attorneys' fees and costs incurred in filing this motion to strike and/or dismiss for Fujitsu's inexplicable failure to first seek leave of court before filing its counterclaims. Finally, Fujitsu's fourth claim for relief for fraud is not plead with particularity as is required by F.R.C.P. 9(b) and should therefore be dismissed on that ground as well.

## II. ARGUMENTS

### a. Fujitsu's counterclaims should be stricken pursuant to FRCP 12(f).

Pursuant to Federal Rule of Civil Procedure 12(f), a court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fujitsu's new counterclaims constitute immaterial and/or impertinent matter since they were improperly filed by Fujitsu without leave of court in violation of this Court's Order as well as the Federal Rules of Civil Procedure.

The February 7, 2007 Minute Order and Case Management Order sets forth that the deadline to add additional parties or claims, with the exception of any counterclaim filed with Nanya's answer, is February 2, 2007. This is a deadline that Fujitsu voluntarily acquiesced to during the February 2, 2007 Case Management Conference. By filing its new claims/counterclaims without obtaining leave of court, Fujitsu clearly violated this Court's Case Management Order. Allowing Fujitsu to "pick and choose" which Court Orders it wishes to abide by at this early stage of the litigation would certainly establish an unsettling precedent in this case.

Fujitsu's decision to add new claims after the deadline is especially disconcerting as it relates to its first counterclaim for infringement of U.S. Patent No. 5,227,996 ("the '996 Patent"). Aside from this Court's Case Management Order, Fujitsu was also required to obtain leave of court prior to filing any additional claims under F.R.C.P. 15(a). The claim for infringement of the '996 Patent could have, and should have, been included in the original complaint. In fact, the instrumentalities accused of infringement in the original complaint are the same as those accused of infringing the '996 Patent. By waiting to assert the claim for infringement of the '996 Patent until filing its "counterclaim," Fujitsu has prejudiced Nanya by disrupting and complicating the schedule of actions to be taken pursuant to the Patent Local Rules.

Moreover, Fujitsu's failure to obtain leave of court violates both this Court's previous order as well as the Federal Rules of Civil Procedure. Such blatant disregard of the Federal Rules is sanctionable. See e.g., Medtronic, Inc. v. White, 365 F. Supp. 2d 1105, 1118-1119 (N.D. Cal. 2005) (ordering plaintiff to pay defendant's attorneys' fees and costs associated with the filing of a motion

to strike as a sanction for violating F.R.C.P. 15). It should also be noted that adding another patent infringement claim is the type of claim that should have been contemplated by Fujitsu when it made the representation to this Court that it did not have any additional claims to add in this case. Given Fujitsu's failure to obtain leave of court before filing this claim, in addition to the prior representation made to this Court by Fujitsu, Fujitsu should be sanctioned and this counterclaim should be stricken with prejudice.

### b. Fujitsu's fourth counterclaim should be dismissed under F.R.C.P. 12(b)(6) for failure to state fraud with particularity as required by F.R.C.P. 9(b).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), any claim or counterclaim should be dismissed if it fails to state a claim upon which relief can be granted. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Fed. R. Civ. P. 9(b); Desaigoudar v. Meyercord, 223 F.3d 1020, 1022-1023 (9th Cir. 2000). Allegations that are vague or conclusory are insufficient to satisfy the "particularity" required by Rule 9(b). Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989). Consequently, to allege fraud with particularity, a plaintiff must set forth more than the neutral facts necessary to identify the transaction. In re GlenFed, Inc. Secur. Litig., 42 F.3d 1541, 1547 (9th Cir. 1994). A plaintiff must include statements regarding the time, place, and nature of the alleged fraudulent activities. Id. at 1547-48. Plaintiffs are also required to set forth specific descriptions of the representations made, and the reasons for their falsity. Id. at 1548. Fujitsu's counterclaim for fraud fails to state a claim upon which relief can be granted since it fails to satisfy the strict pleading requirements of Rule 9(b).

In its fourth counterclaim, Fujitsu generally alleges that Nanya improperly obtained confidential information from Fujitsu through the use of fraudulent misrepresentations. Fujitsu further alleges that the confidential information was improperly used in preparing and filing unjustified declaratory judgment and antitrust claims against Fujitsu, and that Nanya knew it was breaching its obligation of confidentiality by disclosing confidential information in public record documents. Fujitsu's counterclaim, however, is conclusory and fails to specifically identify significant details regarding the alleged fraud. For example, there are no particular allegations as to:

(1) what specific confidential information is at issue in the claim; (2) how the allegedly confidential information was "improperly used" in preparing and filing the declaratory judgment and antitrust claims; (3) what public documents are at issue in this claim; and (4) what portions of those public documents contain the allegedly confidential information. Consequently, Fujitsu's fourth counterclaim for fraud should be dismissed under F.R.C.P. 12(b)(6) for failure to state fraud with particularity as required by F.R.C.P. 9(b).

### III. CONCLUSION

Based on the foregoing, Fujitsu's first, second, third, fourth, fifth and sixth claims for relief in Fujitsu Limited's and Fujitsu Microelectronics America, Inc.'s Reply, Affirmative Defenses and Counterclaims should be stricken pursuant to F.R.C.P. 12(f). Fujitsu's fourth counterclaim should also be dismissed pursuant to F.R.C.P 12(b)(6) and F.R.C.P. 9(b). Fujitsu should also be sanctioned for its disregard of this Court's order as well as the Federal Rules of Civil Procedure.

Respectfully Submitted,

Dated: April 9, 2007

By: /s/ Martin C. Fliesler
FLIESLER MEYER LLP
Martin C. Fliesler (SBN 073768)
Rex Hwang (SBN 221079)
Justas Geringson (SBN 240182)

SHORE CHAN BRAGALONE, LLP
Michael Shore (*Pro Hac Vice*)
Alfonso Chan (*Pro Hac Vice*)
Martin Pascual (*Pro Hac Vice*)
Jennifer Murphy (*Pro Hac Vice*)

Attorneys for Defendants and
Counterclaim-Plaintiffs
Nanya Technology Corp. and
Nanya Technology Corp. U.S.A.