MILBANK, TWEED, HADLEY & McCLOY LLP
Gregory Evans (State Bar No. 147623)
Chris L. Holm (*Pro Hac Vice*)
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone: (213) 892-4000
Facsimile: (213) 629-5063
gevans@milbank.com
cholm@milbank.com

MILBANK, TWEED, HADLEY & McCLOY LLP
Christopher E. Chalsen (*Pro Hac Vice*)
Michael M. Murray (*Pro Hac Vice*)
Lawrence T. Kass (*Pro Hac Vice*)
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
cchalsen@milbank.com
mmurray@milbank.com
lkass@milbank.com

Attorneys for Plaintiffs,
FUJITSU LIMITED and
FUJITSU MICROELECTRONICS AMERICA, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| FUJITSU LIMITED, a Japanese corporation, and FUJITSU MICROELECTRONICS AMERICA, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NANYA TECHNOLOGY CORP., a Taiwanese corporation, and NANYA TECHNOLOGY CORP. U.S.A., a California corporation,<br><br>Defendants. | CASE NO. 4:06-cv-06613 (CW)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE AND/OR DISMISS PLAINTIFFS' COUNTERCLAIMS**<br><br>Date:	May 17, 2007<br>Time:	2:00 P.M.<br>Location:	Courtroom 2, 4th Floor |

## I. INTRODUCTION

Plaintiffs Fujitsu Limited and Fujitsu Microelectronics America, Inc. (collectively "Fujitsu") hereby oppose the motion of Defendants Nanya Technology Corp. and Nanya Technology Corp. U.S.A. (collectively "Nanya") to strike and/or dismiss Plaintiffs' counterclaims. (Dkt. No. 87).

The Court should deny Nanya's motion because (1) Fujitsu's counterclaims were proper compulsory counterclaims in response to Nanya's counterclaims and Fujitsu was not required to obtain leave to amend before filing its counterclaims; (2) Fujitsu's counterclaims were in accordance with the exception to the deadline set by the Court during the Case Management Conference; and (3) Fujitsu's counterclaim for fraud was pled with sufficient particularity as required under Rule 9(b) of the Federal Rules of Civil Procedure.

## II. STATEMENT OF FACTS

Fujitsu and Nanya have been negotiating patent license issues for more than five years. Those negotiations began in 1999 when Fujitsu approached Nanya to discuss the terms of a license regarding Nanya's unauthorized use of substantial Fujitsu patented technology relating to semiconductor devices. Fujitsu and Nanya entered into a Confidentiality Agreement on February 17, 2005 concerning the confidentiality of documents and information in discussing a possible settlement of patent infringement claims. (Fujitsu Limited's and Fujitsu Microelectronics America, Inc.'s Reply, Affirmative Defenses and Counterclaims, Dkt. No. 86 ("Reply") ¶ 10.) The parties met numerous times but were unable to reach agreement. In August 2005, Fujitsu brought an action for patent infringement against Nanya in Japan, asserting a single patent.

Fujitsu and Nanya entered into a Letter Agreement on July 12, 2006 concerning the confidentiality of documents and information relating to a possible settlement of patent

infringement claims. (Reply ¶ 11.) On August 10, 2006, Nanya requested a list of all of Fujitsu's patents believed to be infringed by Nanya. Nanya claimed it would use the list to prepare for the upcoming negotiation of a worldwide license. Relying on Nanya's representation, on August 11, 2006 Fujitsu provided Nanya with a list of Korean, Japanese and U.S. patents that Fujitsu believed Nanya infringed.

On September 13, 2006, only one month after receiving Fujitsu's list of patents and the day before a scheduled meeting in Tokyo, Nanya filed a lawsuit in Guam seeking declaratory relief and asserting antitrust claims with respect to each and every Fujitsu U.S. patent on the list and patent infringement against Fujitsu. On October 24, 2006, Fujitsu filed the present action alleging patent infringement and requesting declaratory relief against Nanya. (Dkt. No. 1).

On February 2, 2007, this Court held a Case Management Conference to set deadlines and a schedule for the lawsuit. During the Conference, the Court stated that "Nanya proposes that all deadlines be [] slower." (Case Management Conference Hr'g Tr., February 2, 2007 attached as Exh. A to Declaration of Chris L. Holm in Support of Plaintiffs' Opposition to Defendants' Motion to Strike and/or Dismiss Plaintiffs' Counterclaims, April 26, 2007 ("Holm Decl.") at 6:22.) With regard to additional parties or claims, the Court stated, "we'll set today's date as the deadline with the exception of counterclaims that would be filed with the answer." (Holm Decl., Exh. A at 25:21-23.) The Court never indicated an intention to preclude Fujitsu from filing compulsory counterclaims in response to whatever counterclaims Nanya was to file in its Answer. Accordingly, the February 7, 2007 Minute Order and Case Management Order set forth a deadline to add additional parties or claims of February 2, 2007, "*with exception of any counterclaim filed with answer.*" (Minute Order and Case Management Order, Dkt. No. 73 at 1 (emphasis added).)

On February 21, 2007, Nanya filed an Answer and Counterclaims seeking declaratory relief for each and every Fujitsu U.S. patent on the list that was not already asserted, as well as antitrust and patent infringement claims against Fujitsu. (Nanya Technology Corporation's and Nanya Technology Corporation U.S.A.'s Answer, Affirmative Defenses and Counterclaims, Dkt. No. 80 ("Answer").) On March 16, 2007, Fujitsu filed its Reply to Nanya's counterclaims and asserted six compulsory counterclaims in response to Nanya's counterclaims.

## III. ARGUMENT

### A. Standard for a Motion to Strike

Pursuant to Federal Rule of Civil Procedure 12(f), the Court may strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. *Fantasy, Inc. v. Fogarty*, 984 F.2d 1524, 1526 (9th Cir. 1993) (citations omitted), *rev'd on other grounds*, 510 U.S. 517 (1994). Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. *Id.*

"Striking a party's pleading is an 'extreme measure,' and Rule 12(f) motions are viewed with disfavor and are infrequently granted." *In re JDS Uniphase Corp. Sec. Litig.*, 2005 WL 1705766, at *2 (N.D. Cal. 2005) (Wilken, J.).

The weight of authority allows a plaintiff to bring counterclaims in reply to a defendant's counterclaims where the counterclaims in reply are compulsory. *Electroglas, Inc. v. Dynatex Corp.*, 473 F. Supp. 1167, 1171 (N.D. Cal. 1979); *see also Frank Briscoe Co., Inc. v. Clark County*, 857 F.2d 606, 610 (9th Cir. 1988) ("Although [counterclaims in a reply are] not expressly authorized by the Federal Rules, it may be used where, as here, the claims are compulsory."); 5 Wright & Miller, Federal Practice & Procedure § 1188 (3d ed. 2004) ("If the plaintiff has a ... compulsory counterclaim under Rule 13(a)—the plaintiff must assert it in the

reply or risk being barred from bringing a later action on it. In this context, a counterclaim in the plaintiff's reply to the defendant's counterclaim seems entirely appropriate.").

A counterclaim in reply is compulsory if it arises out of the transaction or occurrence that is the subject matter of the defendant's counterclaim. Fed. R. Civ. P. 13(a); *Electroglas, Inc.*, 473 F. Supp. at 1171. The law is clear that "a claim for a declaration of noninfringement makes a counterclaim for patent infringement compulsory." *Polymer Indus. Prods. Co. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 938 (Fed. Cir. 2003).

### B. Fujitsu's Counterclaims Are Proper Compulsory Counterclaims in Response to Nanya's Counterclaims and Should Not Be Stricken

Fujitsu was not required to seek leave of Court to file its counterclaims in response to Nanya's counterclaims. To the contrary, Fujitsu was obligated to file infringement counterclaims on any patents that Nanya had introduced into the action, to the extent Fujitsu possessed sufficient facts, as such counterclaims are compulsory and would be barred if brought in a later lawsuit. *See Polymer Indus. Prods.*, 347 F.3d at 938.

In particular, Fujitsu was not required to seek leave to assert its first counterclaim of infringement of U.S. Patent No. 5,227,996 ("the '996 patent") because it was *in direct response Nanya's declaratory claim concerning the '996 patent* and therefore compulsory. *Electroglas*, 473 F. Supp. at 1171 ("Since ... plaintiffs' 'counterclaims in reply' arise out of the same transaction which is the subject matter of defendants' counterclaims, they are compulsory under Rule 13(a) and will be permitted to stand as pled.").

In addition, Fujitsu's second through sixth counterclaims are likewise proper as they also arose out of the same transaction or occurrence as the subject matter of Nanya's counterclaims. Before Nanya served its Answer and counterclaims, only four Fujitsu U.S. patents were at issue. Fujitsu's other patents were not at issue and therefore Fujitsu had no obligation to assert any related counterclaims.

Nanya however asserted declaratory judgment counterclaims of non-infringement with respect to a specific list of Fujitsu's U.S. patents, and antitrust counterclaims regarding that list of patents. By doing so, Nanya injected the list into this lawsuit along with the transactions and occurrences from which the list arose (*i.e.*, how Nanya obtained that list, and what Nanya did with it). As alleged in Fujitsu's counterclaims, *Nanya obtained that list from Fujitsu during confidential negotiations, and breached its obligations of confidentiality by publicly disclosing that list in Court filings* (*i.e.*, in Nanya's Guam complaints[1] and again in the counterclaims in its Answer). Moreover, Nanya solicited that list under false pretenses: it had agreed to use the list solely for negotiation with assurances of confidentiality. But all the while, Nanya in fact intended to publicly disclose the list in its declaratory judgment and antitrust complaint in Guam, as alleged in Fujitsu's compulsory counterclaims. Thus, Fujitsu properly and timely filed its compulsory counterclaims when Nanya injected that list of patents into the current lawsuit.

### C. Fujitsu's Counterclaims Are Permitted by the Court's Case Management Order

By agreeing to the February 2, 2007 deadline with the specific exception concerning counterclaims, Fujitsu preserved its right to assert compulsory counterclaims in response to counterclaims Nanya filed in its Answer. No statement made by Fujitsu or the Court during the Case Management Conference contradicts this point. In fact, the statement Nanya relies upon in its argument addresses merely whether Fujitsu intended *at that time* to add additional parties – "[A]s of now, we don't have any – we don't know of anyone, your honor." (Holm Decl., Exh. A at 24:25 – 25:1.) But at that time, Nanya had not yet filed its Answer and counterclaims. Thus, contrary to Nanya's contentions, Fujitsu did not make any representation

---

[1] Fujitsu has not yet filed its answer in the Guam action, but it of course reserves the right to assert these same breach of confidentiality and other related counterclaims. Nanya's and Nanya USA's Guam complaints likewise used that list, so Fujitsu's counterclaims are compulsory in Guam too.

06-cv-06613 (CW) -6- PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO
STRIKE AND/OR DISMISS
PLAINTIFFS' COUNTERCLAIMS

regarding additional claims, especially any representation regarding any future compulsory counterclaims in response to Nanya's as yet un-filed Answer and did not violate the Court's Case Management Order by responding to Nanya's counterclaims.

In fact, it is inconceivable that the Court's Case Management Order was intended to preclude Fujitsu from filing compulsory counterclaims in response to Nanya's counterclaims. Such a result would require Fujitsu to have anticipated the counterclaims filed in Nanya's Answer or would further delay this action in forcing Fujitsu to move to amend its complaint in order to add compulsory counterclaims. Nanya's dilatory conduct should not be rewarded. (*See* Holm Decl., Exh. A at 6:22.)

### D. Fujitsu's Fraud Counterclaim Is Pled with Sufficient Particularity under Rule 9(b) and Should Not Be Dismissed

In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Fed. R. Civ. P. 9(b). Malice, intent, knowledge and other condition of mind may be averred generally. *Id.*

"The elements of fraud or deceit are: a representation, usually of fact, which is false, knowledge of its falsity, intent to defraud, justifiable reliance upon the misrepresentation, and damage resulting from that justifiable reliance." *Competitive Techs. v. Fujitsu Ltd.*, 286 F. Supp. 2d 1118, 1148 (N.D. Cal. 2003). A counterclaim alleging fraud is sufficient under Rule 9(b) if it identifies by allegations the time, place and nature of the alleged fraudulent activities, and when a fraudulent statement is alleged, the plaintiff must set forth what was false or misleading about the statement and why it was untrue or misleading when made. *Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir. 1995) (citing *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc)). "A plaintiff may also satisfy Rule 9(b) with allegations of circumstantial evidence if the circumstantial evidence alleged explains how and why the statement was misleading when made." *Id.*

Fujitsu's counterclaim states the time, place and nature of the alleged fraudulent activities. In particular, Fujitsu's counterclaim alleges, *inter alia*, that Nanya, through a letter dated August 10, 2006, induced Fujitsu to provide confidential information and misrepresented that the information provided would be used only for purposes of a possible settlement of patent infringement claims (Reply ¶ 41.)

Furthermore, Fujitsu's counterclaim sets forth why the August 10, 2006 letter was false or misleading and why the letter was false or misleading when made. *See Fecht*, 70 F.3d at 1082. Specifically, the counterclaim alleges, *inter alia*, that upon information and belief, when sending its August 10, 2006 letter, as Nanya planned and intended to use and disclose the confidential information in its declaratory judgment and antitrust claims (Reply ¶¶ 42, 46.)

Accordingly, Fujitsu's counterclaim for fraud states a claim upon which relief can be granted, and it complies with the requirements of Rule 9(b).

### E. Fujitsu's Request for Sanctions is Frivolous and Sanctionable

Nanya cites *Medtronic v. White*, 365 F. Supp. 2d 1105 (N.D. Cal 2005) in support of its motion for sanctions. But that case involved no counterclaims and very different facts. *See* Answer of Dr. Geoffrey H. White, 2004 WL 2710477 (N.D. Cal. Jun. 24, 2004). There, "Medtronic clearly and inexplicably violated the plain language of Rule 15 by filing an amended complaint without leave of court and over strenuous objection by Dr. White. When asked to explain its blatant violation of Rule 15, Medtronic was unable to provide any satisfactory response." *Medtronic*, 365 F. Supp. 2d at 1118. None of those factors are present here. Nanya did not even meet and confer in advance of filing its motion, and Fujitsu has provided a more than satisfactory response: as discussed above, it was entirely proper for Fujitsu to file its counterclaims. Nanya's baseless allegations about Fujitsu's violation of the Federal Rules, including its inflammatory request for sanctions, should be disregarded and Fujitsu's

counterclaims should be permitted to stand. Moreover, in light of Fujitsu's more than satisfactory response, which Nanya did not bother to seek before filing its motion, Fujitsu requests that Court award sanctions in favor of Fujitsu against Nanya. *See Robinson v. City of San Bernardino Police Dept.*, 992 F. Supp. 1198, 1208 (C.D. Cal. 1998) (granting sanctions for frivolous request for sanctions).

## IV. CONCLUSION AND REQUEST FOR RELIEF

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' motion to strike and/or dismiss Plaintiffs' counterclaims. Nevertheless, if the Court believes that leave is required, Fujitsu hereby requests leave to amend its complaint *nunc pro tunc*.

Dated: April 26, 2007

Respectfully submitted,

By: _____

Milbank, Tweed, Hadley & McCloy LLP
Gregory Evans (State Bar No. 147623)
Chris L. Holm (Pro Hac Vice)
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone: (213) 892-4000
Facsimile: (213) 629-5063

Milbank, Tweed, Hadley & McCloy LLP
Christopher E. Chalsen (Pro Hac Vice)
Michael M. Murray (Pro Hac Vice)
Lawrence T. Kass (Pro Hac Vice)
Frank A. Bruno (Pro Hac Vice)
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

*Attorneys for Plaintiffs*
FUJITSU LIMITED and
FUJITSU MICROELECTRONICS AMERICA, INC.