**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9              IN THE UNITED STATES DISTRICT COURT

10         FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12  FUJITSU LIMITED, a Japanese                  No. C 06-6613 CW
    corporation, and FUJITSU
13  MICROELECTRONICS AMERICA, INC., a            ORDER GRANTING IN
    California corporation,                      PART MOTION TO
14                                               STRIKE PLAINTIFFS'
              Plaintiffs,                        COUNTERCLAIMS AND
15                                               DENYING MOTION TO
         v.                                      STRIKE PLAINTIFFS'
16                                               FIRST SUPPLEMENTAL
    NANYA TECHNOLOGY CORP., a Taiwanese          PATENT LOCAL
17  corporation, and NANYA TECHNOLOGY            RULE 3-1 DISCLOSURE
    CORP., U.S.A., a California
18  corporation,

19            Defendants.

20  ─────────────────────────────────────────/

21  AND RELATED COUNTERCLAIMS.

22  ─────────────────────────────────────────/

23

24       Defendants Nanya Technology Corp. and Nanya Technology Corp.

25  U.S.A. (collectively, Nanya) move to strike the counterclaims filed

26  by Plaintiffs Fujitsu Limited and Fujitsu Microelectronics America,

27  Inc. (collectively, Fujitsu).  In a separate motion, Nanya moves to

28

strike Fujitsu's First Supplemental Patent Local Rule 3-1

Disclosure.  Fujitsu opposes the motions.  The matter is decided on

the papers.  Having considered all of the papers filed by the

parties, the Court grants in part Nanya's motion to strike

Fujitsu's counterclaims and denies Nanya's motion to strike

Fujitsu's First Supplemental Patent Local Rule 3-1 Disclosure.

BACKGROUND

At the case management conference on February 2, 2007, the

Court asked whether Nanya or Fujitsu would be adding any additional

claims or parties to the lawsuit.[1]  Counsel for Fujitsu responded

that "as of now, we don't have any. . . ."  Counsel for Nanya

indicated that it would be asserting additional counterclaims and

additional declaratory claims along with its answer.  The Court

informed Nanya that it could file its counterclaims with its

answer, but other than that, February 2, 2007, was the deadline for

adding additional parties and claims.  The scheduling order

provides that, with the exception of any counterclaim filed with

the answer, the deadline to add additional parties or claims was

February 2, 2007.

---

[1]Prior to the case management conference, the Court heard
argument on Nanya's motion to dismiss, transfer or stay.  In its
February 9, 2007 order, the Court denied without prejudice Nanya's
motion.  The Court concluded that the case Nanya filed against
Fujitsu in Guam was the first-filed case and, therefore, this Court
would defer to the Guam district court to decide the appropriate
forum and whether the first-filed rule is applicable.  The Court is
still awaiting the Guam district court's ruling on Fujitsu's motion
to transfer the case in Guam to the Northern District of
California.  If that motion is denied, this case will be
transferred to Guam.  Nonetheless, in the interest of efficiency,
the Court rules on the within motions.

**United States District Court**
For the Northern District of California

1        On February 21, 2007, Nanya filed its Answer, Affirmative

2    Defenses and Counterclaims.  Count Thirteen was entitled,

3    "Non-Infringement, Invalidity, and Unenforceability of U.S. Patent

4    No. 5,227,996."  Although Fujitsu had previously accused Nanya of

5    infringing its '996 patent, Fujitsu had not alleged that Nanya

6    infringed the '996 patent in its complaint in this action, nor did

7    it include any assertions of the '996 patent in its Patent Local

8    Rule 3-1 Disclosure of Asserted Claims and Preliminary Contentions.

9        On March 16, 2007, Fujitsu filed its Reply, Affirmative

10   Defenses and Counterclaims.  It contained six counterclaims.  The

11   first counterclaim alleged that Nanya infringed its '996 patent.

12   The remaining counterclaims alleged breach of contract, breach of

13   confidentiality, fraud, negligent misrepresentation and unfair

14   competition under California law.  On April 4, 2007, Fujitsu filed

15   its First Supplemental Patent Local Rule 3-1 Disclosure of Asserted

16   Claims and Preliminary Infringement Contentions, which asserts that

17   Nanya infringes claims 1, 2, 3, 4, 5 and 13 of the '996 patent.

18   Fujitsu did not seek leave of the Court to file its six new claims

19   or to file its supplemental patent infringement disclosure.

20                              DISCUSSION

21       Nanya argues that Fujitsu's counterclaims and supplemental

22   disclosure were filed without leave of the Court in violation of

23   the Court's scheduling order, the Federal Rules of Civil Procedure

24   and the Local Patent Rules and, thus, should be stricken because

25   they constitute immaterial and impertinent matter.  Pursuant to

26   Federal Rule of Civil Procedure 12(f), the Court may strike from a

27

28                                  3

**United States District Court**
For the Northern District of California

1 pleading "any insufficient defense or any redundant, immaterial,

2 impertinent or scandalous matter."  See also Fed. R. Civ. P. 15(a)

3 ("a party may amend the party's pleading only by leave of court or

4 by written consent of the adverse party"); Patent L.R. 3-7

5 (explaining that, except in situations not applicable here,

6 amendment or modification of preliminary infringement contentions

7 "may be made only by order of the Court, which shall be entered

8 only upon a showing of good cause").

9       Fujitsu responds that its counterclaims are compulsory in

10 response to Nanya's counterclaims and thus should not be stricken.

11 It argues that it was not required to seek leave to file these

12 counterclaims or to supplement its preliminary infringement

13 contentions.

14       The Ninth Circuit has noted that counterclaims in reply may be

15 used in situations where the counterclaims are compulsory.  Frank

16 Briscoe Co., Inc. v. Dynatex Corp., 857 F.2d 606, 610 (9th Cir.

17 1988).  Nanya does not dispute that Fujitsu's counterclaims in

18 reply are responsive to its counterclaims, nor does it argue that

19 the counterclaims in reply are not compulsory.  Nanya points out

20 that Fujitsu was aware of the facts on which its counterclaims in

21 reply are predicated before Nanya filed its counterclaims and that

22 Fujitsu could have brought, in its original complaint, the claims

23 it now seeks to bring, but chose not to do so.  This, however, does

24 not provide cause to strike Fujitsu's counterclaims in reply.

25       Nonetheless, counterclaims in reply are treated "as an

26 amendment to the complaint."  Electroglas, Inc. v. Dynatex Corp.,

27 473 F. Supp. 1167, 1171 (N.D. Cal. 1979).  To simplify the

28                                        4

**United States District Court**
For the Northern District of California

1  pleadings, the Court directs Fujitsu to amend its complaint to add

2  its six counterclaims in reply as causes of actions in its

3  complaint.

4      Pursuant to the Local Patent Rules, Fujitsu should have sought

5  leave to file its supplemental patent infringement contentions.

6  Nonetheless, in the interest of judicial efficiency, and because

7  good cause does exist, the Court will not force Fujitsu to seek

8  leave to file its supplemental patent infringement contentions, nor

9  will the Court strike the supplemental contentions.  So as not to

10 prejudice Nanya, the Court will allow Nanya an additional twenty-

11 two days to file its response to Fujitsu's supplemental patent

12 infringement contentions.  If Nanya has already filed its response,

13 it may file an amended response twenty-two days from the date of

14 this order.

15                          CONCLUSION

16     For the foregoing reasons, Nanya's motion to strike Fujitsu's

17 counterclaims (Docket No. 87) is GRANTED IN PART.[2]  The Court

18 strikes Fujitsu's counterclaims, but it grants Fujitsu leave to

19 amend its complaint to add the causes of action it sought to bring

20 in its counterclaims in reply.  Fujitsu must file its amended

21 complaint within five days from the date of this order.  Nanya may

22 then file an answer, or it may rest on its prior answer and claims.

23 Nanya's motion to strike Fujitsu's First Supplemental Patent Local

24 Rule 3-1 Disclosures (Docket No. 92) is DENIED.  Nanya's request

25 for attorneys' fees and costs incurred in bringing its motions, is

26 _____

27     [2]Nanya's request for judicial notice (Docket No. 88) is
   GRANTED.

28                              5

also DENIED.

　　　IT IS SO ORDERED.


Dated:　　　6/6/07

_____
CLAUDIA WILKEN
United States District Judge