United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUJITSU LIMITED, a Japanese corporation, and FUJITSU MICROELECTRONICS AMERICA, INC., a California corporation,<br><br>      Plaintiffs,<br><br>  v.<br><br>NANYA TECHNOLOGY CORP., a Taiwanese corporation, and NANYA TECHNOLOGY CORP., U.S.A., a California corporation,<br><br>      Defendants.<br>_____/<br>NANYA TECHNOLOGY CORP., a Taiwanese corporation, and NANYA TECHNOLOGY CORP., U.S.A., a California corporation,<br><br>      Plaintiffs,<br><br>  v.<br><br>FUJITSU LIMITED, a Japanese corporation, and FUJITSU MICROELECTRONICS AMERICA, INC., a California corporation,<br><br>      Defendants.<br>_____/ | No. C 06-6613 CW<br><br>No. C 07-3672 CW<br><br>ORDER CONCERNING MOTION TO CONSIDER UPDATED CASE MANAGEMENT STATEMENT (DOCKET NOS. 121, 125) AND CONSOLIDATING CASES |

On September 13, 2006, Nanya Technology Corp. filed suit against Fujitsu Limited and Fujitsu Microelectronics America, Inc. (collectively, Fujitsu) in the District of Guam. A month later, Fujitsu filed suit against Nanya Technology Corp. and Nanya Technology Corp. U.S.A. (collectively, Nanya) in this Court. On July 27, 2007, the Guam District Court ordered the Guam action immediately transferred to this district, where it was assigned Case No. 07-3672 JL. The Court related the 07-3672 action to the 06-6613 action. The order relating the cases provides, "All case management dates set in C-06-6613 shall apply to C-07-3672." Prior to the Court relating the cases, Nanya and Fujitsu jointly filed a motion requesting that the Court consider the issues raised in their Updated Joint Case Management Statement. The Court now does so.

I. Consolidation

The first issue the parties raise is consolidation of the two actions. Federal Rule of Civil Procedure 42(a) permits consolidation of "actions involving a common question of law or fact." To determine whether to consolidate, a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. See Southwest Marine, Inc. v. Triple A Machine Shop, Inc., 720 F. Supp. 805, 807 (N.D. Cal. 1989). As the Ninth Circuit instructs, "Consolidation is within the broad discretion of the district court." In re Adams Apple, Inc., 829 F. 2d 1484, 1487 (9th Cir. 1987).

There is no question that these two cases involve common questions of law and fact; no party disputes it. Although the

2

1  parties do not formally move to consolidate the actions, they state
2  that the actions should be consolidated.  Judicial efficiency will
3  be served by consolidating these actions; therefore, the Court
4  consolidates the 06-6613 and 07-3672 actions.  All further filings
5  in these cases shall be made under the 06-6613 case.
6  II.   Severance of Causes of Action
7       Fujitsu proposes that, if the two actions are consolidated,
8  the Court sever Nanya's anti-trust counterclaims and patent misuse
9  affirmative defense from the patent and state law claims.  It
10 requests that the anti-trust issues be stayed pending resolution of
11 the patent and state law claims.  Because Nanya's patent misuse
12 defense is similar to its anti-trust claims, Fujitsu contends that
13 Nanya's patent misuse defense similarly should be stayed.  Fujitsu
14 notes that, in similar situations in the past, the Court has
15 bifurcated and stayed anti-trust issues, delaying discovery on
16 anti-trust issues until after the patent case has been tried.  As
17 another court in this district has recognized, "It is a common
18 practice in federal court to stay antitrust counterclaims until
19 after the trial of the invalidity issue."  Chip-Mender, Inc. v.
20 Sherwin-Williams Co., 2006 WL 13058, *13 (N.D. Cal.) (bifurcating
21 anti-trust counterclaims and staying discovery on those claims
22 "because the benefits to be derived from a stay will outweigh any
23 prejudice" and because resolution of the patent invalidity issue
24 "may dispose of the antitrust counterclaims altogether").
25      Nanya proposes the opposite.  It contends that the patent
26 claims and Fujitsu's state law claims should be severed and stayed
27 pending resolution of Nanya's anti-trust claims and patent misuse

*United States District Court*
*For the Northern District of California*

3

defense. It notes that it has requested that the U.S. Patent and Trademark Office (PTO) re-examine five of Fujitsu's patents at issue in this litigation. Nanya states that, if Fujitsu's five asserted patents are found to be invalid at the conclusion of the re-examination or the Court finds that Fujitsu misused its patents and that the five asserted patents are therefore unenforceable, it will agree not to prosecute its remaining claims for declaratory relief as to Fujitsu's other patents so long as Fujitsu does not assert them in any proceeding against Nanya or its customers. Nanya's argument that its proposal would serve the convenience of the parties and the Court and promote judicial economy is not persuasive.[1]

The Court will not try the anti-trust issues first. Rather, all anti-trust issues and Nanya's patent misuse affirmative defense shall be severed and stayed until the Court directs otherwise.

III. Need for a case management conference

On February 2, 2007, the Court held a case management conference in the 06-6613 case and issued a scheduling order. Pursuant to the Court's order relating the cases, the case management dates set in the 06-6613 case shall also apply to 07-3672 case. The next case management conference for these cases is scheduled for February 1, 2008.

Nanya requests that, in light of the transfer by the Guam

---

[1] Nanya requests that the patent issues be stayed pending the re-examination before the PTO. According to Fujitsu, the PTO has not yet decided whether it will re-examine five of the eighteen patents at issue in this litigation. Further, if Nanya seeks to stay this case pending re-examination, it must do so through a properly noticed motion to stay.

4

District Court, a case management conference be held as soon as possible, before February, 2008. An early case management conference, however, is not necessary. The Court has ordered that the case management dates shall be the same for both cases; thus, there are no longer any conflicting deadlines. Any conflicting discovery orders shall be addressed by a Magistrate Judge. The parties are ordered to meet and confer. If they are unable to reach an agreement concerning any conflicting discovery orders, Nanya shall file a discovery motion, which the Court will refer to a Magistrate Judge.

## CONCLUSION

In sum, the 07-3672 action shall be consolidated with the 06-6613 action. All further filings in these actions shall be made under Case No. C 06-6613 CW. Case No. C 07-3672 shall be administratively closed. All anti-trust issues and the patent misuse affirmative defense are severed and stayed until the Court directs otherwise. The next case management conference shall be held on February 5, 2008 at 2:00 p.m.

IT IS SO ORDERED.

Dated: 8/1/07

CLAUDIA WILKEN
United States District Judge

5