IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUJITSU LIMITED, a Japanese corporation, and FUJITSU MICROELECTRONICS AMERICA, INC., a California corporation,<br><br>        Plaintiffs,<br><br>    v.<br><br>NANYA TECHNOLOGY CORP., a Taiwanese corporation, and NANYA TECHNOLOGY CORP., U.S.A., a California corporation,<br><br>        Defendants._____/ | No. C 06-6613 CW<br><br>ORDER GRANTING IN PART NANYA'S MOTION FOR LEAVE TO AMEND ITS ANSWER |

Defendants Nanya Technology Corp. and Nanya Technology Corp., U.S.A. (collectively, Nanya) move for leave to amend their answer. Plaintiffs Fujitsu Ltd. and Fujitsu Microelectronics America, Inc. (collectively, Fujitsu) oppose Nanya's motion.  The matter was heard on April 3, 2008.  Having considered oral argument and all of the papers filed by the parties, the Court grants Nanya's motion in part and denies it in part.

BACKGROUND

Pursuant to a case management order, the deadline for adding new claims or parties in this action was February 2, 2007.  See Docket No. 73.  The Court subsequently gave Fujitsu leave to file an amended complaint, see Docket No. 108, which Fujitsu filed on

June 11, 2007. Nanya filed its answer on June 28, 2007. Nanya now seeks leave to amend that answer in order to alter its affirmative defenses in various respects.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Where a schedule has been filed, a party's ability to amend its pleading is governed by the good cause standard of Rule 16(b)(4), not the more liberal standard of Rule 15(a)(2). Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). In order to determine whether good cause exists, courts primarily consider the diligence of the party seeking the modification. Id. at 609; see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). "[N]ot only must parties participate from the outset in creating a workable Rule 16 scheduling order but they must also diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999).

## DISCUSSION

I. Revisions to the Inequitable Conduct Defense

Nanya's original inequitable conduct defense states that five of Fujitsu's patents are unenforceable "as a result of material misrepresentations made by the applicants, including Fujitsu Ltd., during the prosecution of their corresponding applications in the U.S. Patent and Trademark Office, combined with the requisite intent to deceive." Docket No. 112 at 10-11. The answer goes on to list specific examples of this conduct, consisting of Fujitsu's failure to disclose material prior art references when prosecuting

its patents.

The proposed amended answer withdraws the claim of inequitable conduct with respect to one of the Fujitsu patents. It also provides examples of undisclosed prior art references that are different from those contained in the original answer. Nanya has submitted a declaration stating that these new references came to light as a result of discovery produced during this case.

The Court finds that good cause exists to permit amendment of Nanya's inequitable conduct defense because the new allegations are based at least in part on information that was obtained through recently completed discovery.

II. Revisions to the Failure to State a Claim Defense

Nanya also seeks to elaborate on its defense that Fujitsu has failed to state a claim against it. Specifically, Nanya seeks to amend this defense by stating that Fujitsu's claims under § 17200 of the California Business and Professions Code are barred both because Fujitsu lacks standing to sue and because it has not identified a misrepresentation on Nanya's part. Nanya's original answer, however, is sufficient to preserve its defense of failure to state a claim. The new specific assertions in support of this defense need not be included in the answer; they may be raised on a future motion or at trial. See Fed. R. Civ. P. 12(h)(2).

Nanya also seeks to amend the same defense to assert that Fujitsu's claims under § 17200 of the California Business and Professions Code are barred by the litigation privilege. Unlike the other proposed amendments to this defense, however, the litigation privilege is an independent affirmative defense, not a way of failing to state a claim. See Edwards v. Centex Real Estate

3

1  Corp., 53 Cal. App. 4th 15, 37 (1997).  Nanya has not shown good
2  cause for permitting it to add such an affirmative defense at this
3  late date.

4  III. Revisions to the Waiver Defense

5      Nanya also seeks to amend its twelfth affirmative defense that
6  Fujitsu waived its state law claims.  Nanya's proposed amendment,
7  however, appears not to relate exclusively to its waiver defense or
8  to Fujitsu's state law claims.

9      Paragraph 116 of the proposed amended answer, which is
10 organized within the twelfth affirmative defense, actually appears
11 to provide additional factual allegations regarding Nanya's ninth
12 affirmative defense that Fujitsu's misuse of its patents renders
13 them unenforceable.  Specifically, this paragraph details Nanya's
14 assertion on page 14 of the original answer that Fujitsu encouraged
15 various standards-setting organizations to adopt its patented
16 technology and then failed to issue licenses to its patents on a
17 reasonable and non-discriminatory basis.  While the addition of
18 ¶ 116 is not strictly necessary, Fujitsu will not be prejudiced by
19 the amendment because it merely adds factual details to an existing
20 defense rather than adding an entirely new defense.  Therefore, the
21 Court will permit the amendment.

22     The remainder of Nanya's proposed amendment to its waiver
23 defense is contained in ¶ 115 of the proposed amended answer.  This
24 paragraph discusses Fujitsu's alleged non-disclosure of its patents
25 and patent applications to the JDEC Solid State Technology
26 Association.  Nanya claims that this violated the JDEC Patent
27 Policy, and that Fujitsu thereby waived its right to enforce the
28 undisclosed patents.  These allegations represent a new factual

4

basis for an affirmative defense of patent unenforceability, despite being listed under Nanya's pre-existing twelfth affirmative defense, which previously related only to Fujitsu's waiver of its state law claims.[1]  Nanya has represented that the new allegations are based on information contained in documents produced by Fujitsu in October and November, 2007.  This information was previously inaccessible to Nanya.  The Court finds that Nanya has acted diligently in seeking to amend its answer to add these allegations as a new affirmative defense.  The Court also finds that Fujitsu will not be prejudiced by the amendment because fact discovery does not conclude until October 17, 2008, giving Fujitsu an adequate opportunity to obtain information relevant to its rebuttal of the new defense.  Therefore, good cause exists to permit Nanya to amend its answer to add the allegations contained in ¶ 115 of the proposed amended answer.

CONCLUSION

For the above reasons, Nanya's motion to amend its answer is GRANTED IN PART and DENIED IN PART.  Nanya may file an amended answer containing: 1) the revised version of its inequitable conduct defense, as set forth in the proposed amended answer; and 2) the text set forth in ¶¶ 115 and 116 of its proposed amended answer.  Nanya may not amend its answer in any other way.

IT IS SO ORDERED.

Dated: 4/8/08

*(signature)*
CLAUDIA WILKEN
United States District Judge

---

[1] The twelfth affirmative defense previously gave no indication of its basis in fact.

5