See Signature Page for List of Attorneys for Defendants and Counterclaim-Plaintiffs Nanya Technology Corp. and Nanya Technology Corp. U.S.A.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

FUJITSU LIMITED and FUJITSU
MICROELECTRONICS AMERICA, INC.

         *Plaintiffs and*
         *Counterclaim-Defendants,*

vs.

NANYA TECHNOLOGY CORP. and NANYA
TECHNOLOGY CORP. U.S.A.

         *Defendants and*
         *Counterclaim-Plaintiffs.*

NANYA TECHNOLOGY CORP. and NANYA
TECHNOLOGY CORP. U.S.A.

         *Third-Party Plaintiff,*

vs.

KLA-TENCOR CORPORATION,

         *Third-Party Defendant.*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Action No. 4:06-06613 CW
Action No. 4:07-03672 CW

**DEFENDANTS' NOTICE OF
MOTION AND MOTION FOR
JUDGMENT ON THE PLEADINGS
TO DISMISS PLAINTIFFS'
SIXTEENTH CLAIM FOR
UNFAIR COMPETITION**

**Date:     July 3, 2008**
**Time:     2:00 p.m.**
**Location: Courtroom 2, 4th Floor**

**Honorable Claudia A. Wilken**

1     Nanya Technology Corp. and Nanya Technology Corp. U.S.A. (collectively "Nanya")

2   hereby provide notice that on July 3, 2008 at 2:00 p.m. in Courtroom 2, 4th Floor, before the

3   Honorable Claudia A. Wilken, Nanya will move the Court for an order dismissing the Sixteenth

4   Claim for Relief in Fujitsu Limited and Fujitsu Microelectronics of America, Inc.'s

5   (collectively "Fujitsu" or "Plaintiffs") First Amended Complaint ("Amended Complaint")

6   pursuant to Federal Rules of Civil Procedure 12(c) and 12(h)(2)(B).

7     This motion will be and is based on the accompanying memorandum of points and

8   authorities, the papers and pleadings already on file in this Court, and any other evidence or

9   arguments that may be presented through the hearing of the motion.

10

11  Dated:  May 29, 2008                    Respectfully Submitted,

12

13                                By:  /s/  Rex Hwang
                                     FLIESLER MEYER LLP
                                     Martin C. Fliesler (SBN 073768)
14                                   Rex Hwang (SBN 221079)
                                     Justas Geringson (SBN 240182)
15                                   650 California Street, 14th Floor
                                     San Francisco, CA 94108
16                                   Telephone:  (415) 362-3800
                                     Facsimile:  (415) 362-2928
17
                                     SHORE CHAN BRAGALONE LLP
18                                   Michael W. Shore (*Pro Hac Vice*)
                                     Alfonso Garcia Chan (*Pro Hac Vice*)
19                                   Jeffrey R. Bragalone *(Pro Hac Vice)*
                                     Joseph F. DePumpo *(Pro Hac Vice)*
20                                   Justin B. Kimble (*Pro Hac Vice*)
                                     Sherry L. Talton (*Pro Hac Vice*)
21                                   Rajkumar Vinnakota (*Pro Hac Vice*)
                                     325 N. St. Paul Street, Suite 4450
22                                   Dallas, TX 75201
                                     Telephone:  (214) 593-9110
23                                   Facsimile:  (214) 593-9111

24                                   **Attorneys for Defendants and
                                     Counterclaim-Plaintiffs Nanya**
25                                   **Technology Corp. and Nanya
                                     Technology Corp. U.S.A.**

26

27

28

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................. 1

II. BACKGROUND ................................................................................................ 2

III. ARGUMENTS AND AUTHORITIES .......................................................... 4

    A. MOTION FOR JUDGMENT ON THE PLEADINGS ............................................ 4

    B. FUJITSU LACKS ARTICLE III STANDING TO CONFER JURISDICTION ON THIS COURT .................................................................................................. 5

        1. Legal Standard For Article III Standing ........................................... 5

        2. State Law Statutes Cannot Confer Federal Court Standing ............ 5

        3. Fujitsu Lacks Standing Because It Cannot Demonstrate Injury In Fact ......... 6

        4. Fujitsu Lacks Standing Because it Cannot Demonstrate a Causal Connection ................................................................................. 8

        5. Fujitsu Cannot Demonstrate That The Remedy It Seeks Will Redress Its Injury .................................................................. 9

    C. IN THE ALTERNATIVE, FUJITSU FAILS TO STATE A CLAIM UNDER UCL SECTION 17200 ...................................................................................... 10

        1. The UCL Does Not Authorize The Remedy Fujitsu Seeks ........... 10

        2. Fujitsu Is Not Entitled To Restitution ........................................... 11

    D. IN THE ALTERNATIVE, NANYA IS PROTECTED BY CALIFORNIA'S LITIGATION PRIVILEGE ........................................................................... 14

        1. Legal Standard For Litigation Privilege for Motions to Dismiss ...... 14

        2. Fujitsu's Unfair Competition Claim is Grounded in the Allegations in the Guam Action ........................................... 15

IV. CONCLUSION .............................................................................................. 16

DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS TO DISMISS PLAINTIFFS' SIXTEENTH CLAIM
FOR UNFAIR COMPETITION
Action No. 06-6613CW

-ii-

# TABLE OF AUTHORITIES

**Federal Cases**

*Allen v. Wright*, 468 U.S. 737 (1984) ...........................................................................................9

*Austad v. United States*, 386 F.2d 147 (9th Cir. 1967) ................................................................4

*Brown v. Kennard*, 94 Cal. App. 4th 40 (2001) .........................................................................14

*City of Alameda v. FG Managing Member, Inc.*, No. C 04-04010 WHA,
2004 WL 2403848 (N.D. Cal. Oct. 26, 2004) ...........................................................................6

*City of Oakland v. Comcast Corp.*, No. C 06-5380 CW, 2007 WL 518868
(N.D. Cal. Feb. 14, 2007) .........................................................................................................9

*Clegg v. Cult Awareness Network*, 18 F.3d 752 (9th Cir. 1994) ..................................................4

*Duchek v. Jacobi*, 646 F.2d 415 (9th Cir. 1981) ..........................................................................6

*Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188 (9th Cir. 1989) ............................................4

*E. & J. Gallo Winery v. Andina Licores, S.A.*, No. CV F 05-0101 AWI LJO,
2006 WL 1817097 (E.D. Cal. June 30, 2006) ...............................................................14, 15, 16

*First Advantage Background Servs. Corp. v. Private Eyes, Inc.*, No. C 07-2424 SC,
2007 WL 2572191 (N.D. Cal. Sept. 5, 2007) ...........................................................................12

*Flast v. Cohen*, 392 U.S. 83 (1968) ..............................................................................................5

*Friends of the Earth, Inc. v. Laidlaw Environmental Servs.*, 528 U.S. 167 (2000) ......................6

*Groten v. California*, 251 F.3d 844 (9th Cir. 2001) ....................................................................14

*Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542 (9th Cir. 1990) ...............................4

*In re First Alliance Mortg. Co.*, 471 F.3d 977 (9th Cir. 2006) ...............................................9, 11

*In re Napster*, 354 F. Supp. 2d 1113 (N.D. Cal. 2005) .......................................................9, 10, 13

*In re Papst Licensing*, No. MDL 1298, 2000 WL 1673054 (E.D. La. Nov. 6, 2000) ..............7, 9

*Ironworkers Local Union No. 68 and Participating Employers*,
No. CV 07-5157 PSG (AGRx), 2008 WL 312309 (C.D. Cal. Jan. 22, 2008) ............................6

*Lieb v. Daly*, Nos. C 04-950 CW (PR), C 04-4213 CW (PR), 2008 WL 902110
(N.D. Cal. Mar. 31, 2008) .........................................................................................................4

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (U.S. 1992) .......................................................5, 8

*MAI Sys. Corp. v. UIPS*, 856 F.Supp. 538 (N.D. Cal. 1994) ......................................................7

*Miller v. Continental Airlines*, 260 F. Supp. 2d 931 (N.D. Cal. 2003) ........................................4

*Nat'l Rural Telecomms. Coop. v. DirecTV Inc.*, 319 F. Supp. 2d 1059
(C.D. Cal. May 22, 2003) .........................................................................................................11

*Ove v. Gwinn*, 264 F.3d 817 (9th Cir. 2001) ...........................................................4

*Rachford v. Airline Pilots Ass'n*, No. C 03-3618 PJH, 2006 WL 1699578
    (N.D. Cal. June 16, 2006)..........................................................................9, 10, 13

*Rosales v. Citibank, Fed. Sav. Bank*, 133 F. Supp. 2d 1177 (N.D. Cal. 2001) ..........10

*Scharringhausen v. U.S.*, No. 06CV2167 JLS (CAB), 2008 WL 686691
    (S.D. Cal. Mar. 13, 2008) .......................................................................................4

*Simon v. Eastern Kentucky Welfare Rights Org.,* 426 U.S. 26, 38 (1976)...................8

*Taylor v. Quall*, 458 F. Supp. 2d 1065, 1067 (C.D. Cal. 2006) ...........................14, 16

*U.S. v. Sequel Contractors*, 402 F. Supp. 2d 1142, 1156 (C.D. Cal. 2005) ..........11, 12

**State Cases**

*Kashani v. Tsann Kuen China Enterprise Co., Ltd.*, 118 Cal. App. 4th 531
    (Cal. Ct. App. 2004) .............................................................................................15

*Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937 (Cal. 2003) ...................9, 10, 11, 12

*Lewis & Queen v. N.M. Ball Sons*, 48 Cal.2d 141, 150, 308 P.2d 713 (1957)............15

*Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th 440, 455 (Cal. Ct. App. 2005) ..........11, 12

*Merlet v. Rizzo*, 64 Cal. App. 4th 53 (1988)...............................................................14

*O'Keefe v. Kompa*, 84 Cal. App. 4th 130 (2000) .......................................................14

*Silberg v. Anderson*, 50 Cal.3d 205, 212 (1990) .......................................................14

**Statutes**

Cal. Civ. Code § 47(b) ...........................................................................................13, 14

Cal. Civ. Code §1668 ...................................................................................................15

Cal. Bus. & Prof. Code § 17200 *et seq.* ...........................................................1, 5, 7, 10

Sherman and Clayton Acts, Title 15 of the United States Code ..................................15

**Rules**

FED. R. CIV. P. 12(c) ..................................................................................................3, 4

FED. R. CIV. P. 12(h)(2)(B)..........................................................................................4

**Miscellaneous**

Wright & Miller, FEDERAL PRACTICE & PROCEDURE §1357 ......................................14

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

## I.
## INTRODUCTION

In its Amended Complaint, Fujitsu alleges that Nanya unfairly competed with Fujitsu by disclosing unspecified confidential information that was disclosed by Fujitsu in ongoing licensing negotiations. Fujitsu's allegations are not supported in law and the Court should dismiss Fujitsu's Sixteenth Claim for Relief ("Unfair Competition Claim") under the California Unfair Competition Law, California Business and Professions Code § 17200 *et seq.*, ("UCL") for at least three independent reasons.

First, Fujitsu lacks Article III standing to assert its Unfair Competition Claim. The factual allegations in Fujitsu's pleadings fail to demonstrate: (1) an injury in fact: (2) causation between the alleged conduct and the injury; and (3) a likelihood that the damages sought can redress the injury complained of. Second, Fujitsu's Unfair Competition Claim fails to state a claim upon which the relief sought can be granted. Fujitsu seeks money damages, a form of the relief the UCL does not authorize. And third, the entire basis for Fujitsu's Unfair Competition Claim is the unspecified disclosures by Nanya in its antitrust lawsuit. Clearly, Fujitsu's Unfair Competition Claim is self-defeating because the complaint in Guam was part of a judicial proceeding; thus, any allegations contained therein are absolutely privileged and cannot form the basis of an unfair competition claim as a matter of law.

Furthermore, Fujitsu is precluded from supplementing its pleadings. The deadline to amend pleadings was February 2, 2007. Indeed, Fujitsu has represented to the Court that the pleadings for this case should not be amended.[1] Thus, Fujitsu's Unfair Competition Claim must stand or fall on the current pleadings. For these reasons and as detailed further below, Nanya respectfully requests the Court dismiss Fujitsu's Unfair Competition Claim.

---

[1] Pls.' Opp'n to Defs.' Mot. for Leave to Amend Answer [Docket No. 262]. As late as March 13, 2008 Fujitsu has not attempted to amend its pleadings to cure these defects and stated, "a scheduling order is not a frivolous piece of paper…" when opposing Nanya's request to amend its Answer. *Id.* at 1.

DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS TO DISMISS PLAINTIFFS' SIXTEENTH CLAIM
FOR UNFAIR COMPETITION
Action No. 06-06613CW

-1-

Since 1999, Nanya and Fujitsu have engaged in licensing discussions for patents and products related to computer memory chips, specifically Double Data Rate Synchronous Dynamic Random Access Memory ("DDR SDRAM"). In conjunction with these negotiations, Nanya and Fujitsu entered into a mutual Confidentiality Agreement on February 17, 2005 so that negotiations could continue in lieu of litigation.

On August 25, 2005, Fujitsu terminated the Confidentiality Agreement by filing a patent infringement action in Japan and asserting a single Japanese patent against various Nanya products discussed in the license negotiations. After filing the Japanese action, Fujitsu changed the nature of these ongoing negotiations by continually threatening to block Nanya's access to the Japanese market unless Nanya agreed to pay royalties to Fujitsu on a worldwide basis, including jurisdictions like the Peoples Republic of China, where Fujitsu holds no DDR SDRAM patent rights. After years of threats and coercive attempts by Fujitsu to intimidate Nanya into paying exorbitant licensing fees in excess of $1 billion (US), Nanya filed an Antitrust and Infringement Complaint against Fujitsu in the District Court of Guam ("Guam Action") on September 13, 2006. The Guam Action was part of an effort to force Fujitsu to negotiate a separate agreement for a patent license in Japan, where patent rights are broader and not subject to the strong invalidity and unenforceability attacks that render the Fujitsu's U.S. patents worthless.[2]

Without responding to the Guam Complaint, Fujitsu filed its Original, and subsequent Amended Complaint, in the Northern District of California alleging, *inter alia*, UCL claims for unfair competition.[3] After the Guam Action was transferred to this district, the Court consolidated Nanya's Antitrust and Infringement claims against Fujitsu into the present action to resolve the dispute over Fujitsu's improper and illegal patent licensing activities.[4]

---

[2] *See* Comp. for Declaratory Relief, Patent Infringement, and Antitrust Violations, Civil Case No. CV06-00025. (Guam Complaint). None of Fujitsu's U.S. patents have ever been enforced in a U.S. court, and no company pays Fujitsu royalties for use of those patents.
[3] Pls.' First Am. Compl., ¶ 93-94 [Docket No. 109].
[4] By Order, the Court consolidated the Guam action into the present 06-cv-06613 case. Order

DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS TO DISMISS PLAINTIFFS' SIXTEENTH CLAIM
FOR UNFAIR COMPETITION
Action No. 06-6613CW

-2-

Through conclusory allegations not grounded in law, Fujitsu attempts to attach its Unfair Competition Claim to the common allegations in its remaining state law claims.[5] The common averments Fujitsu alleges in its Amended Complaint concern a Confidentiality Agreement entered between the parties in furtherance of the license negotiations.[6] Fujitsu alleges that a Letter Agreement dated July 12, 2006 covered the confidentiality of similar information as in the Confidentiality Agreement that Fujitsu terminated.[7] Fujitsu then alleges two separate dates when it provided information to Nanya.[8] Further, Fujitsu contends that Nanya disclosed confidential information into the public record (*i.e.*, the filing of the Guam Action), that Nanya knew that the information disclosed was confidential, and that disclosure was prohibited under either the Confidentiality or Letter Agreements.[9]

Fujitsu never articulates how Nanya improperly induced Fujitsu to produce certain confidential information nor what confidential information was ultimately disclosed. More tellingly, Fujitsu does not articulate **how Nanya injured Fujitsu** by bringing to light **Fujitsu's illegal antitrust activities**. The Unfair Competition Claim merely alleges that Nanya engaged in unlawful, unfair, and/or deceptive practices in making material misrepresentations to Fujitsu concerning a possible license to Fujitsu's patents.[10] Fujitsu then contends that Nanya unfairly competed with it in violation of the UCL and has damaged Fujitsu by doing so;[11] thus, an award of damages for unfair competition is warranted.[12] Notwithstanding Fujitsu's conclusory assertions, the allegations have no legal basis under Article III of the United States Constitution and Rule 12(c).

---

Concerning Mot. to Consider Updated Case Management Statement (Docket Nos. 121, 125) and Consolidating Cases, at 2-3 [Docket No. 127].
[5] Pls.' First Am. Compl., ¶¶ 66-92 [Docket No. 109].
[6] *Id.* at ¶ 15.
[7] *Id.* at ¶ 16.
[8] *Id.* at ¶ 21.
[9] *Id.* at ¶¶ 22-23.
[10] *Id.* at ¶ 93.
[11] *Id.* at ¶ 94.
[12] *Id.* at Prayer for Relief ¶ C.

# III.
# ARGUMENTS AND AUTHORITIES

## A.    MOTION FOR JUDGMENT ON THE PLEADINGS

Federal Rule of Civil Procedure 12(h)(2)(B) provides that the defense of a failure to state a claim upon which relief can be granted may be raised by a motion under Rule 12(c).[13]  A Rule 12(c) motion for judgment on the pleadings "attacks the legal sufficiency of the claims alleged in the complaint."[14]  A Rule 12(c) motion for judgment on the pleadings may be filed after the pleading deadline but within such time as not to delay trial.[15]  In the present action, the pleading deadline was February 2, 2007.  Trial for this action has been set on July 13, 2009.  The present Motion will not delay trial.

"For purposes of a motion for judgment on the pleadings, all allegations of fact of the opposing party are accepted as true . . . . Only if it appears that, on the facts so admitted, the moving party is clearly entitled to prevail can the motion by granted."[16]  While factual allegations are taken as true and construed in the light most favorable to the non-moving party, "conclusory allegations of law and **unwarranted inferences** are insufficient to defeat a motion to dismiss."[17]  Courts recognize the liberal standards for notice pleading in the Federal Rules, but the standards are not so liberal as to allow purely conclusory statements to survive a motion to dismiss.[18]

Clearly, Fujitsu's conclusory allegations in its Unfair Competition Claim are insufficient

---

[13] FED. R. CIV. P. 12(h)(2)(B).
[14] *Scharringhausen v. U.S.*, No. 06CV2167 JLS (CAB), 2008 WL 686691, at *2 (S.D. Cal. Mar. 13, 2008).
[15] FED. R. CIV. P. 12(c).  A Rule 12(c) motion is functionally identical to a Rule 12(b)(6) and courts apply identical standards in deciding each.  *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989); *see also Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990); *Lieb v. Daly*, Nos. C 04-950 CW (PR), C 04-4213 CW (PR), 2008 WL 902110, at *2 (N.D. Cal. Mar. 31, 2008).   The principal difference between a 12(c) motion for judgment on the pleadings and a 12(b)(6) motion to dismiss is the time of filing.  *Dworkin*, 867 F.2d at 1192.  A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted must be filed before the pleadings close.  *Id.*
[16] *Austad v. United States*, 386 F.2d 147, 149 (9th Cir. 1967) (citations omitted).
[17] *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001) (citations omitted) (emphasis added).
[18] *Miller v. Continental Airlines*, 260 F. Supp. 2d 931, 935 (N.D. Cal. 2003); *see Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) ("[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged").

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS TO DISMISS PLAINTIFFS' SIXTEENTH CLAIM FOR UNFAIR COMPETITION
Action No. 06-6613CW

-4-

to confer Article III standing. Alternatively, where a complaint fails to present a viable claim for restitution or injunctive relief under the UCL, the complaint fails to state a claim upon which relief can be granted. In the second alternative, even assuming that Fujitsu pled its Unfair Competition Claim sufficiently, the entire basis for this claim is grounded in Nanya's filing of the Guam Action – a judicial proceeding that is protected by the litigation privilege. Thus, Fujitsu's UCL claim should be dismissed pursuant to Rule 12(c) for at least these three reasons.

**B.      FUJITSU LACKS ARTICLE III STANDING TO CONFER JURISDICTION ON THIS COURT**

**1.      Legal Standard For Article III Standing**

Courts have stated that Article III of the Constitution defines and limits a federal court's jurisdiction.[19]   Further, federal law requires a plaintiff to present a justiciable "case and controversy" to have standing in federal court.[20]   Standing is an "essential and unchanging part" of the case and controversy requirement of Article III.[21]  There is a presumption against federal court jurisdiction, and the burden establishing the contrary rests upon the asserting party.[22]  The "irreducible constitutional minimum" of federal court standing requires the plaintiff to demonstrate:

> (1)    it suffered an injury in fact – an invasion of a legally protected interest which is (a) sufficiently concrete and particularized, and (b) actual or imminent, not merely conjectural or hypothetical;
>
> (2)    a causal connection between the injury and the conduct complained of; and
>
> (3)    a likelihood, as opposed to merely speculation, that the injury will be redressed by a favorable decision.[23]

Fujitsu's Amended Complaint fails to make assertions sufficient to confer Article III standing for its Unfair Competition Claim.

**2.      State Law Statutes Cannot Confer Federal Court Standing**

Both Article III and the UCL require Fujitsu to show it suffered an injury in fact and that

---

[19] *Flast v. Cohen*, 392 U.S. 83, 96-101 (1968).
[20] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (U.S. 1992).
[21] *Id*. at 560.
[22] *Id*. at 561.
[23] *Id*. at 560-561.

the challenged conduct caused the alleged injury.[24] Although the standard for determining standing for both federal and state analysis of a UCL claim are similar, it is well established that no state statute can expand federal court jurisdiction.[25] Thus, it is only necessary to demonstrate that Fujitsu lacks federal Article III standing to dismiss with prejudice its Unfair Competition Claim.

### 3. Fujitsu Lacks Standing Because It Cannot Demonstrate Injury In Fact

Even if taken as true, the facts alleged in Fujitsu's Amended Complaint are insufficient to confer federal court standing for a UCL claim as a matter of law. Fujitsu cannot demonstrate an injury in fact. Article III standing requires a plaintiff to show it suffered "an invasion of a legally protected interest" that is sufficiently concrete and particularized, and actual or imminent, and not merely hypothetical or conjectural.[26]

Fujitsu contends in its Unfair Competition Claim that Nanya "engaged in unlawful, unfair and/or deceptive practices in making material misrepresentations to Plaintiffs concerning a possible settlement of patent infringement claims."[27] Fujitsu identifies a Confidentiality and Letter Agreement "concerning the confidentiality of documents and information in discussing a possible settlement of patent infringement claims."[28] Fujitsu also provides that the Agreements "state that the confidential documents and information provided by Fujitsu concerning a possible

---

[24] In November 2004, California residents voted to amend the standing provision of the UCL, section 17204, through Proposition 64. *See* Cal. Bus. & Prof. Code § 17204. As amended, section 17204 authorizes "any person who has suffered injury in fact and has lost money or property as the result of . . . unfair competition" to bring an action under section 17200 of the statute. *Id.* Proposition 64 limits standing under the UCL to parties that have "been injured in fact under the standing requirements of the United States Constitution." Cal. Prop. 64 § 1(e). And while the UCL explicitly provides that the plaintiff must show an injury in fact, courts have read the "as a result of" language to require a showing of causation. *Ironworkers Local Union No. 68 and Participating Employers*, No. CV 07-5157 PSG (AGRx), 2008 WL 312309, at *6 (C.D. Cal. Jan. 22, 2008).

[25] *See Duchek v. Jacobi*, 646 F.2d 415, 419 (9th Cir. 1981); *see also City of Alameda v. FG Managing Member, Inc.*, No. C 04-04010 WHA, 2004 WL 2403848, at *4 (N.D. Cal. Oct. 26, 2004).

[26] *Friends of the Earth, Inc. v. Laidlaw Environmental Servs (TOC), Inc.*, 528 U.S. 167, 180 (2000).

[27] Pl. First Am. Compl. ¶ 93 [Docket No. 109].

[28] *Id.* at ¶¶ 15-16. Fujitsu's characterization of the discussions directed at the "possible settlement of patent infringement claims" is certainly a self-serving one. The goal of the Confidentiality Agreement and ongoing licensing negotiations between the Parties to reach a ***mutually agreeable resolution*** to Fujitsu's *insistence* that Nanya allegedly infringed certain patents.

settlement of patent infringement claims shall not be disclosed to any third party."[29]

Fujitsu alleges that after the parties entered into the Agreements, on two specific dates, "Fujitsu provided confidential documents and information concerning a possible settlement of patent infringement claims."[30] However, Fujitsu never identifies what alleged material misrepresentations Nanya made, what confidential information was provided or how that information was designated by Fujitsu to be confidential under any agreement. Further, Fujitsu contends that Nanya "disclosed confidential information concerning a possible settlement of patent infringement claims in public record documents asserting *inter alia* declaratory judgment and antitrust claims."[31] Finally, Fujitsu alleges "that the information disclosed in the public record was confidential and that such public disclosure was prohibited under the Confidentiality Agreement and/or the Letter Agreement."[32] Again, Fujitsu points to no portion of the Guam Action supporting this allegation.

Fujitsu then vaguely concludes that Nanya "unfairly competed with Plaintiff in violation of Cal. Bus. & Prof. Code § 17200 et. seq. and damaged Plaintiffs by doing so."[33] Notwithstanding the fact that Fujitsu terminated the Confidentiality Agreement when it filed the Japanese lawsuit, ***it is unclear what injury Fujitsu is complaining of***. The general assertion that Fujitsu was damaged, with no factual support in its pleadings, is neither concrete nor actual. Rather, it is indeed conjectural. Courts require sufficient factual allegations to support the "distinct and palpable injury" required for a finding of standing under Article III.[34]

In *In re Papst Licensing*, a district court dismissed a party's UCL claim where the plaintiff brought a patent infringement claim.[35] The defendant filed a counterclaim alleging a UCL violation. The defendant merely claimed that the plaintiff's alleged conduct caused "substantial economic harm" without any specific factual allegations of the injury caused.[36] The

---

[29] Pl. First Am. Compl. ¶ 20 [Docket No. 109].
[30] *Id.* at ¶ 21.
[31] *Id.* at ¶ 22.
[32] *Id.* at ¶ 23.
[33] *Id.* at ¶¶ 93-94.
[34] *In re Papst Licensing*, No. MDL 1298, 2000 WL 1673054, at *4 (E.D. La. Nov. 6, 2000).
[35] *Id.* at *1.
[36] *Id*. at *4.

court stated that "beyond asserting the conclusory allegation of 'substantial economic harm,' the defendant has not alleged any specific facts supporting economic injury."[37]  In finding that the defendant did not have standing under Article III to assert a claim under the UCL, the court stated that the defendant's allegation was vague and conclusory.[38]

Similarly, Fujitsu pleads vague and conclusory allegations of damage.  For example, Fujitsu's pleading provides no concrete allegations regarding:

(1)    the substance or category of information that Fujitsu contends is  "confidential information" provided by Fujitsu as a result of Nanya's alleged "misrepresentations" and how that information was designated confidential;

(2)    the way in which Fujitsu was injured or "damaged;" or

(3)    any explanation of how Nanya's alleged disclosure could possibly cause the non-alleged "damage."[39]

These are not examples of the type of information that would be revealed through factual discovery from Nanya in the course of this litigation.  Only Fujitsu knows this information and the pleadings are silent to that respect. By failing to provide sufficient factual allegations (*because there are none*), Fujitsu asks this Court to speculate about what injury Fujitsu suffered.  Accordingly, the Unfair Competition Claim should be dismissed with prejudice because Fujitsu lacks standing under the injury in fact requirement for Article III.

### 4.    Fujitsu Lacks Standing Because it Cannot Demonstrate a Causal Connection

Even in the unlikely event that the Court finds that Fujitsu sustained an injury, the causal connection is too attenuated between Nanya's alleged disclosure of undesignated confidential information into the public record and Fujitsu's vague allegation of damage as set forth in its Amended Complaint.  The second element for Article III standing requires the plaintiff to show that the injury alleged is "fairly traceable" to the challenged conduct.[40]  Courts state that the plaintiff does not satisfy its burden of demonstrating causation when "speculative inferences are

---

[37] *Id*. at *2.
[38] *Id*. at *4 ; *See generally, MAI Sys. Corp. v. UIPS,* 856 F.Supp. 538, 542 (N.D. Cal. 1994)(Finding the plaintiff's convoluted theory of injury far too speculative to satisfy the injury requirement of Article III).
[39] Pl. First Am. Compl. ¶ 22, 94 [Docket No. 109].
[40] *Lujan*, 504 U.S. at 560.

necessary to connect the injury to the challenged actions."[41]

Fujitsu's Amended Complaint states that: (1) there was "confidential information" disclosed by Fujitsu to Nanya; (2) Nanya disclosed this "confidential information" into the public record by filing an anti-trust lawsuit in Guam; and (3) the disclosure caused Fujitsu "damage."[42] Fujitsu never defines what the confidential information was or how it was designated as such. Fujitsu never states what occurred as a result of the disclosure by Nanya. Such information is necessary to determine how Nanya's alleged disclosure of unspecified and undesignated information caused Fujitsu's alleged injury.

There must be some causal nexus between the challenged conduct and the alleged injury to confer standing.[43] By merely alleging "damage" without providing any factual allegations showing an injury as required by Article III (*i.e., the relevant confidential information*), Fujitsu asks the Court to infer facts to supplement the insufficient information in its pleadings.[44]–

Fujitsu's vague and conclusory allegations do not demonstrate an injury in fact that is fairly traceable to the challenged conduct. As such, Fujitsu fails to meet the requirements for the second required element of Article III standing, and the claim should be dismissed with prejudice.

### 5. <u>Fujitsu Cannot Demonstrate That The Remedy It Seeks Will Redress Its Injury</u>

Fujitsu lacks the requisite Article III standing to bring its Unfair Competition Claim because it is impossible for the Court to fashion a remedy to redress Fujitsu's alleged "damage." The UCL prevents the Court from awarding Fujitsu damages, the remedy that it seeks. Courts have clearly limited the UCL remedies to injunctive relief and restitution and have expressly precluded monetary damages.[45] The UCL was enacted as an equitable means through which an individual could bring suit to prevent unfair business practices and restore money and property

---

[41] *Simon v. Eastern Kentucky Welfare Rights Org.,* 426 U.S. 26, 45 (1976).
[42] *See* Pl. First Am. Compl. ¶¶ 21, 94.
[43] *Allen v. Wright*, 468 U.S. 737, 791-792 (1984).
[44] *In re Papst Licensing,* 2000 WL 1673054, at *4.
[45] *See In re Napster*, 354 F. Supp. 2d 1113, 1126 (N.D. Cal. 2005); *Rachford v. Airline Pilots Ass'n*, No. C 03-3618 PJH, 2006 WL 1699578, at *15 (N.D. Cal. June 16, 2006).

to the people wronged by such practices.[46]

The ground for this type of remedy is that "[a] person who has unjustly been enriched at the expense of another is required to make restitution to the other."[47] Fujitsu makes no factual allegations that Nanya benefited or was somehow unjustly enriched by the alleged conduct. Nor does Fujitsu specifically quantify its injury. Regardless which theory of harm Fujitsu undertakes in its pleadings, neither can be redressed by the UCL. Specifically, Fujitsu cannot show any interest arising out of the alleged disclosure of information sufficient to warrant restitution, and Fujitsu has not pled for that relief. The Court cannot create a remedy to redress Fujitsu's unidentified injury that is unsupported by the statute and never the subject of pleadings. Therefore, Fujitsu's Unfair Competition Claim fails the third constitutional limitation on standing and should be dismissed with prejudice.

## C. IN THE ALTERNATIVE, FUJITSU FAILS TO STATE A CLAIM UNDER UCL SECTION 17200

### 1. The UCL Does Not Authorize The Remedy Fujitsu Seeks

In the alternative and as prescribed by Rule 12(c), the Court should dismiss Fujitsu's Unfair Competition Claim. The UCL *does not* confer the type of remedy that Fujitsu seeks. Section 17203 of the UCL is equitable in nature and authorizes the court to "fashion remedies to prevent, deter, and compensate for unfair business practices."[48] Section 17203 provides that "[a]ny person who engages in unfair competition may be *enjoined* in any court of competent jurisdiction . . . [and t]he court may make such orders or judgments . . . as may be necessary *to restore* to any person in interest any money or property, real or personal, which may have been acquired by a means of such unfair competition."[49]

Under the UCL, plaintiffs may "combat unfair competition by seeking an injunction against unfair business practices. Actual direct victims of unfair competition may obtain

---

[46] *See In re First Alliance Mortg. Co.*, 471 F.3d 977, 997-998 (9th Cir. 2006); *see also Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 948 (Cal. 2003).

[47] *City of Oakland v. Comcast Corp.,* No. C 06-5380 CW, 2007 WL 518868, at *4 (N.D. Cal. Feb. 14, 2007).

[48] *Rosales v. Citibank, Fed. Sav. Bank*, 133 F. Supp. 2d 1177, 1182 (N.D. Cal. 2001) (quoting *Cortez v. Purolator Air Filtration Products Co.*, 999 P.2d 706 (Cal. Ct. App. 2000)).

[49] Cal. Bus. & Prof. Code § 17203. (emphasis added).

DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS TO DISMISS PLAINTIFFS' SIXTEENTH CLAIM
FOR UNFAIR COMPETITION
Action No. 06-6613CW

-10-

restitution as well."[50]  The Supreme Court of California interprets the statute to expressly limit the UCL remedies to injunctive relief and restitution.[51]  In interpreting the statute, courts have systematically excluded economic damages.[52]

The UCL provides an equitable means through which an individual can only bring suit to prevent unfair business practices (*e.g., injunctive relief*) and restore money and property to the people wronged by such practices (*e.g., restitution*).[53]  In *In re First Alliance*, a panel in the Ninth Circuit noted that the "overarching legislative concern was to provide a streamlined procedure for the prevention of ongoing or threatened acts of unfair competition.  Because of this objective, the remedies provided are limited."[54]

## 2.  Fujitsu Is Not Entitled To Restitution[55]

Restitution in the broad sense focuses on the defendant's unjust enrichment, rather than the plaintiff's loss.[56]  Restitution in the UCL context, however, means the return of money to those persons from whom it was taken or who had ownership interest in it.[57]  Restitution, as a remedy under the UCL, must be restorative in nature.  A UCL order for "restitution" is one "compelling a UCL defendant to return money obtained through an unfair business practice to those persons in interest from whom the property was taken, that is to persons who had an ownership interest in the property."[58]

In *US v. Sequel Contractors, Inc.*, a court in the Central District of California dismissed the defendant's UCL counterclaim for failure to state a claim because the facts alleged did not support a claim for restitution.[59]  The defendant counterclaimant alleged that the plaintiff caused

---

[50] *Korea Supply Co.*, 63 P.3d at 949.
[51] *See id.* at 937.
[52] *See In re Napster*, 354 F. Supp. 2d at 1126; *see also Rachford*, 2006 WL 1699578, at *15.
[53] *In re First Alliance Mortg. Co.*, 471 F.3d 977, 998 (9th Cir. 2006) (*quoting Korea Supply Co.*, 63 P.3d at 948.)
[54] *Id.*
[55] Fujitsu does not seek injunctive relief under the UCL.  *See* Pl. First Am. Compl. at Prayer for Relief ¶ C.
[56] *In re First Alliance Mortg. Co.*, 471 F.3d at 996. (quoting *Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th 440, 455 (Cal. Ct. App. 2005)).
[57] *Madrid* 130 Cal. App. 4th at 455; *see Korea Supply Co.*, 63 P.3d at 944.
[58] *Korea Supply Co.*, 63 P.3d at 944.
[59] *U.S. v. Sequel Contractors*, 402 F. Supp. 2d 1142, 1156 (C.D. Cal. 2005).

it to incur expenses and suffer a decline in the value of its business.[60] The defendant failed to

state a claim, however, because the defendant did not allege any facts to support a finding that it

had an ownership interest in property or funds in the plaintiff's possession.[61] The court noted

that the defendant sought the same monetary relief in its UCL claim that it sought in its breach

of contract and tort claims.[62] The court concluded that the defendant sought damages, not

restitution, and summarily dismissed the claim.[63]

In *Madrid*, the court dismissed the plaintiff's UCL claim for failure to state a claim when

the plaintiff failed to present a viable claim for restitution or injunctive relief, and failed to

propose any amendment that would cure the defect.[64] The plaintiff alleged that the defendant

provided confidential information about the administration of the California power market and

transmission grid to co-conspirators.[65] The co-conspirators used the information to "game" the

market and increase profits at the expense of the plaintiffs.[66] The plaintiffs sought the recovery

of damages, and other monetary, equitable and injunctive relief arising from the defendant's

alleged conduct.[67] The court found that, even assuming that the defendant "sold confidential

information, the plaintiff fail[ed] to show that such profit, received from third parties would

qualify as money taken from plaintiff or money in which the plaintiff had a vested ownership

interest, so as to be recoverable as restitution in this UCL action."[68]

In the present action, unlike the counterclaimant in *U.S. v. Sequel Contractors, Inc.*,

Fujitsu does not even attempt to quantify the damage alleged in its pleadings. Fujitsu's

allegations are ***wholly speculative***. Notwithstanding the speculative nature of its "supposed"

damages, Fujitsu makes no allegation of any vested ownership interest in any money or property

in Nanya's possession. Instead, Fujitsu's pleadings are seeking the same damages for its Unfair

---

[60] *Id.*
[61] *Id.*
[62] *Id. See Nat'l Rural Telecomms. Coop. v. DirecTV Inc.*, 319 F. Supp. 2d 1059, 1091 (C.D. Cal. May 22, 2003) (finding the plaintiff sought damages and not restitution, where the relief requested for the UCL violation was the same monetary recovery sought for tort claims).
[63] *Sequel Contractors*, 402 F. Supp. 2d at 1156.
[64] *See Madrid* 130 Cal. App. 4th at 467.
[65] *Id.* at 446.
[66] *Id.* at 447.
[67] *Id.* at 445.
[68] *Id.* at 456.

DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS TO DISMISS PLAINTIFFS' SIXTEENTH CLAIM
FOR UNFAIR COMPETITION
Action No. 06-6613CW

-12-

1  Competition Claim as its contract and tort claims.[69]  The courts have summarily rejected this

2  type of pleading.[70]

3      Furthermore, Fujitsu's Unfair Competition Claim is even less supportable than the UCL

4  claims that the court dismissed in *Madrid*.  Fujitsu's pleadings are silent to the issue whether

5  Nanya obtained any money from the alleged disclosure of confidential information into the

6  public record.  Fujitsu simply has no vested ownership interest as required by the UCL.  It is

7  impossible to imagine a set of facts that would support such a contention.  The claim arises from

8  the breakdown of licensing negotiations where Fujitsu filed ***a patent infringement action in***

9  ***Japan against Nanya***.  Fujitsu's pleadings cannot somehow be read to allege that it lost

10 potential licensing revenue from Nanya because that prospect evaporated ***when Fujitsu filed the***

11 ***Japanese suit first***.  As the court in *Madrid* made clear, even if Nanya would have "sold" or

12 somehow improperly used the allegedly confidential information, Fujitsu could not obtain the

13 relief it seeks through the UCL.  Fujitsu also never requested that the pleadings in Guam be

14 sealed and never raised the issue in the Guam action at all.  If Fujitsu had really believed that the

15 allegations in the Guam action were confidential or breached an agreement, it would have raised

16 that issue in Guam, which it did not.

17      Applying the UCL, courts have expressly excluded economic damages and

18 unequivocally limited the remedies to injunctive relief and restitution.[71]  On the face of its

19 Amended Complaint, Fujitsu appears to only seek economic damages.  Thus, even if the

20 allegations in the Amended Complaint are taken as true, these allegations are wholly insufficient

21 by law to warrant the unpled remedy of restitution under the UCL.  Accordingly, Fujitsu's

22 Unfair Competition should be dismissed with prejudice for failure to state a claim because the

23 circumstances alleged are not the type that warrant restitution.

24

25

---

[69] *See Sequel Contractors*, 402 F. Supp. 2d at 1156.

26 [70] *Id.*  The California legislature did not intend the UCL as an "all-purpose substitute for a tort or contract action."  *First Advantage Background Servs. Corp. v. Private Eyes, Inc.*, No. C 07-2424

27 SC, 2007 WL 2572191, at *5 (N.D. Cal. Sept. 5, 2007) (quoting *Korea Supply Co.*, 63 P.3d at 1150).

28 [71] *See In re Napster*, 354 F. Supp. 2d at 1126; *see also Rachford*, 2006 WL 1699578, at *15.

**D.** **IN THE ALTERNATIVE, NANYA IS PROTECTED BY CALIFORNIA'S LITIGATION PRIVILEGE**

**1.** **Legal Standard For Litigation Privilege for Motions to Dismiss**

In the alternative only, Nanya contends that Fujitsu's Unfair Competition Claim should be dismissed on the grounds of California's litigation privilege. The filing of the Guam Action and subsequent consolidation into this pending action are absolute privileged rights which cannot be subject to Fujitsu's Unfair Competition Claim.[72] Furthermore, the application of such a privilege is consistent with a Rule 12(c) dismissal where the defense is apparent on the face of the complaint.[73] In *Gallo*, the court observed that, "[h]owever it is pled, the litigation privilege is in the nature of an immunity that serves to bar certain claims *according to the type of claim, rather than according to the underlying facts of the claim.*"[74] In the present action, Fujitsu's Unfair Competition Claim is solely based on disclosure and alleged conduct relating to the filing of the Guam Action.[75] Thus, it is apparent on the face of Fujitsu's Amended Complaint the application for the litigation privilege defense is warranted.

California's litigation privilege provides that a privileged "publication or broadcast" is one "in any (1) legislative proceeding, (2) judicial proceeding, (3) any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law…"[76] The statute applies to any communication: (1) made in judicial or quasi-judicial proceedings, (2) by litigants or other participants authorized by law; (3) to achieve the objects of litigation; (4) which have some connection or logical relation to the action.[77]

---

[72] *See* Cal. Civ. Code § 47(b).

[73] *E. & J. Gallo Winery v. Andina Licores, S.A.*, No. CV F 05-0101 AWI LJO, 2006 WL 1817097, at *4 (E.D. Cal. June 30, 2006); *see also*, Wright & Miller, FEDERAL PRACTICE & PROCEDURE §1357 ("the complaint also is subject to dismissal under Rule 12(b)(6) when its allegations indicate the existence of an affirmative defense that will bar the award of any remedy; but for this to occur, the applicability of the defense has to be clearly indicated and must appear on the face of the pleading to be used as the basis for the motion"); *but see, Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001) (qualified immunity defense is a fact specific determination that could not be determined on the face of the pleadings).

[74] *E. & J. Gallo Winery*, 2006 WL 1817097, at *4. (emphasis added) (noting "that in this case the applicability of the litigation privilege is apparent from the face of [plaintiff's] complaint" and subsequently dismissing UCL claims).

[75] *See generally*, Pl. First Am. Compl., ¶ 93-94 [Docket No. 109].

[76] Cal. Civ. Code § 47(b).

[77] *See Silberg v. Anderson*, 50 Cal.3d 205, 212 (1990); *Brown v. Kennard*, 94 Cal. App. 4th 40, 45 (2001); *O'Keefe v. Kompa*, 84 Cal. App. 4th 130, 134 (2000); *Merlet v. Rizzo*, 64 Cal. App.

DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS TO DISMISS PLAINTIFFS' SIXTEENTH CLAIM
FOR UNFAIR COMPETITION
Action No. 06-6613CW

-14-

"The litigation privilege is 'absolute' in that it applies to "*all* publications, irrespective of their maliciousness."[78]  The "privilege 'promotes the effectiveness of judicial proceedings by encouraging attorneys to zealously protect their clients' interests….Thus, it places upon litigants the burden of exposing during trial the bias of witnesses and the falsity of evidence, *thereby enhancing the finality of judgments and avoiding an unending roundclay of litigation, and evil far worse than an occasional unfair result*.'"[79]

## 2. Fujitu's Unfair Competition Claim is Grounded in the Allegations in the Guam Action

In general, "[t]he litigation privilege is intended to encourage *parties* to feel free to exercise their fundamental right of resort to the courts for assistance in the resolution of their disputes, *without being chilled* from exercising this right by fear that they may subsequently be sued in a derivative tort action arising out of something said or done in the context of the litigation…."[80]

After years of ongoing licensing negotiations, coercive threats to pay illegal licensing fees on patents that Nanya does not infringe, patent misuse by attempting to license expired and/or license geographically unenforceable patents, and the filing of the Japanese Action, Nanya exercised its rights under the Antitrust laws of the United States and filed the Guam Action to bring into light Fujitsu's misconduct.[81]

Fujitsu would like this Court to believe that by allegedly disclosing unspecified information in the Guam Complaint, Nanya somehow engaged in unfair competition and violated the Confidentiality Agreement.  By using the Confidentiality Agreement as a shield to protect its illegal conduct, Fujitsu *is unequivocally attempting to "chill"* Nanya's right to claim violations of the Sherman and Clayton Antitrust Acts.  Such use of the Confidentiality

---

4th 53, 64-65 (1988).
[78] *Taylor v. Quall*, 458 F. Supp. 2d 1065, 1067 (C.D. Cal. 2006) (emphasis in original) (citations omitted).
[79] *Id.* (emphasis added) (citations omitted).
[80] *E. & J. Gallo Winery,* 2006 WL 1817097, at *4 (emphasis original and added) (internal citations omitted).
[81] *See generally*, Sherman and Clayton Acts, Title 15 of the United States Code.

1  Agreement is also prohibited under California statutes as a matter of law.[82]  More importantly,

2  the litigation privilege was exactly designed to prevent such conduct by Fujitsu.[83]

3      Nanya is clearly entitled to access the federal courts to prevent Fujitsu's illegal conduct

4  and the Guam Action proceedings were absolutely privileged as a matter of law.  Nanya's claims

5  in the Guam Action are logically related to the illegal antitrust activities Fujitsu undertook in the

6  ongoing licensing negotiations.  Thus, the actual filing of the Guam Action and the statements

7  made therein are covered under the litigation privilege.  Fujitsu's Unfair Competition Claim

8  should be dismissed with prejudice as a result.[84]

9

# IV.
## CONCLUSION

10

11      For the reasons set forth above, Nanya respectfully requests that Fujitsu's Sixteenth

12  Claim for Relief in its Amended Complaint be dismissed with prejudice because Fujitsu lacks

13  Article III standing to bring this claim.  In the alternative, Fujitsu's Sixteenth Claim for Relief in

14  its Amended Complaint should be dismissed with prejudice for failure to state a claim upon

15  which relief can be granted pursuant to Rule 12(c) because the law does not recognize the

16  remedy Fujitsu seeks as pled.  In the alternative, Fujitsu's Sixteenth Claim for Relief in its

17  Amended Complaint should be dismissed with prejudice for failure to state a claim because it is

18  barred by the litigation privilege.

19

20

21

22

23

24

25

26

27

28

---

[82] *See* Cal. Civ. Code §1668 ("all contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud, or willful injury to the person or property of another, or ***violation of law***, whether willful or negligent, are against the policy of the law") (emphasis added); *see, e.g., Kashani v. Tsann Kuen China Enterprise Co., Ltd.*, 118 Cal. App. 4th 531, 540 (Cal. Ct. App. 2004) ("California courts have stated that an illegal contract 'may not serve as the foundation of any action, either in law or in equity.'"); *Lewis & Queen v. N.M. Ball Sons*, 48 Cal.2d 141, 150 (1957) ("the courts generally will not enforce an illegal bargain or lend their assistance to a party who seeks compensation for an illegal act").
[83] *See Kashani*, 118 Cal. App. 4th at 540.
[84] *See E. & J. Gallo Winery,* 2006 WL 1817097, at *4 (dismissing under Rule 12(c) UCL claim based on litigation privilege); *Taylor,* 458 F. Supp. 2d at 1067 (dismissing under Rule 12(b)(6) UCL claim based on litigation privilege).

Dated:  May 29, 2008                    Respectfully Submitted,


                                        By:    /s/  Rex Hwang
                                        FLIESLER MEYER LLP
                                        Martin C. Fliesler (SBN 073768)
                                        Rex Hwang (SBN 221079)
                                        Justas Geringson (SBN 240182)
                                        650 California Street, 14th Floor
                                        San Francisco, CA 94108
                                        Telephone:  (415) 362-3800
                                        Facsimile:  (415) 362-2928

                                        SHORE CHAN BRAGALONE LLP
                                        Michael W. Shore (*Pro Hac Vice*)
                                        Alfonso Garcia Chan (*Pro Hac Vice*)
                                        Jeffrey R. Bragalone *(Pro Hac Vice)*
                                        Joseph F. DePumpo *(Pro Hac Vice)*
                                        Justin B. Kimble (*Pro Hac Vice*)
                                        Sherry L. Talton (*Pro Hac Vice*)
                                        Rajkumar Vinnakota (*Pro Hac Vice*)
                                        325 N. St. Paul Street, Suite 4450
                                        Dallas, TX 75201
                                        Telephone:  (214) 593-9110
                                        Facsimile:  (214) 593-9111

                                        Attorneys for Defendants and
                                        Counterclaim-Plaintiffs Nanya
                                        Technology Corp. and Nanya Technology
                                        Corp. U.S.A.